No. 24-13333-F

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NORTHFIELD INSURANCE COMPANY,

*Appellant,*

v.

NORTHBROOK INDUSTRIES, INC., and J.G.,

*Appellees.*

On Appeal from the United States District Court
for the Northern District of Georgia

Civil Action File Number 1:23-cv-03596-SEG

JOINT RESPONSE BRIEF UNDER FED. R. APP. P. 28(i)
FOR DEFENDANTS-APPELLEES
J.G. & NORTH BROOK INDUSTRIES, INC.

David H. Bouchard
FINCH McCRANIE, LLP
229 Peachtree St. NE,
Suite 2500
Atlanta, GA 30303
(404) 658-9070
david@finchmccranie.com

*Counsel for Appellee J.G.*

Christopher J. Daniels
BARNES & THORNBURG LLP
3340 Peachtree Rd. NE,
Suite 2900
Atlanta, GA 30326
(404) 264-4053
cdaniels@btlaw.com

*Counsel for Appellee
North Brook Industries, Inc.*

## CERTIFICATE OF INTERESTED PARTIES
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 and 26.1-2, Defendants-Appellees J.G. and North Brook Industries, Inc. provide the following Certificate of Interested Persons and Corporate Disclosure Statement:

1. Barnes & Thornburg LLP - counsel for Appellee Northbrook Industries, Inc.;

2. Bouchard, David - counsel for Appellee J.G.;

3. Daenecke, Alexis - counsel for Appellee Northbrook Industries, Inc.;

4. Daniels, Christopher - counsel for Appellee Northbrook Industries, Inc.;

5. Finch McCranie LLP - counsel for Appellee J.G.;

6. Freeman Mathis & Gary, LLP - counsel for Appellant;

7. Hendrix, Richard - counsel for Appellee J.G.;

8. Hon. Geraghty, Sarah - district court judge;

9. J.G. - Appellee;

10. Moye, John - counsel for Appellee Northbrook Industries, Inc.;

11.   Northbrook Industries, Inc. - Appellee;

12.   Tahir Shareef - co-owner of Appellee Northbrook Industries, Inc.;

13.   Harsimran Sabharwal - co-owner of Appellee Northbrook Industries, Inc.;

14.   Northfield Insurance Company - Appellant;

15.   Northland Insurance Company - parent company of Northfield Insurance Company;

16.   Savrin, Philip - counsel for Appellant;

17.   Slimmon, Rachael - counsel for Appellant;

18.   The Travelers Companies, Inc. (TRV) - parent company of Travelers Property Casualty Corp.;

19.   The Travelers Indemnity Company - parent company of Northland Insurance Company;

20.   Travelers Insurance Group Holdings Inc. - parent company of The Travelers Indemnity Company; and

21.   Travelers Property Casualty Corp. - parent company of Travelers Insurance Group Holdings Inc.

No other associations of persons, and no other firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellees J.G. and North Brook Industries, Inc. d/b/a United Inn & Suites (collectively "Appellees") respectfully state that oral argument is not necessary to decide this appeal. This appeal concerns the district court's order on Appellees' Motion to Dismiss Plaintiff-Appellant's Complaint for Declaratory Judgment. The issues on appeal may be decided through review of that Order, Plaintiff-Appellant's Complaint for Declaratory Judgment, the insurance policy it concerns, and the allegations in J.G.'s underlying lawsuit against North Brook Industries, Inc. d/b/a United Inn & Suites; oral argument is not necessary for resolution of this appeal. If the Court grants oral argument, however, Appellees respectfully request to participate.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND
     CORPORATE DISCLOSURE STATEMENT (CIP) .............. C-1

STATEMENT REGARDING ORAL ARGUMENT ............................. i

TABLE OF CITATIONS ........................................................ iv

STATEMENT OF JURISDICTION ......................................... 1

INTRODUCTION ................................................................... 1

STATEMENT OF THE ISSUES ............................................. 3

STANDARD OF REVIEW ..................................................... 4

STATEMENT OF THE CASE ............................................... 4

    I.   STATEMENT OF FACTS. ....................................... 4

    II.  COURSE OF PROCEEDINGS AND DISPOSITION
        BELOW. ............................................................. 7

SUMMARY OF ARGUMENT .............................................. 22

ARGUMENT ....................................................................... 27

    I.   The District Court Correctly Concluded that
        Northfield Has a Duty to Defend United Inn in
        the Underlying Action. ........................................ 27

    II.  The District Court Correctly Found that the
        Policies' Coverages A and B Plausibly Provide
        Coverage for the Underlying Action's Allegations;
        Which Renders Northfield's Allegations to the
        Contrary Implausible. ......................................... 33

a.  Whether the Underlying Action is Within the Scope of Coverage A is Not Properly Before the Court. .................... 34

b.  The District Court Correctly Concluded Northfield Failed to State a Claim for a Declaration that the Underlying Action is Outside the Scope of Coverage B. ....... 36

**III.  The District Court's Finding that Northfield Failed to Plausibly Allege that the Policy's Abuse or Molestation Exclusion and Assault or Battery Limitation Unambiguously Apply to J.G.'s Claims in the Underlying Action Should be Affirmed.** .................. 39

a.  The District Court Correctly Determined Northfield Failed to Plausibly Allege the Abuse or Molestation Exclusion Precludes Coverage under Coverage A or Coverage B Because Abuse or Molestation is Not the But-For Cause of J.G.'s Bodily Injury or False Imprisonment. ......................................................................... 40

b.  The District Court Correctly Determined that Northfield Failed to Plausibly Allege the Assault or Battery Limit Applies to J.G.'s Allegations Because Assault or Battery is Not the But-For Cause of J.G.'s Alleged Bodily Injuries ............................................................ 44

**CONCLUSION** ........................................................................ 47

**CERTIFICATE OF COMPLIANCE** ..................................... 49

**CERTIFICATE OF SERVICE** ............................................. 50

# TABLE OF CITATIONS

**Cases**

*Auto-Owners Ins. Co. v. Parks*,
    278 Ga. App. 444, 629 S.E.2d 118 (2006)............................................ 13

*Auto-Owners Ins. Co. v. Riley*,
    No. 1:20-cv-4917-AT, 2022 WL 838130 (N.D. Ga. Feb. 9, 2022) ....... 36

*Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    304 Ga. App. 314, 696 S.E.2d 326 (2010)................................. 11, 22, 38

*BBL-McCarthy, LLC v. Baldwin Paving Co.*,
    285 Ga. App. 494, 646 S.E.2d 682 (2007)..................................... 15, 22

*Blue Cross & Blue Shield of Georgia, Inc. v. Shirley*,
    305 Ga. App. 434, 699 S.E.2d 616 (2010)............................................ 14

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
    116 F.3d 1364 (11th Cir. 1997)....................................................... 8, 28

*Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*,
    511 F. Supp. 3d 1105 (D. Nev. 2021).................................................. 32

*Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*,
    631 F. Supp. 3d 1256 (N.D. Ga. 2022)................................................ 38

*Coca-Cola Sw. Beverages LLC v. Marten Transp., Ltd.*,
    No. 1:21-CV-4961-TWT, 2023 WL 5051353
    (N.D. Ga. Aug. 7, 2023) ..................................................................... 21

*Colony Ins. Co. v. Corrosion Control, Inc.*,
    187 F. App'x 918 (11th Cir. 2006) ..................................................... 38

*Elan Pharm. Rsch. Corp. v. Emp'rs Ins. of Wausau*,
  144 F.3d 1372 (11th Cir. 1998)....................................23, 29

*Evanston Ins. Co. v. Dillard House, Inc.*,
  No. 2:16-CV-249-RWS, 2017 WL 3498953
  (N.D. Ga. June 28, 2017) ........................................27, 32, 46

*Fleites v. Mindgeek S.A.R.I.*,
  617 F. Supp. 3d 1146 (C.D. Cal. 2022) ................................44

*Ga. Interlocal Risk Mgmt. Agency v. City of Sandy Springs*,
  337 Ga. App. 340, 788 S.E.2d 74 (2016)..............................16

*Gilbert v. S. Tr. Ins. Co.*,
  252 Ga. App. 109, 555 S.E.2d 69 (2001)..............................39

*Gilmour v. Gates, McDonald & Co.*,
  382 F.3d 1312 (11th Cir. 2004)........................................34

*Great Am. All. Ins. Co. v. Anderson*,
  847 F.3d 1327 (11th Cir. 2017)....................................11, 15

*Hays v. Ga. Farm Bureau Mut. Ins. Co.*,
  314 Ga. App. 110, 722 S.E.2d 923 (2012)............................16

*HDI-Gerling Am. Ins. Co. v. Morrison Homes, Inc.*,
  701 F.3d 662 (11th Cir. 2012)..........................................11

*Hoover v. Maxum Indem. Co.*,
  291 Ga. 402, 730 S.E.2d 413 (2012) ..............................12, 30

*Hopper v. Solvay Pharms., Inc.*,
  588 F.3d 1318 (11th Cir. 2009) .........................................4

*Houston Specialty Ins. Co. v. Five Paces Inn Co.*,
   No. 1:19-CV-03319-CAP, 2019 WL 9633224
   (N.D. Ga. Dec. 19, 2019) .........................................................23, 31, 40

*Houston Specialty Ins. Co. v. Five Paces Inn Co.*,
   823 F. App'x 897 (11th Cir. 2020) ..........................................15, 25, 41

*Huls v. Llabona*,
   437 F. App'x 830 (11th Cir. 2011) .......................................................34

*Langdale Co. v. Nat'l Union Fire Ins. Co.*,
   609 F. App'x 578 (11th Cir. 2015) .................................................16, 40

*Liberty Corp. Cap., Ltd. v. First Metro. Baptist Church*,
   No. CV420-179, 2021 U.S. Dist. LEXIS 173411 (S.D. Ga. Sep. 13,
   2021) ..................................................................................................19

*Main St. Am. Assurance Co. v. DRW Properties, LLC*,
   No. 3:21-CV-00074 (JCH), 2021 WL 5988631
   (D. Conn. Dec. 16, 2021) ....................................................................32

*Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, Inc.*,
   No. 1:21-CV-2474-TWT, 2022 WL 1135013
   (N.D. Ga. Apr. 18, 2022) .............................................................27, 45

*Mid-Continent Cas. Co. v. Gozzo Dev., Inc.*,
   No. 17-CV-80362, 2017 WL 3578846 (S.D. Fla. July 19, 2017) .........32

*Milliken & Co. v. Ga. Power Co.*,
   354 Ga. App. 98, 839 S.E.2d 306 (2020)......................................27, 47

*Nat'l Cas. Co. v. Pickens*,
    582 F. App'x 839 (11th Cir. 2014) ...................................... 11, 30

*Nat'l Tr. Ins. Co. v. Finishing Dynamics, LLC*,
    No. 1:18-CV-0351-AT, 2018 WL 8949791
    (N.D. Ga. Sept. 18, 2018) ........................................................ 31

*Nationwide Prop. & Cas. Ins. Co. v. Sewell Vault & Monument, Inc.*,
    No. 3:11-CV-92-TCB, 2012 WL 13028694
    (N.D. Ga. Feb. 13, 2012) ........................................................ 38

*Nuvell Nat. Auto Fin., LLC v. Monroe Guar. Ins. Co.*,
    319 Ga. App. 400, 736 S.E.2d 463 (2012) ............................ 12

*Occidental Fire & Cas. Co. of N. Carolina v. Soczynski*,
    No. CIV. 11-2412 JRT/JSM, 2013 WL 101877
    (D. Minn. Jan. 8, 2013) .................................................... 13, 37

*Occidental Fire & Cas. Co. v. Soczynski*,
    765 F.3d 931 (8th Cir. 2014) ........................................... 13, 37

*Ricchio v. Bijal, Inc.*,
    424 F. Supp. 3d 182 (D. Mass. 2019) .................................... 42

*S. Tr. Ins. Co. v. Mountain Express Oil Co.*,
    351 Ga. App. 117, 828 S.E.2d 455 (2019) ....................... 10, 29

*SCI Liquidating Corp. v. Hartford Fire Ins. Co.*,
    181 F.3d 1210 (11th Cir. 1999) ............................................. 15

*Scott v. Gov't Emples. Ins. Co.*,
    305 Ga. App. 153, 700 S.E.2d 198 (2010) ....................... 11, 38

*Shafe v. Am. States Ins. Co.,*
   288 Ga. App. 315, 653 S.E.2d 870 (2007)............................................. 10

*St. Paul Mercury Ins. Co. v. F.D.I.C.,*
   774 F.3d 702 (11th Cir. 2014)............................................................. 14

*Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc.,*
   No. 20-cv-3172 (PKC), 2021 WL 2457107
   (S.D.N.Y June 6, 2021) .............................................................. 40, 42

*Tannenbaum v. United States,*
   148 F.3d 1262 (11th Cir. 1998)........................................................... 45

*United States v. Alvarez,*
   601 F. App'x 16 (2d Cir. 2015) ............................................................ 6

*United States v. Blake,*
   868 F.3d 960 (11th Cir. 2017)........................................................ 18, 44

*United States v. Collier,*
   932 F.3d 1067 (8th Cir. 2019) ............................................................. 6

*United States v. Maynes,*
   880 F.3d 110 (4th Cir. 2018)................................................................ 6

*United States v. Mozie,*
   752 F.3d 1271 (11th Cir. 2014)....................................................... 18, 44

*United States v. Robinson,*
   993 F.3d 839 (10th Cir. 2021)............................................................. 7

*United States v. Strevell,*
   185 F. App'x 841 (11th Cir. 2006) ....................................................... 6

*York Ins. Co. v. Williams Seafood of Albany, Inc.,*
   273 Ga. 710, 544 S.E.2d 156 (2001) .....................................39

**Statutes**

§ 1591(a).................................................................................7

18 U.S.C. § 1591...................................................................5, 6

18 U.S.C. § 1591(a)(1)............................................................6

18 U.S.C. § 1591(a)(1), (a)(2) ...............................................5

18 U.S.C. § 1595(a) ................................................................4

28 U.S.C. § 2201.....................................................................7

O.C.G.A. § 13-2-2(4).........................................................27, 46

**Rules**

FED. R. CIV. P. 12(b)(6)...............................................4, 8, 28, 30

FED. R. CIV. P. 15(a) .............................................................34

Federal Rule of Appellate Procedure 28(i) .............................22

## STATEMENT OF JURISDICTION

Appellees agree with Appellant's "Statement of Subject Matter and Appellate Jurisdiction."

## INTRODUCTION

This matter stems from Defendant-Appellee J.G.'s ("J.G.") lawsuit alleging that she was sex trafficked at the hotel owned and operated by Defendant-Appellee North Brook Industries, Inc. d/b/a/ United Inn & Suites ("United Inn," and, collectively with J.G., "Appellees").[1]  United Inn properly noticed its insurer, Plaintiff-Appellant Northfield Insurance Company ("Northfield") of J.G.'s claim pursuant to its Commercial General Liability Policy.  Northfield filed a declaratory judgment action against its insured, United Inn, claiming that it had no obligation to defend and indemnify its insured for the claim.  United Inn and J.G. moved to dismiss under Rule 12(b)(6).  The district court partially granted that motion, and dismissed Northfield's claim that it did not owe United Inn

---

[1] The arguments presented herein should not be construed as an admission by United Inn of liability in the Underlying Action.  United Inn reserves all rights, arguments, and defenses it has with respect to the Underlying Action.  This appeal solely concerns allegations made in the complaint in the Underlying Action and the subject insurance policy.

a duty to defend in the Underlying Action. Northfield's objection to the district court's order is the subject of the instant appeal.

United Inn and J.G. jointly submit this brief in response to Northfield's opening appeal brief under Federal Rule of Appellate Procedure 28(i) and request that the Court affirm the district court's order because it is procedurally and legally sound. In its order, the district court analyzed the terms of the subject insurance contract, and the allegations in J.G.'s complaint against United Inn. After doing so, the court followed Georgia insurance law—which provides that insurance policies are to be "liberally construed in favor of coverage," and exclusions and limits "must be strictly construed"—and refused Northfield's requested relief (*i.e.*, a declaration saying it did not owe United Inn a duty to defend). Because J.G.'s allegations are "potentially" covered by the subject policy—which is the standard under Georgia law—and no exclusions or limitations unambiguously preclude coverage based on the facts alleged, the court (rightly) held that Northfield has a duty to defend under Georgia law. Further, the court correctly found that whether Northfield has a duty to indemnify United Inn is not yet ripe, because J.G.'s allegations remain disputed and trial is forthcoming in the Underlying Action.

# STATEMENT OF THE ISSUES

I.     Whether the district court correctly ruled, in response to Appellees' motion to dismiss Northfield's Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 12(b)(6), that Northfield has a duty to defend United Inn in the Underlying Action because Northfield failed to state a claim that it has no duty to defend United Inn in the Underlying Action.

II.     Whether the district court correctly determined that, based on the policy language, the allegations in the Underlying Action, and Georgia law governing interpretation of insurance policies and contracts, Northfield failed to plausibly state a claim for declarations that (a) the Underlying Action falls outside coverage under the policy's Coverage B, (b) the policy's Abuse or Molestation exclusion bars coverage for the Underlying Action, and (c) the Policy's Assault or Battery exclusion limits coverage for the Underlying Action.[2]

---

[2] Northfield states that one of the issues on appeal is, "[w]hether, in the context of deciding a motion to dismiss on a duty to defend, the district court erred in affirmatively declaring that a sub-limit for assault and battery would not apply to Northfield's duty to indemnify?" (Appellant's Br., at 10-11). But Northfield does not address that issue in its argument, and the district court made no finding with respect to Northfield's duty to indemnify. To the contrary, the district court held that "Northfield's

## STANDARD OF REVIEW

The Court reviews "*de novo* the grant of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon with relief can be granted." *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009).

## STATEMENT OF THE CASE

### I.  STATEMENT OF FACTS.

On December 28, 2020, Defendant-Appellee J.G. ("**J.G.**") sued Defendant-Appellee Northbrook Industries, Inc. d/b/a United Inn & Suites ("**United Inn**") in the U.S. District Court for the Northern District of Georgia. *J.G. v. Northbrook Industries, Inc. d / b / a United Inn and Suites*, Case No. 1:20-cv-05233-SEG, N.D. Ga., Doc. 1-1.[3]  In the lawsuit, J.G. alleges that United Inn is liable for violation of 18 U.S.C. § 1595(a)

---

claims are not ripe as they relate to the duty to indemnify." (Order at 30, Doc. 28).  The district court "exercise[d] its discretion to stay consideration of Northfield's duty to indemnify until resolution of the Underlying Action." (*Id.* at 32).  Therefore, Northfield's Statement of the Issues ¶ B is not properly before the Court.

[3] J.G.'s lawsuit against United Inn is referred to as the "Underlying Action", because it gave rise to the declaratory judgment action filed by United Inn's insurance company, Northfield Insurance Company, which is the subject of this appeal.

(Trafficking Victims Protection Reauthorization Act, or "TVPRA") and Georgia negligence law because J.G. was sex trafficked at United Inn for weeks in 2018 and 2019 at the age of 16 in violation of 18 U.S.C. § 1591. (*Id.* at ¶¶ 1,8, 17, 20, 22, 28). More particularly, J.G. alleges that her traffickers held her in rooms at the United Inn, and that dozens of men visited those rooms to purchase drugs from the traffickers and to purchase sex with J.G. and other girls kept in the rooms by the traffickers. (*Id.* ¶¶ 17, 20-22, 24-25, 28). J.G. contends that she exhibited visible signs of trafficking and false imprisonment: "physical deterioration; poor hygiene, fatigue, sleep deprivation, [and] injuries," to name a few. (*Id.* ¶ 23). The traffickers carried weapons, and stored guns, drugs, and other paraphernalia, in the rooms where they held J.G. (*Id.* ¶¶ 20, 26).

In her complaint, J.G. alleges that minor sex trafficking includes more than commercial sex acts; it also "includes recruiting, enticing, harboring, transporting, obtaining, maintaining, patronizing, or soliciting a person for a commercial sex act who is under the age of 18" while knowing they "will be caused to engage in a commercial sex act." (*Id.* at ¶ 18 (citing 18 U.S.C. § 1591(a)(1), (a)(2)).) J.G. alleges that she was trafficked at United Inn *both* when she performed commercial sex acts with sex buyers

*and* through non-sexual conduct before, after, and in-between commercial sex acts at United Inn—e.g., when her traffickers "harbored" her at United Inn knowing she would perform commercial sex acts as a 16-year-old. (*Id.* ¶¶ 21, 22, 25 (alleging performance of commercial sex acts at United Inn); ¶¶ 17, 20, 21, 22, 23, 25, 26, 27, 28, 29, 31, 32, 34, 35, 39, 40 (alleging that she was harbored, transported, obtained, maintained, patronized, and solicited for commercial sex at United Inn as a 16-year-old).)[4]   In sum: J.G. alleges that 18 U.S.C. § 1591 prohibits more than just commercial sex with minors; it also prohibits certain acts related to minor commercial sex.[5]

---

[4] **Harbored** (*Id.* at ¶¶ 17, 20, 21, 22, 23, 25, 26, 27, 28, 29, 31, 32, 34, 35, 39, 40), **transported** (¶¶ 20, 23, 31), **obtained** (¶¶ 21, 22, 32), **maintained** (¶¶ 17, 20, 21, 22, 23, 25, 26, 27, 28, 29, 31, 32, 34, 35, 39, 40), **patronized** (¶¶ 21, 22, 25, 30), and **solicited** (¶¶ 21, 22, 25).

[5] Caselaw establishes that performance of a commercial sex act is not a prerequisite to criminal minor sex trafficking. *See, e.g.*, *United States v. Strevell*, 185 F. App'x 841, 844 (11th Cir. 2006) (affirming conviction for minor sex trafficking under 18 U.S.C. § 1591(a)(1) where defendant "attempted" to get on airplane headed to Costa Rica to have commercial sex with minor, but never met the minor or engaged in commercial sex with her); *United States v. Alvarez*, 601 F. App'x 16, 18 (2d Cir. 2015) (finding that because § 1591 employs "the future tense," "the [sex act] itself is not an element of the offense"); *see also United States v. Maynes*, 880 F.3d 110, 114 (4th Cir. 2018) ("the crime is complete when the defendant recruits, entices, harbors, etc. the victim with knowledge that the prohibited means will be used in the future to cause them to engage in

## II. COURSE OF PROCEEDINGS AND DISPOSITION BELOW.

On August 14, 2023, United Inn's insurer—Plaintiff-Appellant Northfield Insurance Company ("**Northfield**")—filed a Complaint for Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.[6] *Northfield Insurance Company v. Northbrook Industries, Inc. d/b/a United Inn and Suites, and J.G.*, Case No. 1:23-cv-03596-SEG, N.D.Ga., Doc. 1. Northfield brought the action "to determine its coverage obligations" in the lawsuit filed by J.G. against United Inn. (*Id.* ¶ 1). Specifically, Northfield sought "a declaration that it does not owe coverage to [United Inn] for the claims asserted by J.G. in the [Underlying Action]." (*Id.* ¶ 42).

---

commercial sex acts."); *United States v. Collier*, 932 F.3d 1067, 1079 (8th Cir. 2019) ("As the statute requires knowing only that a person 'will be caused to engage in a commercial sex act' at some point in the future, the fact the victim never actually engaged in commercial sex is irrelevant."); *United States v. Robinson*, 993 F.3d 839, 843 (10th Cir. 2021) (Defendant's communications via online dating website with minor were sufficient to convict for attempted sex trafficking of minor under § 1591(a)).

[6] The Declaratory Judgment Act provides in relevant part that in "a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

Northfield sought declarations with respect to three issues: (1) That J.G.'s claims do not constitute Personal and Advertising Injury under Coverage B, (*id.* at 9), (2) That the Abuse or Molestation Exclusion bars coverage, (*id.* at 10), and (3) That the Assault and Battery Endorsement applies, (*id.* at 10). Northfield attached to its Complaint J.G.'s lawsuit against United Inn, and Northfield's insurance policy during the relevant period with United Inn. (*Id.* ¶¶ 8, 15).[7]

On September 26, 2023, United Inn moved to dismiss Northfield's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). J.G. adopted United Inn's motion. (Doc. 9). Among other things, Appellees argued that relevant caselaw establishes that "Coverage B," which provides coverage for injuries resulting from "false imprisonment" "on behalf of" United Inn, applies to J.G.'s allegations in the Underlying Action. (Doc. 7-1 at 2). Further, Appellees argued that the Abuse or Molestation and Assault or Battery endorsements do not apply, and do not preclude

---

[7] "[W]here plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

coverage, because J.G. alleges that she suffered covered injuries outside the scope of those exclusions and limits—*i.e.*, that she suffered injury by conduct other than abuse, molestation, assault, or battery. (*Id.*) Finally, Appellees contended that the question of Northfield's duty to indemnify was not yet ripe. (*Id.*) Northfield responded in opposition. (Docs. 13, 14). United Inn replied, (Doc. 21), which J.G. adopted, (Doc. 22), and Northfield filed a sur-reply. (Doc. 27).

On September 16, 2024, the district court entered an order finding: "Northfield has a duty to defend United Inn in the Underlying Action, but that a determination as to Northfield's duty to indemnify is not ripe until final judgment is entered in the Underlying Action." (Doc. 28 at 2). The court dismissed Northfield's claims "to the extent" Northfield "seek[s] a declaration that Northfield owes no duty to defend in the Underlying Action." (*Id.* at 32). The court stayed the remainder of the case "pending resolution of the Underlying Action." (*Id.*).

In its order, the court summarized the dispute as follows: "Northfield asserted three claims for declaratory relief: (1) J.G. does not allege 'personal and advertising injury' under Coverage B; (2) the Abuse or Molestation Endorsement excludes coverage under Coverage A and

Coverage B; and (3) the exclusions in the Assault or Battery Endorsement apply to J.G.'s claims." (*Id.* at 9-10).  In response, United Inn and J.G. moved to dismiss Northfield's claims, "arguing that (1) Northfield fails to state a claim for declaratory relief as to its duty to defend, and (2) Northfield's request for declaratory relief as to its duty to indemnify is not ripe for adjudication." (*Id.* at 10).

The court began its analysis with an overview of the "relevant principles of Georgia insurance law." (*Id.*).  First and foremost, under Georgia insurance law the duty to defend and duty to indemnify are "discrete obligations." (*Id.*) (quoting *S. Tr. Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117, 121, 828 S.E.2d 455, 458 (2019).).  "The duty to defend arises where the claims as alleged in the complaint *potentially* fall within the policy coverage," (Doc. 28 at 10 (quoting *Mountain Express*, 351 Ga. App. at 121, 828 S.E.2d at 458) (emphasis added)), "whereas the duty to indemnify arises when, or if, liability is ultimately imposed on the insured," (Doc. 28 at 10 citing *Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317, 653 S.E.2d 870, 873 (2007).)  "An insurer's duty to defend is therefore 'broader than its duty to indemnify.'" (Doc. 28 at 10 (quoting *Shafe*, 288 Ga. App. at 317, 653 S.E.2d at 873).)  The court also noted that

under Georgia law, "'[a]n insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured.'" (Doc. 28 at 10-11 (quoting *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 841 (11th Cir. 2014).). "[T]he issue is not whether the insured is *actually liable* to the plaintiffs in the underlying action; the issue is whether a claim has been asserted which falls within the policy coverage and which the insurer has a duty to defend." (Doc. 28 at 11 (quoting *HDI-Gerling Am. Ins. Co. v. Morrison Homes, Inc.*, 701 F.3d 662, 666 (11th Cir. 2012).) "If the facts as alleged in the complaint *even arguably* bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." (Doc. 28 at 12) (quoting *Scott v. Gov't Emples. Ins. Co.*, 305 Ga. App. 153, 155, 700 S.E.2d 198, 201 (2010) (emphasis supplied by district court).) Additionally, the court explained that in the duty to defend analysis, "the terms of the insurance policy are 'liberally construed in favor of coverage.'" (Doc. 28 at 11 (*Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 304 Ga. App. 314, 320-21, 696 S.E.2d 326, 331-32 (2010).) By contrast, policy exclusions "must be strictly construed." (Doc. 28 at 12 (*Great Am. All. Ins. Co. v. Anderson*, 847 F.3d 1327, 1332 (11th Cir. 2017).)

With those background principles on Georgia insurance law in mind, the court turned to the duty to defend analysis. The court explained that it undertook a "two-step inquiry" in its duty to defend inquiry. "First, a determination of coverage according to the general insurance agreement and, second, a decision regarding whether an exclusion applies to negate coverage." (Doc. 28 at 12-13 (citing *Nuvell Nat. Auto Fin., LLC v. Monroe Guar. Ins. Co.*, 319 Ga. App. 400, 405, 736 S.E.2d 463, 468 (2012).) The court (correctly) compared the allegations in J.G.'s complaint against United Inn with the terms of the insurance contract between United Inn and Northfield. *See, e.g.*, *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407-08, 730 S.E.2d 413, 418 (2012) ("The trial court properly recognized that whether an insurer has a duty to defend depends on the language of the policy as compared with the allegations of the complaint."). It concluded that J.G.'s claims in the Underlying Action are covered under both Coverage A (Bodily Injury Liability) and Coverage B (Personal and Advertising Injury Liability). (Doc. 28 at 13).

As to Coverage A, the court noted that Northfield's Declaratory Judgment complaint "does not allege that J.G.'s claims fall outside the scope of Coverage A, and it seeks no declaration as to the same." (*Id.* at

13). Regardless, the court found that "J.G.'s underlying complaint alleges bodily injuries that fall within the scope of Coverage A." (*Id.* at 15).

As to Coverage B—which includes injuries resulting from "false imprisonment" "on behalf of" United Inn—the court found that "[i]t is undisputed that J.G. alleges injuries that were caused by false imprisonment at the United Inn[.]" (*Id.* at 15). The dispute is "whether J.G.'s alleged false imprisonment was 'committed by or on behalf of' [United Inn]." (*Id.* at 16). Because the insurance policy does not define the phrase "on behalf of," the court looked to the phrase's "usual and common meaning" in "common dictionaries." (*Id.* at 17 (quoting *Auto-Owners Ins. Co. v. Parks*, 278 Ga. App. 444, 446, 629 S.E.2d 118, 121 (2006).). After canvassing dictionary definitions, the court found that "the phrase 'on behalf of' may describe (a) an agency/representative relationship *or* (b) a circumstance in which one acts in the interest of another." (Doc. 28 at 18 (citing *Occidental Fire & Cas. Co. of N. Carolina v. Soczynski*, No. CIV. 11-2412 JRT/JSM, 2013 WL 101877, at *12 (D. Minn. Jan. 8, 2013), *aff'd sub nom. Occidental Fire & Cas. Co. v. Soczynski*, 765 F.3d 931 (8th Cir. 2014) ("[N]umerous courts from other jurisdictions have concluded that 'on behalf of,' when used in various contexts, is not strictly limited to the

concept of agency, but unambiguously means in the interest of, as a representative of, or for the benefit of.") (collecting cases).) As the court observed, "there are no allegations that J.G.'s traffickers acted as [United Inn]'s agents or representatives," but "there certainly are allegations that the traffickers acted in [United Inn]'s interest and for [United Inn]'s benefit." (Doc 28 at 18). Among other things, J.G. alleged that United Inn financially benefited from her trafficking and assisted her traffickers in operating the trafficking enterprise. (*Id.* at 18-19). Therefore, the court concluded, after "[c]onstruing the policy liberally in favor of coverage," that it is "at least arguable" that "J.G. was falsely imprisoned 'on behalf of'" United Inn. (*Id.* at 19). For those reasons, the court held that Northfield had a duty to defend under Coverage A and Coverage B.[8]

---

[8] As noted later, the question is not whether any dictionaries support Plaintiff-Appellant's position. It's whether any dictionaries support Defendant-Appellee's position. If so, then there is ambiguity in the insurance policy, and that ambiguity must be construed in favor of coverage for the insured. *Blue Cross & Blue Shield of Georgia, Inc. v. Shirley*, 305 Ga. App. 434, 437, 699 S.E.2d 616, 619 (2010) ("[W]hen a provision in a policy is susceptible to more than one meaning, even if each meaning is logical and reasonable, that provision is ambiguous."); *St. Paul Mercury Ins. Co. v. F.D.I.C.*, 774 F.3d 702, 709 (11th Cir. 2014) ("There is a low threshold for establishing ambiguity in an insurance policy."); Doc. 28 at 11 (*Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 304 Ga. App. 314, 320-21, 696 S.E.2d 326, 331–32 (2010) (policy terms are to be "'liberally construed in favor of coverage.'").)

Having concluded that J.G.'s allegations in the Underlying Action potentially fall within Coverage A and/or B, the court turned to whether "J.G.'s claims are subject to any exclusion or limitation to coverage." (*Id.* at 19).[9] The court considered (1) the Abuse or Molestation Endorsement, and (2) the Assault or Battery Endorsement. (Doc. 28 at 19-20).

As to the Abuse or Molestation Endorsement, the court identified that "[t]he disputed issue here is whether Insurer Northfield has shown that J.G.'s injuries ***all*** 'aris[e] out of' alleged acts of abuse or molestation." (Doc. 28 at 20) (emphasis added). When the "phrase 'arising out of'" is used in an "exclusionary clause of an insurance policy," it is interpreted "narrowly," using the "'but for' test traditionally used to determine cause-in-fact for tort claims." (Doc. 28 at 20 (quoting *Houston Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F. App'x 897, 899 (11th Cir. 2020).) That is, "[c]laims arise out of excluded conduct when 'but for' that conduct, there

---

[9] As noted, under Georgia law policy exclusions "must be strictly construed." *Great Am. All. Ins. Co. v. Anderson*, 847 F.3d 1327, 1332 (11th Cir. 2017) (applying Georgia law). A policy exclusion will not relieve an insurer of its duty to defend unless the provision "unambiguously exclude[s] coverage." *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494, 497-98 646 S.E.2d 682, 685 (2007). Ambiguities in the terms of the insurance contract must be resolved in favor of the insured. *SCI Liquidating Corp. v. Hartford Fire Ins. Co.*, 181 F.3d 1210, 1214 (11th Cir. 1999) (applying Georgia law).

could be no claim against the insured." (Doc. 28 at 21 (quoting *Ga. Inter-local Risk Mgmt. Agency v. City of Sandy Springs*, 337 Ga. App. 340, 343-44, 788 S.E.2d 74, 77 (2016).) "Conversely, '[a] claim does not arise out of' a circumstance if, independent of that circumstance, the claim could still exist." (Doc. 28 at 21 (quoting *Langdale Co. v. Nat'l Union Fire Ins. Co.*, 609 F. App'x 578, 588 (11th Cir. 2015).) "Thus, the pertinent question is not simply whether J.G. alleges that abuse or molestation occurred; rather, the question is whether, in the absence of abuse or molestation, there would be no claim against [United Inn] at all." (Doc. 28 at 21 (citing *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 114, 722 S.E.2d 923, 927 (2012).)

Applying those legal principles to J.G.'s allegations in the Underlying Action, the court found that "J.G.'s claims and injuries did not arise exclusively out of abuse or molestation." (Doc. 28 at 21). Among other things, "J.G. alleges that [United Inn]'s conduct caused her multiple, 'indivisible injuries,' including 'substantial physical . . .harm' and 'physical deterioration[.]'" (*Id.* at 22). "It is at least arguable that some of these injuries arose not from any act of abuse or molestation in particular, but

rather from other aspects of J.G.'s experience as an underage victim of trafficking." (*Id.*)

For example, the court noted that J.G.'s alleged "physical deterioration" "could plausibly have resulted" from being "kept in a hotel for extended periods without freedom of movement and under the thumb of dangerous individuals." (*Id.*) That is a reasonable inference, the court found, because "J.G. was allegedly confined by weapon-toting traffickers for weeks on end in hotel rooms that were used for a booming prostitution and drug-selling enterprise," and, "[o]n many days, numerous people went in and out of J.G.'s hotel room - not just to purchase sex with J.G., but also to purchase sex with other trafficking victims and to buy drugs." (*Id.*) "[E]ven in the absence of abuse or molestation," it is "arguable based on the underlying pleading that J.G. suffered physical deterioration from these circumstances." (*Id.*) Further, the court found that evidence that J.G. was "detained [] for weeks at a time" as a 16-year-old in a "dangerous and unhealthy" "environment" at United Inn—where "rampant" "sex crimes," "sexual violence and prostitution," "homicide and other physical violence" occurred—"could have reasonably caused bodily harms[,]" including J.G.'s alleged "physical deterioration." (Doc. 28 at 23, 24). In

light of these allegations in J.G.'s lawsuit, among others, "[o]ne could reasonably read the underlying complaint as alleging physical harms that J.G. incurred even independent of 'abuse or molestation.'" (*Id.* at 24). Thus, the court concluded "that the Abuse or Molestation Endorsement does not exclude coverage under Coverage A because J.G. alleges bodily injuries that do not arise from abuse or molestation." (*Id.*)[10]

Likewise, the court found that the "Abuse or Molestation Endorsement does not preclude coverage under Coverage B for many of the same reasons that it does not preclude coverage under Coverage A." (Doc. 28

---

[10] The court observed that "there is no inherent inconsistency between (1) J.G.'s assertion of a TVPRA claim in the Underlying Action and (2) [United Inn]'s contention here that abuse or molestation is not a but-for cause of all of its underlying liability." (Doc. 28 at 21 n.12). "J.G. alleges that [United Inn] violated the TVPRA by participating in a venture that violated Section 1591 of the TVPRA." (*Id.* (citing 18 U.S.C. §§ 1591, 1595(a).) "[T]o to be criminally liable under § 1591 . . . a defendant need only put the victim in a position where a sex act *could* occur, regardless of whether a sex act eventually *did* occur." (*Id.* (quoting *United States v. Blake*, 868 F.3d 960, 977 (11th Cir. 2017) (emphasis in original); *United States v. Mozie*, 752 F.3d 1271, 1286 (11th Cir. 2014) ("It is enough that [the defendant] 'recruited' the victims in Counts 6 through 8 to engage in commercial sex acts even though they did not actually do so.").) "Thus, although [United Inn] faces a TVPRA claim in the Underlying Action, the success of that claim is not dependent on a finding of abuse or molestation." (Doc. 28 at 21 n.12).

at 24).[11] Northfield "does not dispute" that "Coverage B applies to liability for injuries caused by false imprisonment" or that "J.G.'s alleged experience at the United Inn constituted false imprisonment." (*Id.* at 24-25). "And as discussed[,] J.G. alleges multiple injuries arising from her experience at the United Inn that do not arise from abuse or molestation in particular." (*Id.* at 25). The court also noted that Coverage B additionally provides coverage for "non-physical, *emotional* harms," and that, "[a]s with the alleged physical harms, J.G.'s underlying complaint can be reasonably read as alleging non-physical harms that she suffered independent of abuse or molestation." (*Id.*) "In sum, this is not a case in which 'all of the claims in the [Underlying Action] trace their origin directly back to . . . alleged [ ] abuse [or molestation] of [J.G.].'" (*Id.* (quoting *Liberty Corp. Cap., Ltd. v. First Metro. Baptist Church*, No. CV420-179, 2021 U.S. Dist. LEXIS 173411, at *16 (S.D. Ga. Sep. 13, 2021).) "The Abuse or Molestation Endorsement does not bar coverage under Coverage A or Coverage B." (Doc. 28 at 26).

---

[11] The court noted that Northfield's brief in response to United Inn's and J.G.'s motions to dismiss only argued that the Abuse or Molestation Endorsement applies to Coverage A. (Doc. 28 at 24 n.14). "It does not argue that the endorsement applies to Coverage B." *Id.*

As to the Assault or Battery Endorsement, the court noted that Northfield "d[id] not respond to t[he] argument" raised by United Inn and J.G. that "the sublimits and exclusions in the Assault or Battery Endorsement do not apply because J.G. alleges covered injuries that were not caused by assault or battery." (Doc. 28 at 27). Further, the court agreed with United Inn and J.G. that "J.G. alleges bodily and personal injuries that arguably fall outside the scope of the sublimits and exclusions found in the Assault or Battery Endorsement." (*Id.* at 28).[12] Regardless, even if J.G. alleged that the commercial sex acts she performed at United Inn were "assault or battery" under the policy, the court found that "her claims would not be excluded from coverage" because, "[a]s previously discussed, the physical and non-physical injuries that J.G. allegedly suffered as a result of her experience as an underage trafficking victim would arguably exist even in the absence of those alleged sex acts." (*Id.*

---

[12] As noted previously, minor sex trafficking does not require performance of commercial sex acts. It includes a host of actions that do not entail "assault or battery"—*e.g.*, advertising a minor for commercial sex acts, soliciting a minor for commercial sex acts, and so forth. Therefore, there is nothing inconsistent with J.G. alleging in the Underlying Action that she is a victim of minor sex trafficking, on the one hand, and Appellees' argument in this declaratory judgment action, on the other hand, that J.G. alleges that as a minor sex trafficking victim she suffered injuries from conduct other than "assault and battery."

at 28-29).  For those reasons, the court found "that the Assault or Battery

Endorsement does not bar or limit coverage for J.G.'s claims."  (*Id.*)

The court summarized its findings as to Northfield's duty to defend:

J.G. alleges bodily injuries that fall within the scope of Coverage A and personal injuries that fall within the scope of Coverage B. Northfield has not shown that coverage for these injuries is unambiguously barred or limited by the Abuse or Molestation Endorsement or the Assault or Battery Endorsement. Because J.G.'s claims against [United Inn] are covered and not excluded or limited by the Policy, Northfield has a duty to defend [United Inn] in the Underlying Action.

(*Id.* at 29).

As to the duty to indemnify, the court found that "Northfield's

claims are not ripe" because United Inn may "defeat[] [J.G.'s] claims in

the first place."  (Doc. 28 at 30 (quoting *Coca-Cola Sw. Beverages LLC v.

Marten Transp., Ltd.*, No. 1:21-CV-4961-TWT, 2023 WL 5051353, at *5

(N.D. Ga. Aug. 7, 2023).)  If it does, then there would be no need for the

court to analyze Northfield's indemnification duty.  For that reason, the

court chose to "exercise its discretion to stay consideration of Northfield's

duty to indemnify until resolution of the Underlying Action."[13]  The

---

[13] Trial in the Underlying Action is scheduled to begin on April 14, 2025.

21

district court's decision regarding Northfield's potential duty to indemnify is ***not*** presently before the Court in connection with this appeal.

## SUMMARY OF ARGUMENT

Appellees United Inn and J.G. jointly submit this response brief in accordance with Federal Rule of Appellate Procedure 28(i), and in support, argue as follows:

*First*, the district court correctly concluded that Northfield has a duty to defend United Inn in the Underlying Action. Northfield's argument to the contrary is wrong as a matter of procedure and law. Northfield filed a Complaint for Declaratory Judgment seeking a declaration that it does *not* owe a duty to defend United Inn in the litigation with J.G. under the terms of Northfield's insurance policy with United Inn. In ruling on United Inn's and J.G.'s motions to dismiss Northfield's Declaratory Judgment action, the district court followed Georgia law by construing Northfield's policy "liberally in favor of coverage," (Doc. 28 at 11-12 (quoting *Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 304 Ga. App. 314, 320-21, 696 S.E.2d 326, 331-32 (2010)), and by recognizing that, "to excuse the duty to defend, the [complaint in the underlying action] ***must unambiguously exclude*** coverage under the policy." (Doc. 28 at

12 (quoting *BBL-McCarthy v. Baldwin Paving Co.*, 285 Ga. App. 494, 497-98, 646 S.E.2d 682, 685 (2007)) (emphasis added).

The district court rightly compared the Northfield insurance contract with J.G.'s allegations in her Underlying Action against United Inn, *Elan Pharm. Rsch. Corp. v. Emp'rs Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998), and concluded that Northfield *did not* plausibly allege that it *does not* owe a duty to defend because J.G.'s allegations *at least arguably potentially* fall within the coverage provided under the Northfield insurance contract. Put otherwise, the court concluded, as a matter of law, that Northfield has a duty to defend United Inn in the Underlying Action with J.G. based on the terms of Northfield's insurance contract and the allegations in J.G.'s lawsuit. *Elan*, 144 F.3d at 1375 ("Consistent with the general rule governing contract interpretation, construction of an insurance contract is a question of law."). Northfield may have wanted a different answer, but that does not make the district court's answer legal error. Rather, the district court's ruling on Northfield's duty to defend conforms with a long line of cases. *See, e.g., Houston Specialty Ins. Co. v. Five Paces Inn Co.*, No. 1:19-CV-03319-CAP, 2019 WL 9633224, at *8 (N.D. Ga. Dec. 19, 2019), *aff'd*, 823 F. App'x 897 (11th Cir. 2020)

("When faced with a motion to dismiss for failure to state a claim in a declaratory action, and [when] the insurer's duty to defend is at issue, the district court must determine whether the allegations in the underlying complaint trigger a duty to defend.")

*Second*, the district court correctly found that the allegations in the Underlying Action at least arguably trigger coverage under Coverages A[14] and B. As to Coverage A, the Underlying Action's allegations arguably trigger coverage by alleging J.G. suffered "bodily injuries"—which Northfield did not challenge in its Complaint for Declaratory Judgment. For Coverage B, Northfield does not contest that the Underlying Action alleges facts demonstrating "false imprisonment." The only issue on appeal with respect to Coverage B is whether the Underlying Action alleges that the false imprisonment occurred "on behalf of" United Inn. Based

---

[14] As explained further in Section II(a), *infra*, the district court properly found that whether the Underlying Action triggered Coverage A was not alleged as a claim in Northfield's complaint. Therefore, Northfield improperly attempted to amend the complaint through its response to Appellees' motion to dismiss by seeking a declaration with respect to Coverage A. Nevertheless, the district court found Northfield's arguments additionally failed on the merits. Although Appellees contend this issue is not properly before the Court, or an issue in this appeal, to the extent the Court determines otherwise, the district court's decision with respect to Coverage A should be affirmed on the merits.

on common dictionary definitions and relevant authority, the district court accurately concluded that the Underlying Action alleged the traffickers' actions benefitted United Inn and were in United Inn's financial interest—which is at least one plausible definition of "on behalf of." (Doc. 28 at 16-19). Therefore, the Court should affirm the district court's conclusion that Coverage B requires Northfield to defend United Inn.

Next, Northfield contends that even if the policy's insuring agreement provides coverage, the Abuse or Molestation Endorsement excludes it, and/or the Assault or Battery Endorsement limits it. As to the Abuse or Molestation exclusion with respect to Coverage A, the question is whether J.G.'s bodily injuries solely "arise out of" abuse or molestation as defined under the Policy. Under Georgia law, interpreting exclusions narrowly, abuse or molestation must have been the "but for" cause of J.G.'s alleged bodily injuries for the Abuse or Molestation exclusion to preclude coverage. (Doc. 28 at 20-21). The district court correctly reasoned that based on the Underlying Action's allegations and this Court's relevant authority, Northfield could not plausibly claim that J.G.'s bodily injuries solely arose out of abuse or molestation. (Doc. 28 at 21-24); *see*

*also Houston Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F. App'x 897 (11th Cir. 2020) (applying Georgia law), Section III(a), *infra*.

Based on many of the same reasons, the district court reached the same result regarding the Abuse or Molestation endorsement's application to Coverage B. (Doc. 28 at 24). Additionally, the district court determined that under Coverage B, which does not require bodily injury, J.G.'s alleged false imprisonment is arguably the "but for" cause of not only her alleged bodily injuries, but other alleged injuries as well. (*Id.* at 25). Because Coverage B covers claims of false imprisonment, and the Underlying Action alleges facts demonstrating false imprisonment, Northfield did not plausibly allege that J.G.'s alleged injuries arose solely from acts of abuse or molestation, as opposed to false imprisonment.

Finally, Northfield failed to plausibly state a claim that the Assault or Battery limitation bars coverage. For many of the same reasons set forth above, the Underlying Action's allegations render it impossible as a matter of law for Northfield to assert that assault or battery is the "but for" cause of J.G.'s alleged injuries. (Doc. 28 at 27-28). Furthermore, Northfield failed to identify any allegation in the Underlying Action where J.G. alleged either assault or battery, which the district court

recognized.  (Doc. 28 at 27-28).  Relevant authority supports the district court's holding on this issue.  *See Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, Inc.*, No. 1:21-CV-2474-TWT, 2022 WL 1135013, at *4 (N.D. Ga. Apr. 18, 2022) (applying Georgia law); *Evanston Ins. Co. v. Dillard House, Inc.*, No. 2:16-CV-249-RWS, 2017 WL 3498953 (N.D. Ga. June 28, 2017), Section III(b), *infra*.  Additionally, under Northfield's theory, every false imprisonment would constitute assault or battery.  That would render every Coverage B insuring agreement superfluous and meaningless—contrary to Georgia contract interpretation principles.  *See Milliken & Co. v. Ga. Power Co.*, 354 Ga. App. 98, 101, 839 S.E.2d 306, 309 (2020) (citing O.C.G.A. § 13-2-2(4)).

For these reasons, the district court's order should be affirmed on all grounds.

## ARGUMENT

## I.  The District Court Correctly Concluded that Northfield Has a Duty to Defend United Inn in the Underlying Action.

Northfield's argument that the district court erred by concluding that Northfield has a duty to defend its insured in the Underlying Action is wrong as a matter of procedure and law.

Northfield brought its Complaint for Declaratory Judgment "to determine its coverage obligations for a lawsuit brought by [J.G.] against [United Inn]." (Doc. 1 ¶ 1). Specifically, Northfield sought "a declaration that it does not owe coverage to [United Inn] for the claims asserted by J.G. in the [Underlying Action]." (*Id.* ¶ 42). Northfield's Complaint includes two exhibits: J.G.'s complaint against United Inn (Exhibit A), and Northfield's insurance policy during the relevant period with United Inn (Exhibit B). (*Id.* ¶¶ 8, 15).[15] United Inn and J.G. moved to dismiss Northfield's Complaint for Declaratory Judgment under Rule 12(b)(6). (Docs. 7, 9). In ruling on the motions to dismiss, the district court confronted a question: Did Northfield plausibly allege that it does *not* have a duty to defend United Inn given the terms of its insurance contract with United Inn, and the allegations in J.G.'s lawsuit against United Inn?

The district court properly began its analysis with an overview of governing Georgia insurance law. (Doc. 28 at 10-13); *see also* Section

---

[15] "[W]here plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

"Statement of Case," Section II, *supra*. After reviewing relevant principles on Georgia insurance law, the district court held that Northfield did *not* plausibly allege that it did *not* have a duty to defend under the terms of the applicable insurance policy because J.G.'s allegations **at least "potentially"** fall within Coverage A and/or Coverage B. *See, e.g., S. Tr. Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117, 121, 828 S.E.2d 455, 458 (2019). That logically, and correctly, supports the district court's conclusion that Northfield owes a duty to defend United Inn under the policy. The district court had two options: to agree with Northfield, and to find that it had plausibly alleged that it did not have a duty to defend, or to disagree, and to find that it had not plausibly alleged as much. When Northfield moved in a declaratory judgment action for a ruling from the court stating that it does not have a duty to defend, certainly Northfield recognized that the court had the right to disagree, as a matter of law, and find that it **does** have a duty to defend under the terms of its insurance contract with United Inn and the allegations in J.G.'s complaint. *Elan*, 144 F.3d at 1375 ("Consistent with the general rule governing contract interpretation, construction of an insurance contract is a question of law.").

Northfield suggests that the court erred by granting the motion to dismiss even if evidence to support its claims were "improbable." Northfield misstates the district court's reasoned conclusion and misunderstands the duty-to-defend inquiry. The district court determined that Northfield could not support its claim that it was entitled to a declaration that it has no duty to defend. The court had what it needed to make that finding: the subject insurance policy and J.G.'s allegations against United Inn. *See, e.g., Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 841 (11th Cir. 2014) (applying Georgia law, and finding, "[a]n insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured."); *see also Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407-08, 730 S.E.2d 413, 418 (2012) ("The trial court properly recognized that whether an insurer has a duty to defend depends on the language of the policy as compared with the allegations of the complaint."). No additional evidence was needed. And no authority requires a court to consider additional "evidence" in determining an insurer's duty to defend. The district followed authoritative law, as reflected in its well-reasoned and thorough order, and considered the language of the subject policy against J.G.'s lawsuit. Both documents

(the insurance policy and J.G.'s lawsuit against United Inn) were incorporated into and attached to Northfield's Complaint for Declaratory Judgment, and thus before the district court at the 12(b)(6) stage. After reviewing those documents, the district court was in a position to rule as a matter of law on Northfield's duty-to-defend allegations. After all, only two outcomes existed: either Northfield has a duty to defend, or it does not. When the district court ruled that Northfield's claim that it has no duty to defend failed as a matter of law, the only other possible result was that Northfield does have a duty to defend.

Northfield's argument is not just flawed as a matter of procedure, it is also mistaken as a matter of law. Well-established caselaw holds that it is proper for a district court to issue a substantive ruling on the duty to defend following a motion to dismiss a declaratory judgment action alleging no duty to defend—*i.e.*, the circumstances at issue here. *See, e.g.*, *Houston Specialty Ins. Co. v. Five Paces Inn Co.*, No. 1:19-CV-03319-CAP, 2019 WL 9633224, at *8 (N.D. Ga. Dec. 19, 2019), *aff'd*, 823 F. App'x 897 (11th Cir. 2020) ("When faced with a motion to dismiss for failure to state a claim in a declaratory action, and [when] the insurer's duty to defend is at issue, ***the district court must determine whether the***

***allegations in the underlying complaint trigger a duty to defend****.*") (emphasis added); *Nat'l Tr. Ins. Co. v. Finishing Dynamics, LLC*, No. 1:18-CV-0351-AT, 2018 WL 8949791, at *5 (N.D. Ga. Sept. 18, 2018) (holding, while ruling on a motion to dismiss, "at this stage it appears [the insurer] does have a duty to defend, at very least, because the allegations of the underlying complaint do not unambiguously exclude coverage"); *Evanston Ins. Co. v. Dillard House, Inc.*, No. 2:16-CV-249-RWS, 2017 WL 3498953, at *8 (N.D. Ga. June 28, 2017) (granting motion to dismiss insurer's declaratory judgment action and holding that insurer was obligated to defend because "the allegations on the face of the [Underlying Action] at least raise the possibility that the [insured's] claims against the [defendants] could come within coverage"); *Mid-Continent Cas. Co. v. Gozzo Dev., Inc.,* No. 17-CV-80362, 2017 WL 3578846, at *3 (S.D. Fla. July 19, 2017) (granting motion to dismiss insurer's declaratory judgment action and holding insurer was obligated to defend); *Main St. Am. Assurance Co. v. DRW Properties, LLC*, No. 3:21-CV-00074 (JCH), 2021 WL 5988631, at *8 (D. Conn. Dec. 16, 2021) (granting motion to dismiss insurer's declaratory judgment action where insurer "has not plausibly alleged that it has no duty to defend[.]"); *Cincinnati Specialty*

*Underwriters Ins. Co. v. Red Rock Hounds*, 511 F. Supp. 3d 1105, 1115 (D. Nev. 2021) (granting motion to dismiss insurer's declaratory judgment action where insurer has "failed to plausibly connect the facts of the incident with the [cited] exclusion[.]").

Because Northfield's argument misses the mark as a matter of procedure and law, it should be rejected. The trial court's ruling finding that Northfield has a duty to defend is procedurally and legally sound and should be affirmed.

## II. The District Court Correctly Found that the Policies' Coverages A and B Plausibly Provide Coverage for the Underlying Action's Allegations; Which Renders Northfield's Allegations to the Contrary Implausible.

Because Northfield's complaint contains no request for a declaration that the Underlying Action falls outside of Coverage A, and the Underlying Action alleges J.G. suffered bodily injury, the district court should be affirmed in finding Northfield failed to state a claim that the Underlying Action falls outside Coverage A's insuring agreement. Likewise, because the Underlying Action alleges J.G.'s false imprisonment—which Northfield does not dispute—Northfield failed to assert a plausible claim that Coverage B fails to cover the Underlying Action.

a. Whether the Underlying Action is Within the Scope of Coverage A is Not Properly Before the Court.

As it did in response to Appellees' motion to dismiss, Northfield improperly attempts to amend its complaint on appeal to claim that the Underlying Action is outside Coverage A's grant of coverage.  (*See* Appellant's Br. at 11).  Because Northfield never properly sought such a declaration, and Coverage A does provide coverage, the District Court's Order should be affirmed.

Northfield's attempts to amend its complaint are improper, and its newfound argument on Coverage A is not before the Court.  *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) ("Because [plaintiff] raised this argument for the first time in response to [defendant]'s motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to FED. R. CIV. P. 15(a), it was not properly raised below."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (finding party may not amend complaint in summary judgment response brief).  As the district court correctly concluded, not only did Northfield fail to plausibly allege that the Underlying Action falls outside the scope of Coverage A, it failed to assert such a theory for relief in its complaint.  Northfield sought declarations with respect to three distinct issues: (1)

That J.G.'s claims do not constitute Personal and Advertising Injury under Coverage B, (2) That the Abuse or Molestation Exclusion bars coverage, and (3) That the Assault and Battery Endorsement applies. None of these request a declaration that Coverage A is inapplicable. To the contrary, the declarations Northfield sought assume that the Underlying Action's allegations triggered Coverage A, absent the exclusions.

Northfield's citation to paragraph 37 of its complaint does not help its argument that it raised its position on Coverage A in its complaint. (Appellant's Br. at 15). In fact, that paragraph directly undermines Northfield's argument, because it alleges that the Abuse or Molestation Exclusion excludes coverage under Coverage A. Nowhere does it advance the theory that Coverage A does not apply in the first instance.

Therefore, the district court should be affirmed on the issue of whether the Underlying Action affords coverage because Northfield asserted no plausible claim to the contrary. Nevertheless, even if the question of bodily injury is at issue, the district court correctly determined and reasoned that J.G. suffered bodily injury as a result of the trafficking, regardless of any sexual activity. (Doc. 28 at 14-15).

b. <u>The District Court Correctly Concluded Northfield Failed to State a Claim for a Declaration that the Underlying Action is Outside the Scope of Coverage B.</u>

The Policy's Coverage B affords coverage for "false arrest, detention or imprisonment" committed "on behalf of" United Inn. Northfield does not contest, and the district court found, that J.G.'s complaint in the Underlying Action alleges traffickers falsely arrested, detained, or imprisoned J.G. On appeal, Northfield only contends that the alleged false imprisonment was not "on behalf of" United Inn.[16]

The district court cited a litany of definitions confirming that "on behalf of" means "in the interest of" or "for the benefit of" someone. (Doc. 28 at 17-18). Additionally, the district court recounted the numerous paragraphs in J.G.'s complaint alleging the trafficking occurred in the interest of or for the benefit of United Inn. (*Id.* at 16-17). Northfield claims "on behalf of" requires an agency relationship and that "on behalf of" and "in behalf of" are different terms with different meanings.[17] Relevant

---

[16] Although Northfield does not contest the issue, false imprisonment does not have to be explicitly alleged to be covered. *Auto-Owners Ins. Co. v. Riley*, No. 1:20-cv-4917-AT, 2022 WL 838130, at *4 (N.D. Ga. Feb. 9, 2022).

[17] Notably, even if the Court concludes "on behalf of" requires an agency relationship, the Underlying Action also alleges an agency relationship.

authority dictates otherwise as the district court explained.  (Doc. 28 at 18) (citing *Occidental Fire & Cas. Co. of N.C. v. Soczynski,* No. CIV. 11-2412 JRT/JSM, 2013 WL 101877, at *12 (D. Minn. Jan. 8, 2013), *aff'd sub nom. Occidental Fire & Cas. Co. v. Soczynski*, 765 F.3d 931 (8th Cir. 2014) ("[N]umerous courts from other jurisdictions have concluded that 'on behalf of,' when used in various contexts, is not strictly limited to the concept of agency, but unambiguously means in the interest of, as a representative of, or for the benefit of.") (collecting cases)." The Merriam-Webster online dictionary explains there is no material distinction between "on behalf of" and "in behalf of":

> *On Behalf of* vs. *in Behalf of*: Usage Guide: A body of opinion favors *in* with the "interest, benefit" sense of *behalf* and *on* with the "support, defense" sense. This distinction has been observed by some writers but overall has never had a sound basis in actual usage. In current British use, *on behalf* (*of*) has replaced *in behalf* (*of*); both are still used in American English, but the distinction is frequently not observed.

---

(*See* Doc. 1-1., ¶ 11 ("[United Inn] participated in, facilitated . . . the sex trafficking of Plaintiff."), ¶ 76 ("[United Inn] participated in a sex trafficking venture by providing to Plaintiffs['] traffickers the necessary venue for Plaintiffs minor sex trafficking.").

Merriam-Webster Online Dictionary, [https://www.merriam-web-ster.com/dictionary/on%20behalf%20of](https://www.merriam-webster.com/dictionary/on%20behalf%20of) (last visited March 10, 2025) (usage guide).

Moreover, in accordance with insurance policy interpretation rules, the district court found that even if a term has multiple definitions, terms are "liberally construed in favor of coverage." (Doc. 28 at 11) (quoting *Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 304 Ga. App. 314, 320-21, 696 S.E.2d 326, 331-32 (2010)). Therefore, even if "on behalf of" has alternate definitions, the term is interpreted in favor of United Inn if the Underlying Action contains allegations are even arguably within coverage. *Scott v. Gov't Emples. Ins. Co.*, 305 Ga. App. 153, 155, 700 S.E.2d 198, 201 (2010); *accord Colony Ins. Co. v. Corrosion Control, Inc.*, 187 F. App'x 918, 922 (11th Cir. 2006).

Northfield's reliance on *Nationwide Prop. & Cas. Ins. Co. v. Sewell Vault & Monument, Inc.*, No. 3:11-CV-92-TCB, 2012 WL 13028694 (N.D. Ga. Feb. 13, 2012) and *Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*, 631 F. Supp. 3d 1256 (N.D. Ga. 2022) is misplaced. As the district court accurately explained: (1) in *Sewell Vault & Monument*, there was no conceivable or alleged benefit to a cemetery owner in a contractor

disturbing a gravesite; and (2) in *Banyan Tree Mgmt.*, there was no conceivable or alleged benefit to a hotel for one of its employees to secretly film one of its guests in her hotel room. Here, the Underlying Action repeatedly alleges that the trafficking benefited United Inn. (*See* Doc. 28 at 16). So, the district court should be affirmed in finding Northfield failed to plausibly state a declaratory judgment claim that the Underlying Action is outside the false imprisonment coverage in Coverage B.

## III. The District Court's Finding that Northfield Failed to Plausibly Allege that the Policy's Abuse or Molestation Exclusion and Assault or Battery Limitation Unambiguously Apply to J.G.'s Claims in the Underlying Action Should be Affirmed.

Northfield entirely ignores longstanding precedent that exclusions and limitations in an insurance policy are strictly construed against the insurer. *York Ins. Co. v. Williams Seafood of Albany, Inc.*, 273 Ga. 710, 712, 544 S.E.2d 156, 157 (2001) (exclusions); *Gilbert v. S. Tr. Ins. Co.*, 252 Ga. App. 109, 111, 555 S.E.2d 69, 72 (2001) (limitations). As the district court properly found, if the Underlying Action allegations arguably fall outside of a strict interpretation of the exclusionary and limiting endorsements, Northfield's claims for declaratory judgments that the endorsements preclude or limit coverage fail as a matter of law.

a. The District Court Correctly Determined Northfield Failed to Plausibly Allege the Abuse or Molestation Exclusion Precludes Coverage under Coverage A or Coverage B Because Abuse or Molestation is Not the But-For Cause of J.G.'s Bodily Injury or False Imprisonment.

The issue as to the exclusion for abuse or molestation—defined in the Policy as "any intentional, reckless or offensive physical contact of a sexual nature with a person without . . . her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected" (Doc. 1-2 at 53)—is whether abuse or molestation is the but-for cause of J.G.'s bodily injury (Coverage A) and false imprisonment (Coverage B). *Houston Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F. App'x 897, 899 (11th Cir. 2020). The district court correctly determined the answer to both is no. Said another way, an occurrence is not the but-for cause of a claim if, absent that occurrence, the claim could still exist. *Langdale Co. v. Nat'l Union Fire Ins. Co.*, 609 F. App'x 578, 588 (11th Cir. 2015) (applying Georgia law); *see also Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc.*, No. 20-cv-3172 (PKC), 2021 WL 2457107, at *5 (S.D.N.Y June 6, 2021).

In asking this Court to reverse the district court, Northfield points to no authority demonstrating abuse or molestation is the but-for cause

of J.G.'s bodily injury and false imprisonment. Northfield attempts to confuse the issue by lumping together trafficking and sexual acts into, "J.G. being the victim of sex trafficking," rather than correctly parsing out the aspects of J.G.'s sex trafficking. (Appellant's Br. at 12-13). And Northfield misleadingly and incorrectly states that the district court acknowledged "sex trafficking" was "abuse or molestation." (*Id.* at 12). In reality, the district court specifically acknowledged "**commercial sex acts**" constitute "abuse or molestation." (Doc. 28 at 22 (emphasis added)). Nowhere did the district court recognize the entire trafficking endeavor constituted "abuse or molestation." Instead, the district court highlighted the conditions under which the traffickers held J.G. caused J.G. bodily injury notwithstanding any sex acts. (Doc. 28 at 22-24).[18]

The district court's analysis is in line with this Court's relevant authority; Northfield's is not. In *Houston Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F. App'x 897 (11th Cir. 2020) (applying Georgia law), a female at a bar consumed a drink rendering her incapacitated. *Id.* at 898. Unfortunately, the victim was raped and assaulted causing her bodily

---

[18] The district court also correctly recognized in its order that minor sex trafficking does not require evidence of abuse or molestation. It does not require performance of a commercial sex act. *See* n.5, 10, *supra*.

41

injury. *Id.* The bar's insurance policies contained a limitation for injuries "arising, directly or indirectly, out of sexual assault, abuse or molestation." *Id.* This Court affirmed the district court's order granting the bar's motion to dismiss the insurer's declaratory judgment action, and agreed that the policy's limitation was inapplicable because the service of the drugged beverage was arguably the but-for cause of the subject injuries, not the rape or assault. *Id.* at 899. In support, the Court imagined a scenario where the victim was drugged, left the bar, and then raped and assaulted at a different location. *Id.*

The same logic applies here. If J.G. had been harbored by her traffickers at the United Inn in the same alleged conditions, but her traffickers took her elsewhere for commercial sex acts, she would still potentially have suffered the same deplorable conditions (and the same physical deterioration) at the United Inn without engaging in any commercial sex acts there. In that scenario, the traffickers would have held J.G. in hotel rooms with the same alleged dangerous and unhealthy conditions **before** and **after** any commercial sex could take place. Therefore, J.G. has alleged that she suffered physical deterioration notwithstanding any sex

acts, and the "abuse or molestation" exclusion thus does not bar coverage under Coverage A.

Likewise, the exclusion does not bar coverage under Coverage B. *See Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc.*, No. 20-cv-3172 (PKC), 2021 WL 2457107, at \*8 (S.D.N.Y June 6, 2021); *see also Ricchio v. Bijal, Inc.*, 424 F. Supp. 3d 182, 192 (D. Mass. 2019). Northfield neither attempts to substantively contest the district court's decision on this issue nor offers authority in support of its argument. As the district court noted, Northfield does not contest that J.G.'s trafficking constituted false imprisonment. (Doc. 28 at 24-25). Any alleged abuse or molestation is not the but-for cause of her false imprisonment under Coverage B.

Lastly, Northfield claims that without sexual misconduct, J.G. would not have a minor sex trafficking claim under the TVPRA. Northfield is, again, mistaken. Performance of commercial sexual acts is not an element of J.G.'s minor sex trafficking claims. There is no requirement that abuse or molestation, or sex acts, occur to prove a minor sex trafficking claim under the TVPRA. Seemingly predicting that Northfield would make such an argument for the first time on appeal, the district court included authority demonstrating that no sexual acts need to

be proven for a minor sex trafficking claim to exist. *See* Doc. 28 at 21-22, n.12 (noting there is no requirement of a finding of "abuse or molestation" or actual sexual acts for a TVPRA claim to exist) (citing *United States v. Blake*, 868 F.3d 960, 977 (11th Cir. 2017) ("[T]o be [liable under the TVPRA] . . . a defendant need only put the victim in a position where a sex act *could* occur, regardless of whether a sex act eventually *did* occur." (emphasis supplied by district court); *United States v. Mozie*, 752 F.3d 1271, 1286 (11th Cir. 2014) ("It is enough that [the defendant] 'recruited' the victims . . . to engage in commercial sex acts even though they did not actually do so." (alterations supplied by district court))); *see also Fleites v. Mindgeek S.A.R.I.*, 617 F. Supp. 3d 1146, 1160 (C.D. Cal. 2022) ("[T]he [TVPRA] criminalize[s] the advertisement of minors when the advertisement *aims to lead to a sex act*." (emphasis added)).

Accordingly, the district court should be affirmed on the inapplicability of the Abuse or Molestation exclusion.

b. <u>The District Court Correctly Determined that Northfield Failed to Plausibly Allege the Assault or Battery Limit Applies to J.G.'s Allegations Because Assault or Battery is Not the But-For Cause of J.G.'s Alleged Bodily Injuries.</u>

In analyzing the application of the Assault or Battery limitation, the district court correctly reasoned that: (1) J.G. does not

unambiguously allege assault or battery (Doc. 28 at 28); and (2) North-field failed to respond to this argument (*Id.* at 27), thereby waiving it below. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And to avoid restating prior arguments, Appellees incorporate the same reasons from Section III(a), *supra*, that "assault or battery" is not the "but for" cause of United Inn's potential liability. (*See* Order at 27-28).

Nowhere in Northfield's opening brief does it provide authority for the proposition that the Assault or Battery sublimit applies. And again, relevant authority negates Northfield's argument. Judge Thrash as-tutely reasoned in a TVPRA coverage matter, *Mesa Underwriters Spe-cialty Ins. Co. v. Khamlai Lodging, Inc.*, No. 1:21-CV-2474-TWT, 2022 WL 1135013, at *4 (N.D. Ga. Apr. 18, 2022) (applying Georgia law), that "there is a set of facts in which the[] [trafficking] allegations fall outside of the Policy's assault and battery exclusion." *Id.* at *4. Said another way, false imprisonment can and does occur without falling under the definition of assault or battery. This is particularly true when assault or battery is never alleged.

In line with *Khamlai Lodging,* Judge Story reached a similar conclusion in *Evanston Ins. Co. v. Dillard House, Inc.*, No. 2:16-CV-249-RWS, 2017 WL 3498953 (N.D. Ga. June 28, 2017). In *Dillard House*, an employee of the insured grabbed a minor child at an insured-sponsored event and raped her in the neighboring woods. *Id.* at *1. The policy at issue contained an "assault or battery" limitation on coverage. *Id.* at *2. The insurer filed a declaratory judgment action, and the insured moved to dismiss arguing the allegations arguably fell within coverage due to false imprisonment resulting in bodily injury. *Id.* at *8. The insured reasoned the false imprisonment and bodily injury mandated the insurer's defense and any ruling on the duty to indemnify was premature. *Id.* at *3-4. The district court concluded the allegations arguably fell within the policy's insuring agreements notwithstanding the "assault or battery" limitation, found the indemnification claim unripe, and dismissed the insurer's declaratory judgment action—requiring the insurer to defend. *Id.* at *8. As in *Khamlai Lodging* and *Dillard House*, the claims of false imprisonment here demand coverage notwithstanding the "assault or battery" exclusion.

Finally, Georgia statutory law requires that contracts be interpreted so as to not render provisions of the contract superfluous or meaningless. *Milliken & Co. v. Ga. Power Co.*, 354 Ga. App. 98, 101, 839 S.E.2d 306, 309 (2020) (citing O.C.G.A. § 13-2-2(4)). Under Northfield's theory, every false imprisonment where an individual is held against her will constitutes assault or battery. Such an interpretation renders Coverage B's insuring agreement superfluous and meaningless.

For these reasons, the district court's determination that the Underlying Actions allegations arguably fall outside of the Assault or Batter limitation should be affirmed.

## CONCLUSION

For these reasons, this Court should affirm the district court's judgment.

Dated: March 12, 2025

Respectfully submitted,

_/s/ David H. Bouchard_   _/s/ Christopher J. Daniels_

David H. Bouchard    Christopher J. Daniels
Georgia Bar No. 712859   Georgia Bar No. 113177
FINCH McCRANIE, LLP   BARNES & THORNBURG LLP
229 Peachtree St. NE,    3340 Peachtree Rd. NE,
Suite 2500      Suite 2900
Atlanta, GA 30303    Atlanta, GA 30326
(404) 658-9070     (404) 264-4053
david@finchmccranie.com  cdaniels@btlaw.com

_Counsel for Appellee J.G._  _Counsel for Appellee_
         _North Brook Industries, Inc._

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of 13,000 because it contains 10,298 words, not counting the parts of the brief excluded by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated:  March 12, 2025

*/s/ Christopher J. Daniels*
Christopher J. Daniels
Georgia Bar No. 113177
BARNES & THORNBURG LLP
3340 Peachtree Rd. NE,
Suite 2900
Atlanta, GA 30326
(404) 264-4053
cdaniels@btlaw.com

*Counsel for Appellee*
*North Brook Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Fed. R. App. P. 25(b)(2), I that I have served the foregoing JOINT RESPONSE BRIEF UNDER FED. R. APP. P. 28(i) FOR DEFENDANTS-APPELLEES J.G. & NORTH BROOK INDUSTRIES, INC. upon counsel of record by electronically filing it with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Philip W. Savrin, Esq.
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
psavrin@fmglaw.com

Dated: March 12, 2025

/s/ Christopher J. Daniels
Christopher J. Daniels
Georgia Bar No. 113177
BARNES & THORNBURG LLP
3340 Peachtree Rd. NE, Suite 2900
Atlanta, GA 30326
(404) 264-4053
cdaniels@btlaw.com

*Counsel for Appellee*
*North Brook Industries, Inc*