**COURT OF APPEALS NO. 24-13333-F**
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**
_____

**NORTHFIELD INSURANCE COMPANY,**

**Appellant,**

**v.**

**NORTHBROOK INDUSTRIES, INC., and J.G.,**

**Appellees.**

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CIVIL ACTION FILE NUMBER 1:23-cv-03596-SEG**

_____

**REPLY BRIEF OF APPELLANT NORTHFIELD INSURANCE COMPANY**
_____

**Philip W. Savrin**
**Rachael Slimmon**
**FREEMAN MATHIS & GARY, LLP**
**100 Galleria Parkway, Ste. 1600**
**Atlanta, GA 30339-5948**
**(770) 818-0000**
*Attorneys for Plaintiff-Appellant*

Appeal No. 24-13333-F

Northfield Insurance Company v. Northbrook Industries, Inc.

C-1 of 2

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

In compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1, Northfield Insurance Company, Appellant in the above-referenced matter, hereby certifies that the following persons or entities have an interest in the outcome of this appeal:

1.   Barnes & Thornburg LLP – counsel for Appellee Northbrook Industries, Inc.;

2.   Bouchard, David – counsel for Appellee J.G.;

3.   Daenecke, Alexis – counsel for Appellee Northbrook Industries, Inc.;

4.   Daniels, Christopher – counsel for Appellee Northbrook Industries, Inc.;

5.   Finch McCranie LLP – counsel for Appellee J.G.;

6.   Freeman Mathis & Gary, LLP – counsel for Appellant;

7.   Hendricks, Richard – counsel for Appellee J.G.;

8.   Hon. Geraghty, Sarah – district court judge;

9.   J.G. – Appellee;

10.  Moye, John – counsel for Appellee Northbrook Industries, Inc.;

11.  Northbrook Industries, Inc. – Appellee;

12.  Northfield Insurance Company – Appellant;

13.  Northland Insurance Company – parent company of Northfield Insurance Company;

Appeal No. 24-13333-F
Northfield Insurance Company v. Northbrook Industries, Inc.
C-2 of 2

14.    Savrin, Philip – counsel for Appellant;

15.    Slimmon, Rachael – counsel for Appellant;

16.    The Travelers Companies, Inc. (TRV) – parent company of Travelers Property Casualty Corp.;

17.    The Travelers Indemnity Company – parent company of Northland Insurance Company;

18.    Travelers Insurance Group Holdings Inc. – parent company of The Travelers Indemnity Company; and

19.    Travelers Property Casualty Corp. – parent company of Travelers Insurance Group Holdings Inc.

No publicly traded company or corporation other than The Travelers Companies, Inc. has an interest in the outcome of this case.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND

CORPORATE DISCLOSURE STATEMENT ....................................................C-1

TABLE OF AUTHORITIES ...................................................................... ii

ARGUMENT AND CITATIONS OF AUTHORITY ...............................................1

    I.    THE DISTRICT COURT ERRED IN RULING ON THE MERITS OF A DUTY TO DEFEND IN THE CONTEXT OF A MOTION TO DISMISS ..............................1

    II.    NORTHFIELD PLAUSIBLY ALLEGED THAT J.G.'S ALLEGATIONS ARE NOT COVERED BY NORTHBROOK'S POLICY ....................................................3

    A.  Coverage A Plausibly Does Not Apply ..........................................3

    B.  Coverage B Plausibly Does Not Apply ..........................................4

    C.  The Abuse or Molestation Exclusion Plausibly Applies ................7

    D.  The Assault or Battery Endorsement Plausibly Applies...............11

CONCLUSION ....................................................................................17

CERTIFICATE OF COMPLIANCE.....................................................................19

CERTIFICATE OF SERVICE .............................................................................20

i

# TABLE OF AUTHORITIES

<u>Citations</u>                                                                                  <u>Page No.</u>

*Allstate Ins. Co. v. Jarvis*,
      195 Ga. App. 335, 393 S.E.2d 489 (1990) .........................................................14

*Ashcroft v. Iqbal*,
      556 U.S. 662 (2009).................................................................................................2

*Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*,
      511 F. Supp. 3d 1105 (D. Nev. 2021)....................................................................2

*Citizens Ins. Co. of Am. v. Banyan Tree Management, LLC*,
      631 F. Supp. 3d 1256 (N.D. Ga. 2022)..................................................................4

*City of Coll. Park v. Ga. Interlocal Risk Mgmt. Agency*,
      313 Ga. App. 239, 721 S.E.2d 97 (2011) .............................................................8

*Continental Cas. Co. v. H.S.I. Fin. Servs., Inc.*,
      266 Ga. 260, 466 S.E.2d 4 (1996) ...............................................................8, 9, 14

*Cynergy, LLC v. First Am. Title Ins. Co.*,
      706 F.3d 1321 (11th Cir. 2013) ..........................................................................15

*Evanston Ins. Co. v. Dillard House, Inc.*,
      2017 WL 3498953 (N.D. Ga. June 28, 2017)..................................................1, 15

*Fireman's Fund Indem. Co. v. Mosaic Tile Co.*,
      101 Ga. App. 701, 115 S.E.2d 263 (1960) .........................................................12

*Hays v. Georgia Farm Bureau Mut. Ins. Co.*,
      314 Ga. App. 110, 722 S.E.2d 923 (2012) .........................................................14

*Houston Specialty Ins. Co.  v. Five Paces Inn Co.*,
      2019 WL 9633224 (N.D. Ga. Dec. 19, 2019) ..................................................1, 9

*In re Concrete Prods., Inc.*,
      1993 WL 13005114 (Bankr. S.D. Ga. Aug. 11, 1993)........................................5

*Main St. Am. Assurance Co. v. DRW Properties, LLC*,
      2021 WL 5988631 (D. Conn. Dec. 16, 2021) .......................................................2

*Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, LLC*,
2022 WL 1135013 (N.D. Ga. Apr. 18, 2022)................................................ 13-15

*Mid-Continent Cas. Co. v. Gozzo Dev., Inc.*,
2017 WL 3578846 (S.D. Fla. July 19, 2017) ......................................................2

*Mitchell v. Lowe's Home Centers, Inc.,*
234 Ga. App. 339, 341, 506 S.E.2d 381, 384 (1998...........................................15

*Mount Zion Baptist Church of Marietta v. GuideOne Elite Ins. Co.*,
808 F. Supp. 2d 1322 (N.D. Ga. 2011)...............................................................13

*National Trust Ins. Co.. v. Finishing Dynamics, LLC*,
2018 WL 8949791 (N.D. Ga. Sept. 18, 2018)......................................................1

*National Trust Ins. Co. v. Finishing Dynamics, LLC*,
No. 1:18-cv-00351-WMR, Doc. 40 (N.D. Ga. Aug. 26, 2019)...........................1

*Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.*,
781 F. App'x 57 (3d Cir. 2019) .........................................................................14

*Payne v. Middlesex Ins. Co.*,
259 Ga. App. 867, 578 S.E.2d 470 (2003) ...........................................................5

*Ricchio v. Bijal, Inc.*,
424 F. Supp. 3d 182 (D. Mass. 2019)...................................................................7

*Roe v. State Farm Fire & Cas. Co.*,
259 Ga. 42, 42, 376 S.E.2d 876, 877 (1989) .....................................................13

*Small v. Georgia*,
446 F. Supp. 3d 1352 (S.D. Ga. 2020) .................................................................2

*Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc.*,
2021 WL 2457107 (S.D.N.Y June 6, 2021) .................................................... 7-8

*Taylor Morrison Services, Inc. v. HDI-Gerling America Ins. Co.*,
293 Ga. 456, 746 S.E.2d 587 (2013) .................................................................13

*Tripp v. Allstate Ins. Co.*,
262 Ga. App. 93, 584 S.E.2d 692 (2003) ...........................................................15

iii

*Video Warehouse v. S. Tr. Ins. Co.*,
　　297 Ga. App. 788, 678 S.E.2d 484 (2009) ....................................................8, 14

*Willesen v. Ernest Commc'ns, Inc.*,
　　323 Ga. App. 457, 746 S.E.2d 755 (2013) ..........................................................5

<u>Statutes</u>

O.C.G.A. § 13-2-2.......................................................................................................5

O.C.G.A. § 13-2-3.......................................................................................................6

<u>Rules</u>

11th Cir. R. 32-4......................................................................................................19

Fed. R. App. P. 32....................................................................................................19

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. THE DISTRICT COURT ERRED IN RULING ON THE MERITS OF A DUTY TO DEFEND IN THE CONTEXT OF A MOTION TO DISMISS

In its opening brief, Northfield Insurance Company ("Northfield") showed that the district court erred in going beyond the "plausibility" standard of Rule 12(b)(6) by finding affirmatively that Northfield has a duty to defend Northbrook in the Underlying Lawsuit, declaring the Assault or Battery sublimit inapplicable, and retaining jurisdiction to determine the extent of a duty to indemnify Northbrook for damages.

In response, Appellees cite to unpublished district court cases and one published district court case for the position that the district court may rule on the duty to defend when deciding a motion to dismiss. (Appellees' Br., Doc. 24, pp. 43-45.) However, Appellees cannot cite a single case—published or otherwise—that addressed the appropriateness of deciding coverage issues on the merits in the context of granting a motion to dismiss.[1] Moreover, any such authority would

---

[1] The appropriateness of reaching the merits was not raised in *Houston Specialty Insurance Company v. Five Paces Inn Co.*, 2019 WL 9633224 (N.D. Ga. Dec. 19, 2019), *aff'd*, 823 F. App'x 897 (11th Cir. 2020), *National Trust Insurance Company v. Finishing Dynamics, LLC*, 2018 WL 8949791 (N.D. Ga. Sept. 18, 2018), or *Evanston Ins. Co. v. Dillard House, Inc.*, 2017 WL 3498953 (N.D. Ga. June 28, 2017). In *Finishing Dynamics*, moreover, the district court in fact *denied* the insured's motion to dismiss and subsequently found the liability allegations did *not* give rise to a duty to defend. (Exhibit A - *National Trust Ins. Co. v. Finishing Dynamics, LLC*, No. 1:18-cv-00351-WMR (N.D. Ga. Aug. 26, 2019), ECF No. 40.) Appellees' other cases are from other jurisdictions and are similarly distinguishable.

conflict with the "plausibility" standard on a motion to dismiss mandated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and its progeny. In that context, the court does not making any final determinations but "must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff" to simply decide whether the relief sought is "plausible." *Small v. Georgia*, 446 F. Supp. 3d 1352, 1355 (S.D. Ga. 2020). Therefore, no authority exists that permits a court to make an affirmatively ruling against the plaintiff under the guise of a "plausibility" analysis.

This is particularly true where (as here) the only claim in the case is Northfield's request for a declaratory judgment. (Doc. 1.) As such, in opposing the motion to dismiss, Northfield explained that it had "plausibly alleged that [it] does not owe a defense which subsumes the narrower duty to indemnify." (Doc. 13, p. 7.) yet even though Appellees did not assert any counterclaims seeking contrary declarations in their favor the district court went far beyond their motion to dismiss by affirmatively finding, on the merits, that Northfield owed a duty to defend under

---

*See Mid-Continent Cas. Co. v. Gozzo Dev., Inc.*, 2017 WL 3578846 (S.D. Fla. July 19, 2017) (applying Florida law and dismissing the complaint's duty to defend counts premised on extrinsic evidence); *Main St. Am. Assurance Co. v. DRW Properties, LLC*, 2021 WL 5988631 (D. Conn. Dec. 16, 2021) (applying Connecticut law and dismissing complaint count for duty to defend one insured but not another); *Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*, 511 F. Supp. 3d 1105, 1117 (D. Nev. 2021) (applying Nevada law and dismissing claim without reaching the merits).

the policy. Indeed, the district court went even further by determining that Northfield's indemnity was not subject to the sub-limit in the Assault or Battery Endorsement. (Doc. 28, p. 28.) The ruling on the merits should be vacated accordingly.

## II. NORTHFIELD PLAUSIBLY ALLEGED THAT IT DOES NOT OWE A DUTY TO DEFEND BASED ON J.G.'S ALLEGATIONS

Northfield plausibly alleged that J.G.'s allegations are not covered, so the motion to dismiss should have been denied. The Underlying Lawsuit does not allege "personal and advertising injury" under Coverage B, and even if it did, all of J.G.'s injury under both Coverage A and B is excluded. J.G. has no claims against Northbrook but for the conduct excluded by the Abuse or Molestation exclusion and/or the Assault or Battery exclusion, because but for the excluded conduct, she would not have been at the hotel in the first place.

### A. Coverage A Plausibly Does Not Apply

In its opening brief, Northfield showed exclusions apply under Coverage A "[e]ven if J.G. alleges 'bodily injury' in the Underlying Lawsuit." (Appellant's Brief, p. 20 of 32.) [2] As discussed therein and in Sections II.C. and II.D. below, Northfield at least plausibly alleged that any "bodily injury" alleged in the

---

[2] Contrary to Appellees' distraction, Northfield does not "improperly attempt[] to amend the complaint" with respect to its Coverage A arguments. (Appellees' Brief, Doc. 24, pp. 36 n.14, 46; *see also* Complaint, Doc. 1, ¶ 37.)

Underlying Lawsuit fall, within the limitations of the Abuse or Molestation exclusion and/or the Assault or Battery endorsement. Accordingly, the district court erred in dismissing Northfield's complaint for failure to state a claim for relief with respect to "bodily injury" under Coverage A.

### B. Coverage B Plausibly Does Not Apply

Coverage B of the Policy does not apply because the Underlying Lawsuit does not allege "personal and advertising injury" and because Policy exclusions apply. "Personal and advertising injury" is defined in pertinent part as "injury caused by one or more of the following offenses committed by or on behalf of the insured: (1) False arrest, detention or imprisonment, provided that the claim is made or the 'suit' is brought by a person who claims to have been falsely arrested, detained or imprisoned." (Doc. 1-3, p. 2.) The district court found J.G.'s alleged false imprisonment was committed "on behalf of" Northbrook because it financially benefitted from the sex trafficking and provided the venue. (Doc. 28, pp. 16-18.) This is not a reasonable meaning of the phrase "on behalf of" under Georgia law.

Under the case law, a claim that a hotel employee filmed a hotel guest in the shower was found *not* to be an offense committed "by or on behalf of" the hotel, as the filming was not done by or for the hotel. *Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*, 631 F. Supp. 3d 1256, 1278 (N.D. Ga. 2022). Appellees attempt to distinguish *Banyan Tree* by stating that there was no "conceivable or alleged" benefit

- 4 -

to the hotel from the employee filming a guest. (Appellees' Br., Doc. 24, p. 51.) Yet Appellees' distinction makes no difference, as the benefit the hotel received is *identical* to the benefit to Northbrook in this case, i.e., the room fee. *Id*. at 1273. Financial benefit, however, is not sufficient for the activity to be "by or on behalf of" the monetary recipient. *See also In re Concrete Prods., Inc.*, No. 88-20540, 1993 WL 13005114, at *5 (Bankr. S.D. Ga. Aug. 11, 1993) (construction company that purchased materials from debtor did not act "on behalf of" debtor by receiving a financial benefit). Consequently, any false imprisonment of J.G. by her sex trafficker was not "by or on behalf of" the hotel under Georgia law.

Likewise, Appellees' desired construction of "on behalf of" is contrary to the rules of contract construction that require legal instruments to be read as a whole, without parsing individual clauses for different meanings. O.C.G.A. § 13-2-2; *Willesen v. Ernest Commc'ns, Inc.*, 323 Ga. App. 457, 460, 746 S.E.2d 755, 758 (2013) ("Those rules require us to interpret any isolated clauses and provisions of the contract *in the context of the agreement as a whole*.") (emphasis added). *See also Payne v. Middlesex Ins. Co.*, 259 Ga. App. 867, 869, 578 S.E.2d 470, 472 (2003) ("[A]mbiguity is not to be created by lifting a clause or a portion of the contract out of context.")

In that regard the phrases "on behalf of" and "on [your, our, or an insured's] behalf" are used multiple times throughout the Policy. (Doc. 1-2, pp. 9, 17, 39, 47,

51, 55, 57, 59, 60, 64, 73, 79; Doc. 1-3, pp. 2, 9, 23.) These phrases cannot be read reasonably to mean 'in the interest' of' or 'for the benefit of' such that they are met through financial benefit or venue. For example, "on behalf of" appears in one of the other offenses in the same definition of "personal and advertising injury:" the "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises … committed by or *on behalf of* the owner, landlord or lessor." (Doc. 1-3, p. 2) (emphasis added). Under Appellees' view, a hotel guest who breaks into another guest's room would have done so "on behalf of" the hotel, because the hotel received a financial benefit for renting the room and provided the venue for the breaking-and-entering. Such an interpretation was clearly not intended by the parties. *See* O.C.G.A. § 13-2-3 ("The cardinal rule of construction is to ascertain the intention of the parties.").

At a bare minimum, Northfield "plausibly" alleged that J.G.'s sex traffickers did not act "by or on behalf of" Northbrook, such that any alleged injury from false imprisonment does not constitute "personal and advertising injury" as defined in the Policy. As Northfield pointed out in its opening brief, it is at least plausible (for purposes of overcoming the motion to dismiss) that "on behalf of" has a distinct meaning from "in the interest of" or "for the benefit of" as posited by both the district court and Appellees.

### C. The Abuse or Molestation Exclusion Plausibly Applies

Claims of "bodily injury" under Coverage A as well as "personal and advertising injury" under Coverage B are subject to the terms of the Abuse or Molestation exclusion that bars coverage for claims "arising out of any act of 'abuse or molestation' committed by any person, including any act or omission in connection with the prevention or suppression of such 'abuse or molestation'." "Abuse or molestation," in turn, is defined as "any intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected. (Doc. 1-2, p. 53.) (Doc. 1-2, p. 53.) The district court agreed that J.G. engaged in commercial sex acts when she was allegedly trafficked and that those acts constitute "abuse or molestation" (Doc. 28, p. 22), but incorrectly concluded that the Abuse or Molestation exclusion did not apply, as J.G. would have no claims against Northbrook absent the excluded conduct.

Appellees support their arguments by parsing out various aspects of a TVPRA claim as being distinct from "abuse or molestation," such as allowing damages apart from actual sex acts. They cite two cases in support which are readily distinguishable. In the first case, which is unpublished, the exclusion was limited to persons "in the care, custody or control" of an insured which is far narrower than the exclusion in Northbrook's policy. *See Starr Indem. & Liab. Co. v. Choice Hotels*

*Int'l, Inc.*, 2021 WL 2457107, at \*8 (S.D.N.Y June 6, 2021). In the second case, the court did not consider any exclusions. *See Ricchio v. Bijal, Inc.*, 424 F. Supp. 3d 182, 192 (D. Mass. 2019).

Appellees' dissection of aspects of a TVPRA claim runs afoul of Georgia law that construes the term "arising out of" as applying where there would be no claim "but for" the excluded conduct. *Continental Cas. Co. v. H.S.I. Financial Services, Inc.*, 266 Ga. 260, 262, 466 S.E.2d 4, 6 (1996). As the Supreme Court held in *Continental Casualty*, "by its express terms, the exclusionary clause is focused solely upon the genesis of HSI's claims—if those claims *arose out of* Page's culpable conduct, as they did, then coverage need not be provided." *Id.* (emphasis in original). *See also Video Warehouse, Inc. v. S. Tr. Ins. Co.*, 297 Ga. App. 788, 791, 678 S.E.2d 484, 488 (2009) ("Claims arise out of excluded conduct when 'but for' that conduct, there could be no claim against the insured.") *City of Coll. Park v. Ga. Interlocal Risk Mgmt. Agency*, 313 Ga. App. 239, 243, 721 S.E.2d 97, 100 (2011) ("the *underlying facts* and *circumstances* of the claims asserted, rather than the theory of the claims, determine whether or not the exclusion applies") (emphasis in original) (quoting *Video Warehouse*, 297 Ga. App. at 792, 678 S.E.2d 484).

Given this case law, the possibility that some 'aspects' of trafficking may not themselves constitute "abuse or molestation" does not mean that the "bodily injury" or "personal and advertising injury" did not *arise out of* "abuse or molestation" so

- 8 -

as to be excluded from coverage. In fact, the opposite is true; "focused solely on the genesis" of the claims—as required by *Continental Casualty*—all of J.G.'s claims flow from allegations that she was trafficked for sex. The Underlying Lawsuit itself opens by stating that J.G. was sex trafficked, and explicitly states that the basis for Northbrook's alleged liability is violation of the TVPRA *due to sex trafficking* and negligence *related to sex trafficking*. (Doc. 1-1, ¶¶ 1-2.) The Underlying Lawsuit mentions or references sex trafficking throughout the allegations. (Doc. 1-1, ¶¶ 1-3, 8, 10-11, 14-27, 29-30, 32-48, 51-83, 86-95, 97-104, 107, 110, 113.) As the district court itself acknowledged, J.G. alleged "that Northbrook's conduct caused her multiple, '*indivisible* injuries,' including 'substantial physical … harm" and 'physical deterioration.'" (Doc. 28, p. 22 (quoting Doc. 1-1 ¶¶ 23, 52, 83) (emphasis added).

Stated otherwise, J.G. would have no claims against Northbrook had she not been trafficked for sex, thereby satisfying the "but for" test applicable to the Abuse or Molestation Exclusion. Appellees' efforts to parse through certain elements of J.G.'s claims fail for the added reason that she actually engaged in commercial sexual acts; as the district court wrote, "J.G. alleges in the Underlying Action that she was caused to engage in commercial sex acts with adult men – acts that, in light of J.G.'s status as a minor, *the parties do not dispute constituted 'abuse or molestation.'*" (Doc. 28, p. 22) (emphasis added). "But for" these commercial sex

acts, J.G. would have no claims against Northbrook, because "but for" using the hotel for the commercial sex acts, J.G. would not have been at the hotel.

Appellees nevertheless try to analogize this case with a hypothetical raised in the unpublished opinion *Houston Specialty Insurance Company v. Five Paces Inn Company*, 823 F. App'x 897 (11th Cir. 2020) where a bar patron was served an "unwholesome" drink and was *later* assaulted by the bartender. *Id*. at 898. Because the policy covered liability from serving drinks, the court found that an assault and battery exclusion for the <u>*subsequent*</u> assault did not preclude defense of the claim in its entirety. *Id*. at 899.

To support that construction, the *Five Paces Inn* court hypothesized that the bar would still face liability for serving the "unwholesome" drink even if the assault occurred at a different location (or, frankly, whether it occurred at all). *Id.* From that, Appellees seek to extrude J.G. being held at the hotel from being trafficked elsewhere. (Appellees' Br., pp. 54-55 of 62.) This effort falls flat because the bar patron in *Five Paces Inn* was neither detained at the bar nor on the premises *for the purpose of being assaulted.* In contrast, the entirety of J.G.'s claim is that she was held at the hotel to be trafficked for sex. Unlike the assault in *Five Paces Inn*, the "abuse or molestation" at Northbrook's hotel was ***the sole reason*** for J.G.'s presence. Appellees' effort to analogize this case to the reasoning of *Five Paces Inn* should be rejected and instead focus on the actual allegation in this case along with

the breadth of the exclusionary language under Georgia law.

For these reasons, the district court plainly erred in finding that Northfield had not stated at least a plausible claim that the Abuse or Molestation exclusion applies to J.G.'s claims.

### D. The Assault or Battery Endorsement Plausibly Applies

The Assault or Battery Endorsement applies to claims under both Coverage A and B "arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery'" ("Assault or Battery exclusion"). (Doc. 1-3, p. 5.) [3] "Assault" is defined in the Policy as "any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury." (Doc. 1-3, p. 8.) "Battery" is defined in the Endorsement as "any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." (*Id.*) Thus, unlike other possible definitions, "assault" under the specific definition in the policy does not require a *physical* threat to inflict an injury.

---

[3] Appellees' assertion that Northfield did not raise the Assault or Battery exclusion in the trial court is disingenuous as it was presented in opposition to the motion to dismiss (Doc. 13, pp. 13-15) and ruled upon by the district court (Doc. 28, pp. 25-28).

This definition is critical to this appeal because in granting Appellees' motion the district court expressly (and improperly) found that exclusion did not apply because J.G. "does not allege that *physical* force was used *or threatened* against her." (Doc. 28, p. 28) (emphasis added). Physical force is not required to be an "assault" as defined by the policy. By any stretch, J.G.'s complaint is replete with allegations that in addition to being coerced to have sex (i.e., "battery") she was injured by being under threat of injury—physical and otherwise. As summarized by the district court,

> [J.G. was] forcibly kept in a hotel for extended periods without freedom of movement and under the thumb of dangerous individuals. (*Id.* ¶¶ 20, 23, 31.) More specifically, J.G. was allegedly confined by weapon-toting traffickers for weeks on end in hotel rooms that were used for a booming prostitution and drug-selling enterprise. (*Id.* ¶¶ 21, 26, 31.) On many days, numerous people went in and out of J.G.'s hotel room – not just to purchase sex with J.G., but also to purchase sex with other trafficking victims and to buy drugs. (*Id.* ¶¶ 21−22.)

(Doc. 28, p. 23.)

J.G.'s confinement at the hotel by "weapon-toting traffickers" falls squarely withing the policy's definition of an "assault" as it was plainly a threat to injure plaintiff or "conduct that would reasonably place another in apprehension of injury." (Doc. 1-3, p. 8.) Thus, as Northfield explained in its opening brief, in ruling on the application of this Endorsement and improperly ruling on the sub-limit, the district court failed to appreciate that the definition of "assault" in the policy did ***not*** require a threat of injury to be physical.

When applying terms of the insurance policy, "[t]he language must be given its literal meaning and the words their plain and ordinary effect *as defined in the policy*." *Fireman's Fund Indem. Co. v. Mosaic Tile Co.*, 101 Ga. App. 701, 705, 115 S.E.2d 263, 265 (1960) (emphasis added); *see also Mount Zion Baptist Church of Marietta v. GuideOne Elite Ins. Co.*, 808 F. Supp. 2d 1322, 1325 (N.D. Ga. 2011) ("[r]egardless of the many meanings attributed to [a] word … [the] Court must honor the specific definition of the policy …"); *Taylor Morrison Services, Inc. v. HDI-Gerling America Ins. Co.*, 293 Ga. 456, 460, 746 S.E.2d 587, 590 (2013) ("An insurer is entitled, of course, to define terms used in its insurance policies as it sees fit, and it may choose to define a term in an unusual and uncommon way.").

The district court also concluded that the Underlying Lawsuit does not allege "assault" or "battery" because J.G. "does not allege that she 'suffer[ed] either an intentional act to inflict injury or an intentional or reckless use of force.'" (Doc. 28, p. 28) (quoting *Mesa Underwriters Specialty Ins. Co. v. Khamlai Lodging, LLC*, 2022 WL 1135013, at *14 (N.D. Ga. Apr. 18, 2022)). To start with, the harm that results from trafficking a minor for sex is conclusively deemed to be intentional under Georgia law. The Supreme Court could not have been clearer: "We hold that intentional child molestation carries with it a presumption of intent to inflict injury. This presumption is not rebutted by the presentation of the insured's own self-serving testimony." *Roe v. State Farm Fire & Cas. Co.*, 259 Ga. 42, 42, 376 S.E.2d 876, 877

(1989). *See also Allstate Ins. Co. v. Jarvis*, 195 Ga. App. 335, 393 S.E.2d 489 (1990) (finding sexual mistreatment of a minor is *per se* an intentional act). Moreover, Northbrook's policy explicitly defines "assault" as applying *objectively* to "conduct that would reasonably place another in apprehension of injury," (Doc. 1-3, p. 5.)

The Third Circuit considered a similar case of a plaintiff who was held at a hotel for the purpose of sex trafficking, and found that the assault or battery exclusion barred coverage. Even without the broader definitions of an "assault" included in Northbrook's policy, the court concluded that "All alleged injuries in this complaint are the result of exploitation and assault by traffickers and customers with whom [the plaintiff] engaged in commercial sex acts. Accordingly, the assault and battery were the 'but for' causes of the injuries." *Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.*, 781 F. App'x 57, 60 (3d Cir. 2019). The identical "but for" test applies in Georgia as discussed above. *See Continental Casualty; Video Warehouse; Hays v. Georgia Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 114, 722 S.E.2d 923, 927 (2012). Applying Georgia's rules of construction, J.G.'s injuries had their "genesis" in "assault" and "battery" as those terms are defined by Northbrook's policy and would not have occurred "but for" the conduct specified in the Assault or Battery exclusion.

Appellees' contention that false imprisonment can theoretically exist without an "assault" or "battery" must be rejected. In support, Appellees first cite *Mesa*

*Underwriters Specialty Insurance Company v. Khamlai Lodging, LLC* , 2022 WL 1135013 (N.D. Ga. Apr. 18, 2022), which did not discuss false imprisonment at all and instead applied a much narrower definition of "assault or battery" that required intentional or reckless uses of force. *Id.* at *4. As explained above, the exclusion in Northbrook's policy applies more broadly by encompassing even reasonable apprehension of injury, whether physical or otherwise. Appellees' other citation is to *Evanston Insurance Company v. Dillard House, Inc.*, 2017 WL 3498953 (N.D. Ga. June 28, 2017), where—unlike in this case—the assault or battery limitation did not apply to Coverage B and therefore could not include false imprisonment.

Lastly, Appellees suggest that Coverage B would be rendered meaningless if "every false imprisonment [claim] where an individual is held against her will constitutes assault or battery." (Appellees' Br., Doc. 24, p. 59 of 62.) This is pure sophistry as it "is the nature of an exclusion—to exclude things that otherwise would be covered, when certain conditions are met." *Cynergy, LLC v. First Am. Title Ins. Co.*, 706 F.3d 1321, 1327 (11th Cir. 2013). *See also Tripp v. Allstate Ins. Co.*, 262 Ga. App. 93, 96, 584 S.E.2d 692 (2003) ("Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit … and it is equally free to insure against certain risks while excluding others.")

So viewed, a policy endorsement could conceivably go as far as to exclude Coverage B altogether, leaving only Coverage A intact. Nevertheless, Northbrook's

- 15 -

policy does not go that far as false imprisonment can be actionable without the threat of injury. *See, e.g., Mitchell v. Lowe's Home Centers, Inc.,* 234 Ga. App. 339, 341, 506 S.E.2d 381, 384 (1998) ("the record contains sufficient evidence to present a jury question as to whether the manager's comments and actions, the time it took to resolve the matter and the presence of the policeman resulted in a reasonable fear on the part of Mitchell that she was not free to leave the manager's office without experiencing personal difficulties.") In addition, Coverage B contains many other "offenses" that constitute "personal and advertising injury" that could be outside the Assault or Battery endorsement including malicious prosecution, wrongful entry and eviction, publication of slander or libel, publication of likeness or false light, and certain intellectual property infringement. (Doc. 1-3, p. 2.)

Moreover, the Assault or Battery exclusion must be read in context with the Assault or Battery Liability sub-limit of $25,000 for "each assault or battery offense" *that is not otherwise excluded by the terms of the policy.* (Doc. 1-3, p. 5.) The sub-limited coverage is also subject to the Abuse Or Molestation Or Sexual Harassment exclusion within the endorsement that bars coverage, in relevant part, for claims "arising out of 'abuse or molestation'." (Doc. 1-3, p. 6.) "Abuse or molestation" is defined as "any intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." (Doc. 1-3, p. 8.)

As explained above, the genesis of the Underlying Lawsuit is "abuse or molestation" under this definition. Nevertheless, but for that exclusion, the policy would provide coverage for "false imprisonment" that arises from an "assault" or "battery," albeit within the sub-limited coverage provided. So viewed, Appellees' contention that the coverage is illusory is itself an illusion.

Lastly, the district court plainly overstepped its bounds in finding affirmatively that even the sub-limit of $25,000 for an "assault" or "battery" would not apply. Again, this ruling was made in the context of a motion to dismiss for which the standard should have been whether Northfield plausibly stated a claim that it did not owe a duty to defend Northbrook based on the allegations in J.G.'s lawsuit. The district court went far beyond that inquiry by venturing into the extent of a duty to indemnify that the district court itself recognized would be premature before liability had been determined. Therefore, *if* the Court finds that the Abuse Or Molestation Or Sexual Harassment exclusion within the Assault or Battery Endorsement does not at least *plausibly* apply, then the issue of indemnification, including whether the sub-limit applies, must remain for adjudication.

## CONCLUSION

Because Northfield plausibly alleged the absence of coverage, the district court's affirmative finding of a duty to defend should be vacated and the case remanded for further proceedings consistent with this Court's opinion.

- 17 -

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmglaw.com
*Attorneys for Appellant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, this document contains 4,433 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

/s/ *Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

This 2nd day of May, 2025.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Attorney for Appellant Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)