In the

# United States Court of Appeals

## For the Eleventh Circuit

—————————————————

No. 24-13333

—————————————————

NORTHFIELD INSURANCE COMPANY,

*Plaintiff-Appellant,*

*versus*

NORTH BROOK INDUSTRIES, INC.,

   d.b.a. United Inn and Suites,

J.G.,

*Defendants-Appellees.*

—————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03596-SEG

—————————————————

ORDER:

     Counsel for the parties in this appeal are directed to be pre-pared to address the following issues at oral argument on Tuesday, January 27, 2026:

The parties assert in their jurisdictional statements that the district court's partial dismissal order is "immediately appealable as the grant of an injunction under 28 U.S.C. § 1292(a)(1)" because it contains an affirmative finding that Northfield has a duty to defend. The parties cite *National Union Fire Insurance Co. of Pittsburgh v. Sahlen*, 999 F.2d 1532 (11th Cir. 1993), and *James River Insurance Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246 (11th Cir. 2022), to support their interpretation of section 1292(a)(1).

We held in *Sahlen* that the district court entered an "injunction" against an insurer when it "direct[ed]" the insurer to "pay the [i]nsureds' defense costs" in pending litigation and "granted . . . summary judgment" for the insureds on their counterclaim requesting a declaration to that effect. 999 F.2d at 1532, 1535. We later held in *Ultratec* that the district court issued an order with the "practical effect" of an injunction when it "granted summary judgment to the [i]nsureds on their counterclaim for a declaratory judgment"

that the insurer had a duty to defend. 22 F.4th at 1252–53 (citation and internal quotation marks omitted). We emphasized that the district court "not only denied [the insurer] a declaratory judgment that it had no duty to defend; it granted summary judgment on the [i]nsureds' counterclaim for a declaratory judgment in their favor." *Id.* at 1252. We also noted that the insureds sought "other appropriate relief" in connection with their counterclaim, "which includes injunctive relief." *Id.* at 1253. Although "the district court's order in *Sahlen* was more explicit in stating that the insurer 'was required to pay the [i]nsureds' defense costs,'" the affirmative relief sought by the insureds and the procedural similarities to *Sahlen* led us to conclude that the district court's declaratory judgment was "akin to an injunction." *Id.*

Please prepare to discuss the following questions about *Sahlen*, *Ultratec*, and section 1292(a)(1) at oral argument:

1. Whether *Sahlen* and *Ultratec* are distinguishable because the district court "merely announce[d] the meaning of . . . contested policy provision[s]" in stating that Northfield had a duty to defend, *Zenith Ins. Co. v. Newell*, 78 F.4th 603, 608 (3d Cir. 2023), without "directing [Northfield] to defend," *Sahlen*, 999 F.2d at 1535, and without awarding affirmative relief to either party, *Ultratec*, 22 F.4th at 1252–53. *See also Zurn Indus., LLC v. Allstate Ins. Co.*, 75 F.4th 321, 329 & n.8 (3d Cir. 2023) (distinguishing *Sahlen* where declaratory judgment lacked a "directive" compelling insurer to defend insured).

2. Whether the district court's partial dismissal order is appealable under section 1292(a)(1) if *Sahlen* and *Ultratec* do not control. The Court is particularly interested in whether the order has the "practical effect" of an injunction under Supreme Court and Circuit precedent. *See,*

*e.g.*, *Abbott v. Perez*, 138 S. Ct. 2305, 2321–22 (2018) (applying "practical effect" test and suggesting that orders need more than a statement that legal violations "must be remedied" to have the practical effect of an injunction); *Positano Place at Naples I Condo. Ass'n v. Empire Indem. Ins. Co.*, 84 F.4th 1241, 1248–54 (11th Cir. 2023) (comparing requirements for "explicit" injunctions and "practical effect" injunctions under section 1292(a)(1)); *see also In re Culton*, 111 F.3d 92, 94 (11th Cir. 1997) (describing "the exception to the final judgment rule contained in [section] 1292(a)(1)" as "a very narrow one"); 16 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3922 (3d ed. Sept. 2025 update) (explaining that "an interlocutory declaration of rights" ordinarily "does not support appeal under [section] 1292(a)(1)").

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION