COURT OF APPEALS NO. 24-13333-F

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NORTHFIELD INSURANCE COMPANY,

Appellant,

v.

NORTHBROOK INDUSTRIES, INC., and J.G.,

Appellees.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CIVIL ACTION FILE NUMBER 1:23-cv-03596-SEG

———————

SUPPLEMENTAL BRIEF OF APPELLANT
NORTHFIELD INSURANCE COMPANY

Philip W. Savrin
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Ste. 1600
Atlanta, GA 30339-5948
(770) 818-0000
*Attorneys for Plaintiff-Appellant*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................... ii

FACTS ................................................................................................... 1

ARGUMENT ......................................................................................... 3

     A.    The Affirmative Finding that Northfield Owes a Defense to
          Northbrook is Appealable as an Injunction Under *Ultratec*
          and *Sahlen* ................................................................................. 3

          1.    The Jurisdictional Holdings of *Sahlen* and *Ultratec* .................. 4

          2.    Application of *Sahlen* and *Ultratec* to the Case at Bar .............. 6

          3.    The Distinct Circumstances of *Zurn* .......................................... 7

     B.    Alternatively, the Affirmative Finding that Northfield Owes
          a Duty to Defend Northbrook is Appealable as it had the
          Practical Effect of an Injunction pursuant to *Abbott v. Perez* .............. 8

     C.    The Affirmative Finding that Northfield Owed a Duty to Defend
          was a Final and Appealable Order in and of Itself ............................ 12

CONCLUSION ..................................................................................... 17

CERTIFICATE OF COMPLIANCE ...................................................... 18

CERTIFICATE OF SERVICE .............................................................. 19

# <u>TABLE OF AUTHORITIES</u>

<u>Citations</u> <u>Page No.</u>

*Abbott v. Perez*, 535 U.S. 579 (2011) ..................................................................8, 9

*AIX Spec. Ins. Co. v. Everett*, 2022 WL 950936 (11th Cir. March 30, 2022)...........5

*Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 409 S.E.2d 41 (1991).......14

*Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331 (11th Cir. 2000)...............13

*Capitol Spec. Ins. Corp. v. PTAV, Inc.*, 331 F. Supp. 3d 1329 (N.D. Ga. 2018) ....14

*Catlin v. United States*, 324 U.S.229 (1945) ............................................................13

*Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934 (11th Cir. 2023) .................12

*DeRoy v. Carnival Corp.*, 963 F.3d 1302 (11th Cir. 2020) .....................................16

*Hoover v. Maxum Indem. Co.,* 291 Ga. 402, 730 S.E.2d 413 (2012)........................6

*James River Ins. v. Rich Bon Corp.*, 34 F.4th 1054 (11th Cir. 2022).....................13

*James River Ins. Co. v. Ultratec Special Effects, Inc.*, 449 F. Supp. 3d 1157
    (N.D. Ala. 2020), *aff'd* 22 F.4th 1246 (11th Cir. 2022) ....................................5

*James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246
    (11th Cir. 2022).................................................................................3, 4, 5, 6, 8

*Nautilus Ins. Co. v. Captain Pip's Holdings, LLC*, 2025 WL 2111805
    (11th Cir. July 29, 2025) .................................................................................13

*Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367
    (N.D. Ga. 2009).................................................................................................14

*Nat'l Union Ins. C. of Pittsburgh, Pa. v. Sahlen*, 999 F.2d 1523
    (11th Cir. 1993)...........................................................................3, 4, 5, 6, 7, 8

*Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365 (11th Cir. 1983) ...............................13

*Positano Place at Naples I Condominium Association, Inc. v. Empire
    Indemnity Insurance Company*, 84 F. 4th 1241 (11th Cir. 2023).....................9

*Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 373 S.E.2d 671 (1988)...14

*Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 653 S.E.2d 870 (2007) ...............14

*Tari v. Collier Cnty.*, 56 F.3d 15335 (11th Cir. 1995)..............................................15

*Terra Nova Insurance Company, Ltd. v. 900 Bar, Inc.,* 887 F.2d 1213
    (3d Cir. 1989) ......................................................................................10, 11, 12

*Zurn Industries, Inc. v. Allstate Insurance Company*, 75 F.4th 321
    (3d Cir. 2023) ....................................................................................................7, 8

Statutes

28 U.S.C. § 1291 ...................................................................................3, 10, 12, 16

28 U.S.C. § 1292(a)(1)..............................................................................4, 9, 11, 12

Appellant Northfield Insurance Company ("Northfield") files this supplemental brief to address the appealability of the district court's declaration that it owed a duty to defend Appellee Northbrook Industries, Inc. ("Northbrook") in the ongoing liability lawsuit filed by Appellee J.G.

## FACTS

Northfield initiated this action to determine its coverage obligations, if any, owed to Northbrook in the underlying lawsuit filed by J.G. (Dist. Ct. Doc. 1.) In lieu of answering, Northbrook moved to dismiss by contending that J.G.'s allegations gave rise to a duty to defend under the policy and the duty to indemnify was not ripe for adjudication. (Dist. Ct. Doc. 7-, p. 2) ("Because Plaintiff's declaratory judgment claims are not ripe for adjudication as to its indemnification duty and fail as a matter of law as to its defense duty, Plaintiff's Complaint should be dismissed.") Northbrook thus asked the district court to "grant its Motion to Dismiss and dismiss Plaintiff's Complaint *in its entirety*." (Dist. Ct. Doc. 7-1, p. 17—emphasis added.) J.G. "adopted" Northbrook's motion, also in lieu of answering. (Dist. Ct. Doc. 9.)

In response, Northfield agreed that the district court would lack jurisdiction to determine that it ***owed*** a duty to indemnify. (Doc. 13, pp. 5-7.) However, because the duty to defend is broader than the duty to indemnify, Northfield showed that the jurisdiction existed to determine whether it owed a defense in the first place, as the absence of a defense obligation based on the allegations of liability would

necessarily mean that it did not owe a duty to indemnify based on the evidence. (*Id.*) Northfield then argued that the allegations in the coverage suit showed that it did not owe a duty to defend based on the liability allegations asserted by J.G., which would preclude a duty to indemnify as well. (*Id.*, pp. 8-15.)

In granting Northbrook's motion, the district court not only rejected Northfield's arguments that it had plausibly stated a claim that it did not owe coverage but found—affirmatively—that "[b]ecause J.G.'s claims against Northbrook are covered and not excluded or limited by the Policy, *Northfield has a duty to defend Northbrook in the Underlying Action*." (Dist. Ct. Doc. 28, p. 29—emphasis added.) This ruling obviated the need for Northbrook or J.G. to answer the allegations let alone for any discovery to be conducted. The district court went even further by acknowledging that that it lacked jurisdiction to determine the extent of a duty to indemnify because liability had not been determined. Nevertheless, purporting serving the interests of judicial economy, the district court stayed the case pending resolution of the J.G.'s lawsuit when the extent of a duty to indemnify would become ripe for adjudication. (Dist. Ct. Doc. 28, pp. 29-32.)

Northfield timely appealed the district court's order that it owed a duty to defend Northbrook. (Dist. Ct. Doc. 29.) After the case was docketed in this Court, and the briefing on the merits was closed, oral argument was set for January 27, 2026. Twenty days in advance, on January 7, 2026, the Court directed the parties to

be prepared to address, at oral argument, whether the order is directly appealable as an injunction under 28 U.S.C. § 1292(a)(1) or because it had the "practical effect" of an injunction under Supreme Court and Circuit precedent.

Upon reviewing the law, Northfield sought leave to file this supplemental brief on the issues posed by the Court and in addition whether that the district court's ruling was a final order under 28 U.S.C. § 1291. With leave of court, Northfield addresses each of these issues in sequence.

## **ARGUMENT**

### A. **The Affirmative Finding that Northfield Owes a Defense to Northbrook is Appealable as an Injunction Under *Ultratec* and *Sahlen***

The first question posed by the Court is whether *Ultratec*[1] and *Sahlen*[2] are distinguishable because the district court in this case construed the policy "without awarding affirmative relief to either party," noting that the Third Circuit found *Sahlen* to be distinguishable "where declaratory judgment lacked a 'directive' compelling insurer to defend insured." (11th Cir. Doc. No. 39, p. 4.) Although the insureds in *Ultratec* and *Sahlen* were awarded the relief they sought, the cases are indistinguishable from this case where the relief was *sua sponte*.

---

[1] *James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246 (11th Cir. 2022).

[2] *Nat'l Union Ins. C. of Pittsburgh, Pa. v. Sahlen*, 999 F.2d 1523 (11th Cir. 1993).

- 3 -

### 1. The Jurisdictional Holdings of *Sahlen* and *Ultratec*

In *Sahlen*, the insurer (National Union) sued for rescission. The district court initially ordered National Union to continue to pay defense costs while the rescission issue was resolved. Upon then rescinding the policy, the district court determined that National Union did not need "to pay costs incurred prior to rescission of the policy." This Court found both rulings to be appealable under 28 U.S.C. § 1292(a)(1), the first as an injunction requiring National Union to pay defense costs, and the second as an order dissolving that injunction. *Id.*

*Ultratec* presented a scenario akin to the one at bar where the insurer (James River) filed a declaratory judgment action to determine its coverage while also defending its insureds under a reservation of rights. Both parties then cross-moved for summary judgment on James River's coverage defenses, which turned on the interpretation of the policy provisions. The district court resolved the cross-motions in the insureds' favor from which James River filed a notice of appeal.

In considering its jurisdiction, this Court noted that a district court need not *expressly* grant an injunction for its ruling to be immediately appealable under 28 U.S.C. § 1292(a)(1). This Court also acknowledged that the ruling was distinct from *Sahlen* where National Union "was required to pay the Insureds' defense costs in the underlying suits until its claim for rescission was resolved." 22 F. 4th at 1252. Nevertheless, appellate jurisdiction existed in *Ultratec:* "***[D]espite*** the difference in

wording [in *Sahlen*] because the district court here likewise granted summary judgment to the Insureds on their counterclaim for a declaratory judgment, ***thereby*** requiring James River to pay their defense costs." *Id.* at 1253 (emphases added). *See also AIX Spec. Ins. Co. v. Everett*, 2022 WL 950936, *2, n.3 (11th Cir. March 30, 2022) ("By granting Everett's cross-motion for summary judgment and declaring that AIX owes a duty to defend Hollywood in the state court litigation, the order effectively requires AIX to pay Hollywood's defense costs and thus sufficiently resembles an injunction.")

Before applying these principles, Northfield notes that this Court's *Ultratec* decision includes a statement at one point that the district court "ordered James River to continue defending the Insureds." 22 F.4th at 1251. This characterization needs to be read in conjunction with district court's actual ruling that James River "has a duty to defend [the insured] in the underlying actions." *James River Ins. Co. v. Ultratec Special Effects, Inc.*, 449 F. Supp. 3d 1157, 1172 (N.D. Ala. 2020)*, aff'd* 22 F.4th 1246 (11th Cir. 2022). The district court's ruling was thus ***identical*** to the ruling in this case that "Northfield has a duty to defend Northbrook in the Underlying Action." (Dist. Ct. Doc. 28, p. 29.) *Ultratec*'s finding of appellate jurisdiction on the identical verbiage, as explained below, is therefore binding precedent in this appeal.

### 2. Application of *Sahlen* and *Ultratec* to the Case at Bar

Northfield acknowledges the district court in *Sahlen* expressly ordered

National Union to continue to pay defense costs while policy rescission was being adjudicated. As in *Ultratec*, however, the district court did not need to do so because Northfield was already (and is) defending Northbrook while also seeking declaratory relief, Northfield pursued the "standard and acceptable procedure" that is encouraged under Georgia law as opposed to disclaiming coverage outright. *Hoover v. Maxum Indem. Co.,* 291 Ga. 402, 405, 730 S.E.2d 413, 417 (2012). Importantly for present purposes, *Ultratec* found the order to pay defense costs in *Sahlen* was not dispositive of the appellate jurisdiction issue. Instead, this Court found that "*despite*" the difference from the wording in *Sahlen*, the district court's declaration that James River owed a defense "*thereby*" meant that James River had to pay the defense costs. 22 F.4th at 1253.

The district court's ruling in this case is identical *to the word* when it found that "Northfield has a duty to defend Northbrook in the Underlying Action." (Dist. Ct. Doc. 28, p. 29.) The sole distinction from *Ultratec* is that the insured had requested a declaration that James River owed a defense, whereas here the defendants had moved to dismiss Northfield's action "in its entirety." *Id.* at 17. The net outcome is the same as the district court *sua sponte* declared that Northfield owed a defense. Paraphrasing *Ultratec*, "despite" the difference in wording from *Sahlen*, the declaration that Northfield has a duty to defend "thereby required Northfield to pay Northbrook's defense costs." *See* 22 F.4th at 1253.

### 3.  The Distinct Circumstances of *Zurn*

The Third Circuit's decision in *Zurn Industries, Inc. v. Allstate Insurance Company*, 75 F.4th 321 (3d Cir. 2023), also cited by the Court in its order of January 7, 2026, is inapposite. In *Zurn*, an insured sought a declaration that the limits of its primary and umbrella policies had been exhausted such that its excess insurers, including American Home Assurance Company, had a duty to defend underlying asbestos-related lawsuits. In resolving cross-motions, the district court declared (among many other things) "that American Home Assurance Company must pay defense costs in addition to policy limits." *Id.* at 325. American Home appealed.

In examining its jurisdiction, the Third Circuit explained that the order "did not direct American Home to take over the defense of Zurn in the underlying asbestos suits." *Id.* at 329. This statement is very telling because American Home was an excess carrier and the insured was being defended by other insurers. As such, the order was merely an interlocutory finding that defense costs would be "in addition to policy limits" on the way toward ultimately declaring the relative obligations among the excess carriers.

In the course of the ruling, *Zurn* dropped a footnote that distinguished *Sahlen* in a string cite as having "exercise[ed] jurisdiction over order that effectively dissolved previous order that required [the] Insurer to pay the Insureds' defense costs in the underlying suits." 75 F.4th at 329, n.8 (cleaned up). As noted above, there

were two appealable orders in *Sahlen*, the first requiring National Union to pay defense costs, and the second dissolving that ruling once the policy was rescinded.

The footnote in *Zurn* concerned the second ruling that *dissolved* the order requiring the insurer to pay. It is *Ultratec*'s reliance on the appealability of the first ruling in *Sahlen* that is relevant to the jurisdictional issue in this case as discussed above. Tellingly, *Zurn* does not cite *Ultratec* or attempt to distinguish its holding as part of the jurisdictional analysis. Nor could *Ultratec* apply to *Zurn* where the insured was being defended by insurers other than American Home whereas Northfield is continuing to defend Northbrook. In any event, as binding precedent, *Ultratec* would control even if *Zurn* had held (or reasoned) to the contrary.

For all these reasons, *Zurn*'s reference to *Sahlen* in a footnote on a wholly different issue does not impact this Court's jurisdiction to hear the merits of the district court's affirmative finding that Northfield owes a duty to defend Northbrook.

**B. Alternatively, the Affirmative Finding that Northfield Owes a Duty to Defend Northbrook is Appealable as it had the Practical Effect of an Injunction pursuant to *Abbott v. Perez***

The second question posed by the Court is whether the district court's ruling would be appealable under *Abbott v. Perez*, 535 U.S. 579 (2011), if not as an injunction pursuant to *Ultratec* and *Sahlen*.

*Abbott* involved challenges to voting districts in Texas. At issue was an interlocutory order by a three-judge district court finding there were violations of

- 8 -

federal law that needed to be remedied. Texas appealed directly to the Supreme Court, expressing a concern that the district court might revise the voting districts such that adhering to the existing plan could complicate its defenses and also subject Texas to pre-clearance provisions of the Voting Rights Act. Although the district court had not issued an injunction *per se*, the Supreme Court found jurisdiction existed under an analog of 28 U.S.C. § 1292(a)(1) because the ruling had "the 'practical effect' of granting or denying an injunction." 535 U.S. at 594.

> This 'practical effect' rule serves a valuable purpose. If an interlocutory injunction is improperly granted or denied, much harm can occur before the final decision in the district court. Lawful and important conduct may be barred, and unlawful and harmful conduct may be allowed to continue.

*Id*. at 595.

The Eleventh Circuit analyzed the "practical effect" rule in *Positano Place at Naples I Condominium Association, Inc. v. Empire Indemnity Insurance Company*, 84 F. 4th 1241 (11th Cir. 2023), where the insurer sought to appeal a district court's order compelling appraisal of property that was the subject of the insurance dispute. *Positano* explained that an order is appealable "(1) 'if the relief sought is not actually an injunction, then it must have the practical effect of an injunction'; and (2) 'the appellant must show that the interlocutory order of the district court 'might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal.'" *Id.* at 1252 (citations omitted). The majority

dismissed the appeal for lack of jurisdiction; as the appraisal proceedings could be appealed from entry of final judge, "the order is not effectively challengeable only by immediate appeal." *Id*. And although there was a dissenting opinion, the disagreement on this issue was whether the appraisal order could be effectively challenged after final judgment. *Id*. at 1265-66 (Tjoflat, J., dissenting) ("I disagree with the Majority's position that Empire will be able to obtain appellate review of its challenge to the Appraisal Order in appealing an adverse final judgment under § 1291.") The linchpin thus appears to be "the insufficiency of the remedy after final judgment." *Id*. at 1253 (citation omitted).

If the district court's ruling is not considered an injunction, the declaration that Northfield owes a defense to Northbrook falls inexorably within the practical effect rule, as the duty to defend would be moot by the time the underlying liability case is resolved. In that instance, the "harm" to the insurer in being compelled to defend an action that its policy did not cover could never be remedied. The Third Circuit addressed this conundrum directly in *Terra Nova Insurance Company, Ltd. v. 900 Bar, Inc.,* 887 F.2d 1213 (3d Cir. 1989) where the district court stayed the insurer's coverage case pending resolution of the underlying lawsuit. As the court there explained,

> [A] declaration that there was no duty to defend will not entitle Terra Nova to recover any costs it has expended. Since the defense will already have been provided, Terra Nova will also be unable to avoid any costs if it continues to defend until the state cases are concluded.

- 10 -

> When the state court actions conclude and the stay is lifted, Terra Nova will have no need for, and no right to, the declaratory relief it seeks in the district court.
>
> If Terra Nova continues to defend, the issue of its duty to do so will also be unreviewable if not heard now. … The stay pending the conclusion of the state action eliminates the possibility of effective review of the merits of whether Terra Nova has a duty to defend by postponing resolution of that duty until the issue becomes moot. Under either *res judicata* or mootness, the district court will have no occasion to consider the duty to defend once the stay terminates, and we will have no opportunity to review its decision on that issue.

*Id*. at 1220.

In reaching this decision the Third Circuit mused whether the defense costs could be reimbursed once the duty to indemnify is adjudicated, in which case an erroneous finding of a duty to defend might be remediable on appeal from final judgment. Finding no Pennsylvania authority, the court concluded nevertheless that allowing reimbursement "would be inconsistent with the legal principles that induce an insurer's offer to defend under reservation of rights." 887 F.2d at 1219. The court thus adhered to its conclusion that finding a duty to defend is immediately appealable under 28 U.S.C. § 1292(a)(1).

Whereas *Terra Nova* had to contemplate the substantive law, this Court has already found that Georgia law "would not allow an insurer to recoup its expenses based on a reservation of rights letter without any contractual provision allowing for reimbursement." *Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934, 949–50 (11th Cir. 2023). Thus, absent an immediate appeal, Northfield would be placed in the

identical quandary described in *Terra Nova* as the finding of a duty to defend would be immunized from ***any*** appellate review. No clearer application of the "practical effect rule" exists than a ruling that cannot be reviewed absent an immediate ability to appeal. The order in this case is thus appealable under 28 U.S.C. § 1292(a)(1).

The situation would have been different had the district court granted the relief sought by the insured and dismissed Northfield's complaint in its entirety, as the appeal would have been from a final judgment terminating the case. Indeed, in the section below, Northfield presents the additional argument that the district court lacked jurisdiction to stay the case once it found Northfield owed a duty to defend such that the finding of a duty to defend was final and appealable under 28 U.S.C. § 1291. If the stay was appropriate, however, the affirmative finding of a duty to defend falls squarely within the "practical effect" rule allowing an immediate appeal.

## C. The Affirmative Finding that Northfield Owed a Duty to Defend was a Final and Appealable Order in and of Itself

Although not raised by the Court in its order of January 7, 2026, the district court's dismissal of Northfield's complaint with respect to a duty to defend was a final and appealable order. Title 28 U.S.C. § 1291 provides this Court with "jurisdiction of appeals from all final decisions of the district courts of the United States…except where direct review may be had in the Supreme Court." A final order is "one which ends the litigation on the merits and leaves nothing for the court to do

but execute the judgment." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th

Cir. 1983) (quoting *Catlin v. United States*, 324 U.S.229, 233 (1945)).

It is axiomatic that federal court jurisdiction is constrained by Article III of

the United States Constitution. One of those limitations is the need for a "case or

controversy" that is "ripe" for resolution. Without ripeness, the federal court lacks

subject matter jurisdiction to adjudicate the "case or controversy."

> The ripeness doctrine protects federal courts from engaging in
> speculation or wasting their resources through the review of potential
> or abstract disputes. The doctrine seeks to avoid entangling courts in
> the hazards of premature adjudication. The ripeness inquiry requires a
> determination of (1) the fitness of the issues for judicial decision, and
> (2) the hardship to the parties of withholding court consideration.
> Courts must resolve whether there is sufficient injury to meet Article
> III's requirement of a case or controversy and, if so, whether the claim
> is sufficiently mature, and the issues sufficiently defined and concrete,
> to permit effective decisionmaking by the court.

*Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)

(citations and internal quotation marks omitted); *see also Bowen v. First Family Fin.*

*Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) (explaining that to be "ripe," the

litigant must "face immediate, tangible harm.")

In the insurance context, a duty to defend is ripe while the underlying liability

lawsuit is ongoing because that is when the duty would be owed. *See Nautilus Ins.*

*Co. v. Captain Pip's Holdings, LLC*, 2025 WL 2111805, at *2 (11th Cir. July 29,

2025) (citing *James River Ins. v. Rich Bon Corp.*, 34 F.4th 1054, 1058 (11th Cir.

2022)) ("Duty to defend claims, unlike indemnification claims, are ripe prior to the

adjudication of the underlying suit.") Under the applicable law, "[a]n insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy." *Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 572, 409 S.E.2d 41, 42 (1991). The question to be answered is, "Do such [liability] claims assert liability under the policy?" *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 611, 373 S.E.2d 671, 672 (1988).

The duty to indemnify is narrower as the question is whether the insurer "would be required to indemnify the Insureds for any damages recovered against them in that action." *Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317, 653 S.E.2d 870, 873 (2007). Thus, where there is *no* duty to defend, "the duty to indemnify may be ripe for adjudication where a court finds no duty to defend, as 'logic and common sense' make clear that the duty to indemnify would be governed by the same facts and contractual provisions." *Capitol Spec. Ins. Corp. v. PTAV, Inc.*, 331 F. Supp. 3d 1329, 1334 (N.D. Ga. 2018). However, where there *is* a duty to defend, "any number of eventualities could change the analysis whether [the insurer] owes a duty to indemnify under the policies." *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009). As such, where the insurer accepts a duty to defend (which Northfield disputes by this action), the "duty to indemnify … is not ripe for adjudication until the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x. 768, 770

(11th Cir. 2019); s*ee also MedMarc Cas. Ins. Co. v. Fellows LaBriola, LLP,* 769 F. Supp. 3d 1311, 1317-18 (N.D. Ga. 2025) (finding the duty to indemnify was not ripe because the insurer owed a duty to defend an ongoing liability lawsuit).

Once the district court resolved that Northfield *owed* a duty to defend, it correctly found that "Northfield's claims are not ripe *as they relate to its duty to indemnify*." (Dist. Ct. Doc. 28, p. 30—emphasis added.) This determination was consistent with the jurisdictional parameters, which the district court acknowledged. (*Id.* (*quoting Tari v. Collier Cnty.*, 56 F.3d 1533, 1535 (11th Cir. 1995)) ("The question of ripeness goes to whether the district court has subject matter jurisdiction.") Yet the district court relied on "judicial economy" to find it had "discretion to stay consideration of Northfield's duty to indemnify until resolution of the Underlying Action." (*Id.*, p. 32.) Because subject matter jurisdiction was limited to a duty to defend, however, there was no basis to stay the case as the declaration of a duty to defend "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." *Pitney Bowes,* 701 F.2d at 1368. The district court's finding that Northfield owes a duty to defend is thus a "final order" under 28 U.S.C. § 1291 that is before this Court to review on the merits.[3]

---

[3] Northfield notes that in *Ultratec*, the declaration that the insurer owed a duty to defend was deemed to be "nonfinal and interlocutory" because the indemnity question remained pending. 22 F.4th at 1251. The PACER docket indicates that the litigation continued in the district court, perhaps with respect to other parties. No other parties exist in this case, and because subject matter jurisdiction goes to the

## **<u>CONCLUSION</u>**

For the reasons provided, this Court has jurisdiction to review the district court's order granting Northbrook's motion to dismiss and declaring that Northfield owes a duty to defend.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Attorneys for Appellant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)

---

power to hear a case it "can never be waived or forfeited." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This document complies with the word limit for reply briefs of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, this document contains 3,992 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

_____
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

This _____ day of January, 2026.

_____
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Attorney for Appellant Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)