No. 24-13333-F

_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

NORTHFIELD INSURANCE COMPANY,
*Appellant*,

v.

NORTHBROOK INDUSTRIES, INC. and J.G.,
*Appellees.*

_____

On Appeal from the United States District Court
for the Northern District of Georgia
Civil Action File Number 1:23-cv-03596-SEG

_____

TIME SENSITIVE MOTION FOR LEAVE
TO FILE SUPPLEMENTAL BRIEF BY APPELLEES

_____


Shattuck Ely
FELLOWS LABRIOLA LLP
233 Peachtree St., NE
Suite 2400
Atlanta, GA 30303
(404) 586-9200
tely@fellab.com

*Counsel for Appellee J.G.*

Christopher J. Daniels
BARNES & THORNBURG LLP
3340 Peachtree Rd., NE
Suite 2900
Atlanta, GA 30326
(404) 264-4053
cdaniels@btlaw.com

*Counsel for Appellee
Northbrook Industries, Inc.*

On January 16, 2026, Appellant Northfield Insurance Company filed its Time Sensitive Motion for Leave to File Supplemental Brief in response to the Court's jurisdictional questions issued on January 7, 2026. Because Appellees J.G. and Northbrook Industries, Inc. disagree with Northfield's responses to the Court's jurisdictional questions, they file this Time Sensitive Motion for Leave to File Supplemental Brief to provide the Court with full briefing on its jurisdictional questions.

Dated: January 21, 2026          Respectfully submitted,

*/s/ Shattuck Ely*                 */s/ Christopher J. Daniels*
Shattuck Ely                      Christopher J. Daniels
Georgia Bar No. 246944            Georgia Bar No. 113177
FELLOWS LABRIOLA LLP              BARNES & THORNBURG LLP
233 Peachtree St. NE              3340 Peachtree Rd., NE
Suite 2400                        Suite 2900
Atlanta, GA 30303                 Atlanta, GA 30326
(404) 586-9200                    (404) 264-4053
tely@fellab.com                   cdaniels@btlaw.com

David H. Bouchard                 *Counsel for Appellee*
Georgia Bar No. 712859            *Northbrook Industries, Inc.*
FINCH MCCRANIE LLP
229 Peachtree St. NE
Suite 2500
Atlanta, GA 30303
(404) 658-9070
david@finchmccranie.com

*Counsel for Appellee J.G.*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R.

App. P. 27(d)(2)(A) because it contains 70 words, not counting the parts

of the motion excluded by Fed. R. App. P. 32(f).

Dated:  January 21, 2026

> */s/ Shattuck Ely*
> Shattuck Ely
> Georgia Bar No. 246944
> FELLOWS LABRIOLA LLP
> 233 Peachtree St. NE
> Suite 2400
> Atlanta, GA 30303
> (404) 586-9200
> tely@fellab.com
>
> *Counsel for Appellee J.G*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

Dated:  January 21, 2026

*/s/ Shattuck Ely*
Shattuck Ely
Georgia Bar No. 246944
FELLOWS LaBRIOLA LLP
233 Peachtree St. NE
Suite 2400
Atlanta, GA 30303
(404) 586-9200
tely@fellab.com

*Counsel for Appellee J.G*

No. 24-13333-F
_____

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**
_____

NORTHFIELD INSURANCE COMPANY,
*Appellant,*

v.

NORTHBROOK INDUSTRIES, INC. and J.G.,
*Appellees.*
_____

**On Appeal from the United States District Court
for the Northern District of Georgia
Civil Action File Number 1:23-cv-03596-SEG**
_____

**SUPPLEMENTAL BRIEF
OF APPELLEES**
_____

Shattuck Ely
FELLOWS LABRIOLA LLP
233 Peachtree St., NE
Suite 2400
Atlanta, GA 30303
(404) 586-9200
tely@fellab.com

*Counsel for Appellee J.G.*

Christopher J. Daniels
BARNES & THORNBURG LLP
3340 Peachtree Rd., NE
Suite 2900
Atlanta, GA 30326
(404) 264-4053
cdaniels@btlaw.com

*Counsel for Appellee
Northbrook Industries, Inc.*

# TABLE OF CONTENTS

TABLE OF CITATIONS .............................................................................. ii

PROCEDURAL BACKGROUND .............................................................. 1

ARGUMENT ........................................................................................... 2

    A.    The district court's order is distinguishable from *Sahlen* and *Ultratec* because it did not grant any relief to Northbrook or direct Northfield to do anything. .................................. 2

    B.    The district court's order does not have the "practical effect" of an injunction and is not appealable under 28 U.S.C. § 1292(a)(1). ...................................................................... 6

    C.    The district court's order is not directly appealable under 28 U.S.C. § 1291. ...................................................... 12

CONCLUSION ........................................................................................ 14

CERTIFICATE OF COMPLIANCE ........................................................ 16

CERTIFICATE OF SERVICE ................................................................ 17

# TABLE OF CITATIONS

## Cases

*Accord Corley v. Long-Lewis, Inc.*,
965 F.3d 1222, (11th Cir. 2020) (William Pryor, C.J., concurring) .... 10

*AIX Spec. Ins. Co. v. Everett*,
2022 WL 950936 (11th Cir. March 30, 2022) ................................. 5, 13

*AIX Specialty Ins. Co. v. Everett*,
543 F. Supp. 3d 1321, (M.D. Fla. 2021) ................................................ 5

*Am. Nat'l Prop. & Cas. Co. v. Gulf Coast Aerial, LLC*,
533 F. Supp. 3d 1110, (S.D. Ala. 2021) .............................................. 13

*Am. States Ins. Co. v. Cap. Assocs. of Jackson Cnty., Inc.*,
392 F.3d 939, (7th Cir. 2004) .............................................................. 14

*Cf. Abbott v. Perez*,
585 U.S. 579, (2018) ............................................................................... 6

*Cf. Liberty Surplus Ins. Corp. v. Kaufman Lynn Constr., Inc.*,
130 F.4th 903, (11th Cir. 2025) .......................................................... 10

*Cont'l Cas. Co. v. Winder Lab'ys, LLC*,
73 F.4th 934 (11th Cir. 2023) ............................................................. 10

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863, (1994) ............................................................................. 11

*Essex Ins. Co. v. Long Island Owners Ass'n, Inc.*,
379 F. App'x 422, (5th Cir. 2010) ....................................................... 13

*Gon v. First State Ins. Co.*,
871 F.2d 863 (9th Cir. 1989) ................................................................. 3

*In re Culton,*
   111 F.3d 92, (11th Cir. 1997) ............................................................ 11

*James River Ins. Co. v. Ultratec Special Effects, Inc.,*
   22 F.4th 1246 (11th Cir. 2022) ................................... 2, 3, 4, 5, 8, 12, 13

*James River Ins. Co. v. Ultratec Special Effects, Inc.,*
   No. 5:16-cv-949 (N.D. Ala. Mar. 27, 2020) ............................................ 4

*Nat'l Union Ins. Co. of Pittsburgh, PA v. Sahlen,*
   999 F.2d 1523 (11th Cir. 1993) ................................................. 2, 3, 4, 5

*Penn–Am. Ins. Co. v. Mapp,*
   521 F.3d 290 (4th Cir. 2008) ............................................................ 13

*Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.,*
   84 F.4th 1241, (11th Cir. 2023) (citation modified) ............................. 7

*Quackenbush v. Allstate Ins. Co.,*
   517 U.S. 706, (1996) ...................................................................... 11

*State Treasurer of State of Michigan v. Barry,*
   168 F.3d 8, (11th Cir. 1999) ............................................................ 14

*Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.,*
   887 F.2d 1213 (3d Cir. 1989) ........................................................... 11

*United States v. $242,484.00,*
   389 F.3d 1149, (11th Cir. 2004) (en banc) (citation modified) ............. 5

*United States v. Koblitz,*
   803 F.2d 1523, (11th Cir. 1986) (citation modified) ............................. 7

Zenith Ins. Co. v. Newell,
   78 F.4th 603 (3d Cir. 2023) .............................................. 7, 8, 11, 13

*Zurn Indus., LLC v. Allstate Ins. Co.,*
   75 F.4th 321, (3d Cir. 2023) .............................................................. 5

## Statutes

28 U.S.C. § 1292(a)(1)..................................................... 2, 6, 7, 8, 9, 11, 14

28 U.S.C. § 1292(b) ...................................................................... 10

28 U.S.C. §§ 1291............................................................ 2, 10, 12, 13, 14

## Other Authorities

RESTATEMENT OF THE LAW OF LIABILITY INSURANCE § 21 (2019) ............ 10

## Rules

Federal Rule of Civil Procedure 21............................................. 10

Federal Rule of Civil Procedure 54(b) .................................... 9, 10

Appellees J.G. and Northbrook Industries, Inc. file this supplemental brief to respond to the jurisdictional questions issued by the Court on January 7, 2026, and Appellant Northfield Insurance Company's Supplemental Brief.

## PROCEDURAL BACKGROUND

Northfield initiated this action seeking "a declaration that it does not owe coverage to Northbrook for the claims asserted by J.G." in her lawsuit. Dist. Ct. Doc. 1 at 12. Northbrook moved to dismiss Northfield's complaint in its entirety. *See* Dist. Ct. Doc. 7-1.[1] The district court granted the motion in part and denied it in part. Dist. Ct. Doc. 28. Applying well-settled Georgia insurance law, the district court concluded that Northfield's policy did not unambiguously exclude all J.G.'s claims against Northbrook from coverage. Because at least some of J.G.'s claims are "*arguably*" covered by the policy, the district court dismissed Northfield's request for a declaration that it owed no duty to defend:

> Northbrook's motion to dismiss (Doc. 7) is **GRANTED IN PART.** Northfield's claims are **DISMISSED** to the extent that they seek a declaration that Northfield owes no duty to defend in the Underlying Action.

---

[1] J.G. joined in Northbrook's motion to dismiss. Dist. Ct. Doc. 9.

Dist. Ct. Doc. 28 at 12.

But because a decision on Northfield's duty to indemnify was not yet ripe, the district court stayed consideration of Northfield's duty to indemnify until final judgment is entered in the Underlying Action. *Id.* at 12. Northfield appealed the district court's ruling contending that it was directly appealable as an injunction under 28 U.S.C. § 1292(a)(1). Appellees did not contest Northfield's statement of jurisdiction in this appeal, but upon review of the Court's jurisdictional questions and Appellant's Supplemental Brief, Appellees believe that the district court's order is unappealable under 28 U.S.C. §§ 1291 or 1292(a)(1).

## ARGUMENT

### A. The district court's order is distinguishable from *Sahlen* and *Ultratec* because it did not grant any relief to Northbrook or direct Northfield to do anything.

The district court's order is distinguishable from both *Sahlen* and *Ultratec*.[2] *First*, this case does not involve a directive that Northfield must defend like *Sahlen*. *Second,* this case does not involve judgment granted to a policyholder on its counterclaim for declaratory and other

---

[2] *Nat'l Union Ins. Co. of Pittsburgh, PA v. Sahlen,* 999 F.2d 1523 (11th Cir. 1993); *James River Ins. Co. v. Ultratec Special Effects, Inc.,* 22 F.4th 1246 (11th Cir. 2022).

relief (including injunctive relief) like *Ultratec*. Unlike *Sahlen* and *Ultratec*, the district court here did not grant any relief to the policyholder or order the insurer to do anything. As a result, this Court's binding precedent does not control the jurisdictional question presented here.

In *Sahlen,* the district court's ruling was found to be an injunction because it "held that National Union was *required to pay* the Insureds' defense costs in the underlying suits until its claim for rescission was resolved." *Id.* at 1535 (emphasis added). As in the Ninth Circuit case *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989), cited in *Sahlen*, the district court's order in *Sahlen* directed the insurer to pay defense costs. But here, the district court did not direct Northfield to do anything. Instead, the district court determined only that Northfield did not deserve a declaration that it owed no duty to defend. The facts here are different from those in *Sahlen.*

The facts here are also different from those in *Ultratec*. Contrary to Northfield's contention, the district court's ruling in *Ultratec* is not identical to the district court's ruling here. Unlike here, in *Ultratec,* "the district court not only denied James River a declaratory judgment that it had no duty to defend; *it granted summary judgment on the Insureds'*

*counterclaim for a declaratory judgment in their favor.*" *Id.* at 1252 (emphasis added). That grant of affirmative relief to the policyholder—whose requested relief included injunctive relief—was critical to this Court's holding that the district court's order constituted an injunction:

> we find *Sahlen* instructive despite the difference in wording because the district court here likewise granted summary judgment to the Insureds on their counterclaim for a declaratory judgment, thereby requiring James River to pay their defense costs. The Insureds sought a declaratory judgment and other appropriate relief, which includes injunctive relief.

*Id.* at 1253.

Here, Northbrook filed no counterclaim. The district court thus granted no relief in its favor. And contrary to Northfield's contention in its Supplemental Brief, the district court did not grant relief to Northbrook *sua sponte.* Indeed, the district court did not grant any relief at all. The district court merely dismissed Northfield's request for a declaration that it owed no duty to defend.[3] *See Zurn Indus., LLC v. Allstate Ins. Co.,*

---

[3] There is another important distinction between the district court's order here and in *Ultratec.* Here, the district court ordered only a limited dismissal of Northfield's claims for declaratory relief. The district court's decision concluded that Northfield has a duty to defend but did not turn that holding into an order. Yet in *Ultratec,* the district court did precisely that: entered an order that the insurer had a duty to defend its policyholder along with granting the policyholder partial summary judgment. Order at 2, *James River Ins. Co. v. Ultratec Special Effects, Inc.,* No. 5:16-

75 F.4th 321, 329 (3d Cir. 2023) (finding that "it is the very lack of directive that critically distinguishes this case" from *Sahlen* and other decisions that directed the insurer to pay defense costs). Because the district court's order here did not require Northfield to pay defense costs and did not grant affirmative relief to the policyholder, *Sahlen* and *Ultratec* are distinguishable.[4]

---

cv-949 (N.D. Ala. Mar. 27, 2020), ECF No. 170 ("Accordingly, the court **ORDERS** as follows: ... James River has a duty to defend Ultratec Special Effects, Inc.; MST Properties, LLC; and Mike Thouin in the underlying state court lawsuits.").

[4] Northfield also cites *AIX Spec. Ins. Co. v. Everett*, 2022 WL 950936 (11th Cir. March 30, 2022) (unpublished), in support of its jurisdictional argument. But *Everett* is neither binding nor apposite. As in *Ultratec*, the district court's judgment in *Everett* included a dispositive command that the insurer "has a duty to defend 1207 MLK Liquors, Inc. d/b/a Hollywood Nights South in the Underlying Litigation." *AIX Specialty Ins. Co. v. Everett*, 543 F. Supp. 3d 1321, 1334 (M.D. Fla. 2021). By contrast, the district court's judgment here contained no such command, ordering only that "Northfield's claims are **DISMISSED** to the extent that they seek a declaration that Northfield owes no duty to defend in the Underlying Action." Dist. Ct. Doc. 28, at 32. While Northfield cites the district court's conclusion that Northfield owed a duty to defend, that was not its judgment. "A bedrock principle upon which our appellate review has relied is that the appeal is not from the opinion of the district court but from its judgment." *United States v. $242,484.00*, 389 F.3d 1149, 1153 (11th Cir. 2004) (en banc) (citation modified).

**B.    The district court's order does not have the "practical effect" of an injunction and is not appealable under 28 U.S.C. § 1292(a)(1).**

The district court's order does not have the "practical effect" of an injunction. *Cf. Abbott v. Perez*, 585 U.S. 579, 594-603 (2018) (holding that Supreme Court had jurisdiction to hear interlocutory appeal of orders that "for all intents and purposes, constituted injunctions barring the State from conducting this year's elections pursuant to a statute enacted by the Legislature" that "would seriously and irreparably harm the State" "[u]nless that statute is unconstitutional" under jurisdiction statute "analogous" to § 1292(a)(1) (citation modified)).[5]

The district court's order simply denied Northfield's request for a declaration that it owes no duty to defend. While the district court's ruling defined some of Northfield's contractual obligations, it did not direct Northfield to do anything. This ruling is thus unenforceable by contempt. "A civil contempt order can only be upheld if it is supported by clear and

---

[5] The latest edition of the *Bluebook* creates a parenthetical—"(citation modified)"—to essentially do the work of the crowd-sourced "(cleaned up)" parenthetical. The Bluebook: A Uniform System of Citation B5.3, at 9 (Columbia L. Rev. Ass'n et al. eds., 22d ed. 2025); *cf.* Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017). This brief uses that new *Bluebook*-approved parenthetical.

convincing evidence that (1) the underlying order allegedly violated was valid and lawful; (2) the underlying order was clear, definite, and unambiguous; and (3) the contemnor had the ability to comply with the underlying order." *United States v. Koblitz*, 803 F.2d 1523, 1527 (11th Cir. 1986) (citation modified).

The unavailability of contempt means that the order cannot constitute an "injunction" for purposes of § 1292(a)(1). "[T]o be appealable under § 1292(a)(1), the interlocutory order appealed must have the first two elements of an injunction, i.e., it must be: (1) a clearly defined and understandable directive by the court to act or to refrain from a particular action; and (2) enforceable through contempt, if disobeyed." *Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 84 F.4th 1241, 1250 (11th Cir. 2023) (citation modified).

In *Zenith Ins. Co. v. Newell,* the Third Circuit rejected the same arguments made by Northfield here. 78 F.4th 603 (3d Cir. 2023). Like Northfield, in *Newell*, the insurer sought a declaration that it owed no duty to defend and lost at the district court. In determining whether the district court's order had the "practical effect" of an injunction, the Third Circuit applied a three-part functional test similar to the test described

in *Ultratec* to determine whether the district court's order had the "practical effect" of an injunction: "[t]hat test asks whether the order (1) is directed to a party, (2) may be enforced by contempt, and (3) is designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion." *Id.* at 607 (citation modified); *see Ultratec,* 22 F.4th at 1252 ("We may review orders that do not expressly grant injunctions when they have certain qualities of injunctions that make them immediately appealable—for example, when the order is directed to a party, is enforceable by contempt, and provides relief on the merits.").

Like Northfield, the insurer in *Newell* argued that the district court's decision that it owed a duty to defend had the practical effect of an injunction and was thus directly appealable under 28 U.S.C. § 1292(a)(1). The *Newell* court rejected the insurer's arguments, finding that "when a court defines an insurer's contractual obligations but does not order it to undertake the defense or do anything, the court's order cannot be enforced pendente lite by contempt and does not constitute an injunction." *Id.* at 608 (citation modified). The same is true here: the

district court did not order Northfield to undertake Northbrook's defense or pay its defense costs, so the order is not enforceable by contempt.

Northfield does not contend that the district court's order is enforceable by contempt, and its jurisdictional arguments effectively ignore the absence of any direction or order by the district court to pay Northbrook's defense costs. Instead, Northfield argues that the district court's ruling should be considered an injunction because it can be effectively challenged only by immediate appeal. Even if Northfield's contention on this point were correct (and it is not), it does not convert an interlocutory declaration of its contractual obligations into an injunction.

To begin, while the district court's order is not an "injunction" immediately appealable under § 1292(a)(1), Northfield need not have waited until the district court decided its duty to indemnify to appeal the ruling on the duty to defend. Northfield could have sought certification of the district court's ruling on the duty to defend under Federal Rule of Civil Procedure 54(b). And even if that certification were denied, Northfield can always appeal the duty-to-defend ruling after the district court rules on the duty to indemnify. Nor does Northfield dispute that. Rather, Northfield complains that it would be unable to recoup its defense costs

in that circumstance. *See* Appellant's Supplemental Brief at 11-12 (citing *Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934 (11th Cir. 2023)). But any inability by Northfield to recoup its expenses results from its choice not to include a provision in its policy allowing for reimbursement. *See Winder*, 73 F.4th at 950 (finding no right to recoupment where the insurer includes "no contractual right to recoupment."); Restatement of the Law of Liability Insurance § 21 (2019) (default rule of no recoupment applies "[u]nless otherwise stated in the insurance policy"). Northfield's decision not to include a right of recoupment in its policy does not convert the district court's interlocutory ruling into an injunction.[6]

---

[6] Seeking Rule 54(b) certification was not Northfield's only option to create an appealable decision. Northfield could have also asked to sever its claims for declaratory relief on the duty to indemnity under Federal Rule of Civil Procedure 21. *Accord Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1237 (11th Cir. 2020) (William Pryor, C.J., concurring). And as "master of the complaint," Northfield had sole control over the relief it sought, meaning it could have sought declaratory relief on its duty to defend only—in which case the district court's ruling would have been directly appealable as a "final order" under § 1291. *Cf. Liberty Surplus Ins. Corp. v. Kaufman Lynn Constr., Inc.*, 130 F.4th 903, 909 (11th Cir. 2025) ("The plaintiff is the master of its complaint and may choose the remedies it wishes to request." (citation modified)). Northfield could also have asked the district court to certify its duty-to-defend ruling for interlocutory appeal under § 1292(b).

Northfield's reliance on *Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213 (3d Cir. 1989), is misplaced. *Terra Nova* did not involve a ruling by the district court on the duty to defend or an analysis of jurisdiction under 28 U.S.C. § 1292(a)(1). Instead, *Terra Nova* addressed jurisdiction of an order staying an insurer's claims on both the duty to defend and indemnify under the "collateral order doctrine." *Id.* at 1218-19. As for the circumstances presented here—an order denying declaratory relief on the duty to defend and staying claims on the duty to indemnify—the Third Circuit has held that there is no jurisdiction for an appeal. *See Newell*, 78 F.4th at 607.

"The general rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). And as noted in the Court's jurisdictional questions, "the exception to the final judgment rule contained in § 1292(a)(1) is a very narrow one." *In re Culton*, 111 F.3d 92, 94 (11th Cir. 1997). The district court's order defining

Northfield's contractual obligations but not ordering or directing North-

field to do anything does not meet this narrow exception.

## C. The district court's order is not directly appealable under 28 U.S.C. § 1291.

Finally, in its Supplemental Brief, Northfield contends for the first

time that the Court has jurisdiction to hear this appeal under 28 U.S.C.

§ 1291 as a final order. But as this Court has held, a district court's order

on the duty to defend that simultaneously stays a claim on the duty to

indemnify is not a final order.

Appellees do not dispute that Northfield's claims on the duty to in-

demnify were no longer ripe after the district court's order on the duty to

defend. But Northfield's contention that the district court was without

power to stay the case as to the duty to indemnify does not follow. North-

field cites several cases approving the dismissal without prejudice of an

insurer's duty to indemnify claims after a ruling on the duty to defend.

But none of this authority (or any authority to counsel's knowledge) *re-*

*quires* the district court to dismiss the duty to indemnify claims upon

resolution of the duty to defend claims. As this Court recognized in *Ul-*

*tratec,* "[d]istrict courts in our circuit have withheld ruling on the duty to

indemnify in different ways," *including* staying a decision on the duty to

indemnify. 22 F.4th at 1252 n.6 (citing *Am. Nat'l Prop. & Cas. Co. v. Gulf Coast Aerial, LLC*, 533 F. Supp. 3d 1110, 1113 (S.D. Ala. 2021)). The district court in *Ultratec* likewise "stayed its decision on the duty to indemnify and addressed only the duty to defend." *Id.* at 1252. As a result, the district court's order was a "nonfinal order." *Id.*; *see also Everett*, 2022 WL 950936, at *2 (referring to district court's order granting summary judgment on the duty to defend and staying the duty to indemnify as a "nonfinal order").

Other circuits have similarly concluded that an order disposing of the duty to defend but staying the duty to indemnify is a nonfinal order. *See Newell*, 78 F.4th at 607 (holding that order granting summary judgment on duty to defend "is not final [and] not appealable under 28 U.S.C. 1291"); *Penn–Am. Ins. Co. v. Mapp*, 521 F.3d 290 (4th Cir. 2008) (holding that order resolving duty to defend but removing case and unresolved duty-to-indemnify claims from district court's active docket until underlying claims resolved was not final order); *Essex Ins. Co. v. Long Island Owners Ass'n, Inc.*, 379 F. App'x 422, 423 (5th Cir. 2010) (holding that ruling on duty to defend and stay of claims on duty to indemnify is not a final order under 28 U.S.C. § 1291).

Had the district court not stayed Northfield's claims on the duty indemnify, its other option was to dismiss those claims without prejudice. But because a dismissal without prejudice is not a ruling on the merits either, it also would not be a final order appealable under § 1291. *See State Treasurer of State of Michigan v. Barry,* 168 F.3d 8, 14 (11th Cir. 1999) (holding that a dismissal without prejudice is not a decision on the merits and thus is not an adverse final ruling appealable under § 1291). Indeed, because "[d]ismissals without prejudice are canonically non-final and hence not appealable under 28 U.S.C. § 1291," the Seventh Circuit has concluded that staying claims on the duty to indemnify is preferable to dismissal of those claims after ruling on the duty to defend:

> It would have been better had the district court stayed proceedings until the underlying suit reached a conclusion. The loser or losers in the federal litigation then could have appealed from a truly final disposition.

*Am. States Ins. Co. v. Cap. Assocs. of Jackson Cnty., Inc.,* 392 F.3d 939, 941 (7th Cir. 2004).

## <u>CONCLUSION</u>

For these reasons, this Court should find that the district court's order is not directly appealable under 28 U.S.C. §§ 1291 or 1292(a)(1).

Dated: January 21, 2026

Respectfully submitted,

/s/ Shattuck Ely
Shattuck Ely
Georgia Bar No. 246944
FELLOWS LABRIOLA LLP
233 Peachtree St. NE
Suite 2400
Atlanta, GA 30303
(404) 586-9200
tely@fellab.com

/s/ Christopher J. Daniels
Christopher J. Daniels
Georgia Bar No. 113177
BARNES & THORNBURG LLP
3340 Peachtree Rd., NE
Suite 2900
Atlanta, GA 30326
(404) 264-4053
cdaniels@btlaw.com

David H. Bouchard
Georgia Bar No. 712859
FINCH MCCRANIE LLP
229 Peachtree St. NE
Suite 2500
Atlanta, GA 30303
(404) 658-9070
david@finchmccranie.com

*Counsel for Appellee*
*Northbrook Industries, Inc.*

*Counsel for Appellee J.G.*

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because it contains 3721 words, not counting the parts of the brief excluded by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated:  January 21, 2026

*/s/ Shattuck Ely*
Shattuck Ely
Georgia Bar No. 246944
FELLOWS LABRIOLA LLP
233 Peachtree St. NE
Suite 2400
Atlanta, GA 30303
(404) 586-9200
tely@fellab.com

*Counsel for Appellee J.G.*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

Dated: January 21, 2026

/s/ *Shattuck Ely*
Shattuck Ely
Georgia Bar No. 246944
FELLOWS LaBRIOLA LLP
233 Peachtree St. NE
Suite 2400
Atlanta, GA 30303
(404) 586-9200
tely@fellab.com

*Counsel for Appellee J.G*