COURT OF APPEALS NO. 24-13333-F

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

**NORTHFIELD INSURANCE COMPANY,**

**Appellant,**

v.

**NORTHBROOK INDUSTRIES, INC., and J.G.,**

**Appellees.**

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CIVIL ACTION FILE NUMBER 1:23-cv-03596-SEG**

_____

**PETITION FOR REHEARING EN BANC BY APPELLANT
NORTHFIELD INSURANCE COMPANY**

---

**Philip W. Savrin
William H. Buechner
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Ste. 1600
Atlanta, GA 30339-5948
(770) 818-0000
*Attorneys for Appellant***

# ELEVENTH CIRCUIT RULE 40-3 STATEMENT

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of the Supreme Court of the United States or the precedents of this circuit and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court:

*Abbott v. Perez*, 585 U.S. 579 (2018)

*James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246 (11th Cir. 2022).

*The important question raised here is the appropriate standard for determining when a district court's ruling has the "practical effect" of an injunction so as to be immediately appealable under 28 U.S.C. § 1292(a)(1).*

I further express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance:

*Whether a district court order is final and appealable under 28 U.S.C. § 1291 when no claims remain over which it has subject matter jurisdiction?*

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney of Record for Appellant Northfield Insurance Company*

i

# TABLE OF CONTENTS

ELEVENTH CIRCUIT RULE 40-3 STATEMENT ....................................................i

TABLE OF CONTENTS......................................................................... ii

TABLE OF AUTHORITIES ................................................................ iii

ISSUES MERITING EN BANC CONSIDERATION..........................................1

STATEMENT OF THE CASE...................................................................2

ARGUMENT ..........................................................................................5

    A.    The Panel's Opinion Conflicts with Precedent on the
        Appealability of Rulings that have the "Practical Effect"
        of an Injunction ..........................................................5

        1.    Conflict with Circuit Precedent .......................................5

        2.    Conflict with Supreme Court Precedent ...................................8

    B.    The District Court's Finding of a Duty was Final and
        Appealable under 28 U.S.C. § 1291..........................................11

        1.    The presence of nonjusticiable claim outside Article III
            cannot defeat appellate jurisdiction over a justiciable claim....11

        2.    District courts need guidance on justiciability of the
            duty to indemnify .......................................................13

CONCLUSION ......................................................................................14

CERTIFICATE OF COMPLIANCE..............................................................15

CERTIFICATE OF SERVICE ..................................................................16

# TABLE OF AUTHORITIES

Case Citations                                                    Page No.

*Abbott v. Perez*,
    585 U.S. 579 (2018)...................................................................... i, 1, 5, 8, 9-10

*Allstate Vehicle & Prop. Ins. Co. v. Jawanda*,
    728 F. Supp. 3d 1246 (N.D. Ga. 2024)........................................................14

*AIX Spec. Ins. Co. v. Everett*,
    2022 WL 950936 (11th Cir. March 30, 2022)................................................8

*Artistic Ent., Inc. v. City of Warner Robins*,
    331 F.3d 1196 (11th Cir. 2003) ...................................................................7

*Catlin v. United States*,
    324 U.S. 229 (1945)..................................................................................12

*Carson v. American Brands, Inc.*,
    450 U.S. 79 (1981)......................................................................................9

*Cont'l Cas. Co. v. Winder Lab'ys, LLC*,
    73 F.4th 934 (11th Cir. 2023) ....................................................................10

*Digital Props., Inc. v. City of Plantation*,
    121 F.3d 586 (11th Cir. 1997) ...................................................................12

*Gibson v. Preferred Risk Mut. Ins. Co.*,
    216 Ga. App. 871, 456 S.E.2d 248 (1995) .................................................11

*Hoover v. Maxum Indem. Co.*,
    291 Ga. 402, 730 S.E.2d 413 (2012) ..................................................... 10-11

*James River Ins. Co. v. Ultratec Special Effects, Inc.*,
    449 F. Supp. 3d 1157 (N.D. Ala. 2020) ......................................................3

*James River Ins. Co. v. Ultratec Special Effects, Inc.*,
    22 F.4th 1246 (11th Cir. 2022) .................................................................i, 1

*Landmark Am. Ins. Co. v. Khan*,
  307 Ga. App. 609, S.E.2d 707 (2011) ...........................................................11

*Markel Intern. Ins. Co. v. O'Quinn*,
  566 F. Supp. 2d 1374 (S.D. Ga. 2008) .........................................................11

*Medmarc Cas. Ins. Co. v. Fellows LaBriola, LLP*,
  769 F. Supp. 3d 1311 (N.D. Ga. 2025),
  *aff'd,* 2025 WL 2886733(11th Cir. Oct. 10, 2025) .....................................13

*Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*,
  766 F. App'x 768 (11th Cir. 2019) ............................................................1, 13

*Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*,
  651 F. Supp. 2d 1367 (N.D. Ga. 2009)........................................................11

*Nat'l Cas. Co. v. Pickens*,
  582 F. App'x 839 (11th Cir. 2014) ..........................................................10, 11

*Penn-America Ins. Co. v. Glenwood 786, LLC*,
  Case No. 1:25-cv-01754-SEG (N.D. Ga. Feb. 11, 2026)............................13

*Pitney Bowes, Inc. v. Mestre*,
  701 F.2d 1365 (11th Cir. 1983) ...................................................................12

*Positano Place at Naples I Condominium Ass'n., Inc. v. Empire Indem. Ins. Co*,
  84 F. 4th 1241 (11th Cir. 2023) .....................................................................9

*Shafe v. Am. States Ins. Co.*,
  288 Ga. App. 315, 653 S.E.2d 870 (2007) ..................................................11

*Tari v. Collier Cnty.*,
  56 F.3d 1533 (11th Cir. 1995) .....................................................................12

Statutes
28 U.S.C. § 1291 ...........................................................i, 4-5, 11-13
28 U.S.C. § 1292(a)(1)...................................................................i, 5, 10

Treatises

Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 3922 (3d ed. 1977)....... 6-7

<u>**ISSUES MERITING EN BANC CONSIDERATION**</u>

This case involves appellate jurisdiction of a ruling that an insurer owes a defense for a liability claim against its insured. Although the question arises frequently, this Court has "not directly addressed whether it is appropriate for a district court to assess an insurer's duty to indemnify before the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019). As a result, "[d]istrict courts in our circuit have withheld ruling on the duty to indemnify in different ways." *James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246, 1262 n.6 (11th Cir. 2022) ("*Ultratec*").

In *Ultratec*, the finding that the insurer owed a defense was appealable because it had the "practical effect" of an injunction even though the district court stayed a ruling on the duty to indemnify. In the case at bar, the district court likewise found that Northfield owed a defense and stayed a ruling on the duty to indemnify— yet the panel dismissed on jurisdictional grounds, finding that the district court had merely construed the terms of the policy. As explained below, the panel's opinion conflicts with *Ultratec* and also with *Abbott v. Perez*, 585 U.S. 579 (2018) where the Supreme Court expounded on the elements of a ruling that has the "practical effect" of an injunction. Even beyond that, the panel did not address Northfield's alternative contention that because the district court's finding that the duty to indemnify was

- 1 -

not ripe meant no subject matter jurisdiction remained upon finding a defense was owed under the policy.

Against this background, Northfield presents the two issues as meriting en banc consideration:

1. *Whether precedent holds that a district court's finding that an insurer owes a duty to defend has the "practical effect" of an injunction so as to be immediately appealable?*

2. *Whether a finding that an insurer owes a duty to defend is final and appealable because no subject matter jurisdiction remains to adjudicate the duty to indemnify?*

## <u>STATEMENT OF THE CASE</u>

Northfield Insurance Company ("Northfield") sought a declaration that it does not owe coverage to Northbrook Industries, Inc. ("Northbrook") for a sex-trafficking claim. (Doc. 1.) Northbrook moved to dismiss, claiming Northfield owed a defense and that the duty to indemnify was not ripe until its liability is resolved. (Doc. 7.) Northfield responded that the absence of a duty to defend necessarily precludes the narrower duty to indemnify. (Doc. 13.)

The district court went beyond Northbrook's motion by declaring affirmatively that "Northfield has a duty to defend Northbrook in the Underlying Action." (Doc. 28, p. 29.) A ruling confined to Rule 12(b)(6) would have either dismissed the complaint or allowed it to proceed; by going further, the district court effectively treated the motion as one for summary judgment, producing precisely the merits adjudication that *Ultratec* found immediately appealable as discussed below.

Then, despite finding that it lacked jurisdiction over the remaining duty to indemnify, the district court stayed the case pending resolution of the liability lawsuit. (*Id*., pp. 29-32.) The district court thus declared—*on a motion to dismiss*—that Northfield owed a defense but held on to the duty to indemnify that it acknowledged was not ripe for adjudication. Stated otherwise, instead of dismissing the complaint as not having *plausibly* stated a claim, the district court decided the merits of the duty to defend and stayed ruling on the duty to indemnify over which it admitted it lacked jurisdiction.

Northfield appealed, citing *Ultratec* where this Court held it has appellate jurisdiction to review a ruling that the insurer "has a duty to defend these defendants in the underlying actions." *James River Ins. Co. v. Ultratec Special Effects, Inc.*, 449 F. Supp. 3d 1157, 1171 (N.D. Ala. 2020). Although the duty to indemnify remained, and an injunction was not *expressly* entered, this Court found the finding of a duty to defend had the "practical effect of an injunction." "By entering an order declaring that the Insureds have a right to be defended by James River, the district court made the declaratory judgment akin to an injunction." 22 F.4th at 1252.

In supplemental briefing prior to oral argument, Northfield expounded on *Ultratec*'s support for appellate jurisdiction and contended alternatively that the district court's order was "final" because it lacked jurisdiction because the remaining duty to indemnify was not ripe. With no other issues remaining in the case, the

affirmative finding that Northfield owed a defense was "final" under 28 U.S.C. § 1291. As Northfield explained, an affirmative ruling that an insurer owes a defense would be moot by the time the duty to indemnify is ripe for review.

The panel dismissed the appeal, however, concluding that the ruling that Northfield owed a defense was "simply a reason for finding that Northfield's complaint for a declaration to the contrary failed to state a claim." (Op., p. 8.) The panel critiqued *Ultratec* for stating that the elements of a ruling that has the "practical effect of an injunction" were "examples of characteristics that indicate injunctive qualities rather than absolute requirements." (Op., p. 7, n. 6 (*quoting Ultratec*, 22 F.4th at 1253, n.7.)) The panel did not address Northfield's alternative argument that the ruling was final because there was no jurisdiction over the remaining claim of a duty to indemnify, stating instead (in a footnote) that the ruling was nonfinal because "the Court expressly left the duty to indemnify issue for future consideration." (*Id.*, p. 8, n.7.)[1] The panel offered that insurers could seek declarations limited to the duty to defend; seek final judgment under Rule 54(b); or move to drop the question of a duty to indemnify after a ruling on the duty to defend. (*Id.*, p. 9.) A concurring opinion went even further, stating that Northfield had not shown a need for "immediate resolution" and a ruling that an insurer does not owe a defense would

---

[1] Because the panel dismissed for lack of jurisdiction it did not consider whether the district court appropriately declared—*on a motion to dismiss*—that Northfield owed a defense.

have "catastrophic effects" on the liability litigation. (*Id.*, pp. 11-13.)

As explained below, the panel did not merely distinguish *Ultratec* but dismantled its analysis and redefined what qualifies as an injunction in this context. En banc review is warranted to address the panel's departure from *Ultratec* and to restore consistency with the Supreme Court's pronouncement in *Abbott v. Perez*, 585 U.S. 579 (2018). En banc review is likewise warranted to consider whether the absence of subject matter jurisdiction over the duty to indemnify meant that the finding of a duty to defend was a final order under 28 U.S.C. § 1291. Clarification is needed on these issues to guide district judges and litigants alike in this important area of the law.

## ARGUMENT

**A. The Panel's Opinion Conflicts with Precedent on the Appealability of Rulings that have the "Practical Effect" of an Injunction**

The panel determined that the district court's finding that Northfield owes a duty to defend does not have the "practical effect of an injunction" to be immediately appealable under 28 U.S.C. § 1292(a)(1). En banc review is warranted because the panel's reasoning conflicts with both Supreme Court and circuit precedent. Northfield will first address *Ultratec* and then the broader standard articulated by the Supreme Court in *Abbott*.

**1. Conflict with Circuit Precedent**

In *Ultratec,* as in the case at bar, the insurer who was defending the liability

lawsuit brought a declaratory judgment to determine both the duty to defend and the duty to indemnify. 22 F.4th at 1252 ("insurers often seek declaratory judgments on their duty to defend and their duty to indemnify at the same time, before the duty to indemnify becomes ripe.") The district court *identically* ruled that the insurer "has a duty to defend these defendants in the underlying actions." 449 F. Supp. 3d at 1171. In continued lockstep with the appeal at bar, the district court "did not address the duty to indemnify at this stage of the case, staying the claim because it was not ripe for adjudication until liability was determined in the underlying state court action." 22 F.4th at 1251. The insurer then appealed the identical finding that it owed a duty to defend, as did Northfield in the case at bar.

Before reaching the merits, this Court noted that appellate jurisdiction exists to "review orders that do not expressly grant injunctions when they have certain qualities of injunctions that make them immediately appealable—for example, when the order is directed to a party, is enforceable by contempt, and provides relief on the merits." 22 F.4th at 1252 (*citing* 16 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 3922 (3d ed. 1977)). This standard was met:

> By entering an order declaring that the Insureds have a right to be defended by James River, the district court made the declaratory judgment akin to an injunction. *See* Wright & Miller, Fed. Prac. & Proc. § 3922. We therefore have jurisdiction to entertain this appeal from the order on the duty to defend even though it does not provide complete relief because the duty to indemnify claim remains pending before the district court.

*Id.* (footnote omitted). Although the district court's order "is not expressly enforceable by contempt[,] Wright & Miller set out examples of characteristics that indicate injunctive qualities rather than absolute requirements." 22 F.th at 1253, n. 7. Further, this Court noted that "should James River fail to comply with the order by not paying defense costs ... James River would likely be subject to contempt proceedings." *Id.*

The panel in this case rejected *Ultratec*'s statement that the elements of an injunction-like order were "absolute" rather than "examples," which it considered was dicta by noting that the insurer in *Ultratec* would "likely be subject to contempt proceedings." The panel did not explain why Northfield would not be subjected to the same consequences as a result of the identical verbiage in the district court's order. If anything, by affirmatively finding that Northfield owes a defense the district court effectively entering summary judgment on the duty to defend, but without providing the requisite notice that it was going to do so.[2] If entering judgment on a counterclaim has the "practical effect" of an injunction because it requires the insurer to continue with the defense then so does the dismissal of a with identical language. What matters, in other words, is not the procedural posture of the ruling but the

---

[2] "[S]ummary judgment should be granted *sua sponte* only in those circumstances in which the dismissed claims have been fully developed in the evidentiary record and the non-moving party has received adequate notice. *Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003).

recognition that a finding that the insurer owes a defense has the "practical effect" of an injunction to confer appellate jurisdiction over the ruling. *See also AIX Spec. Ins. Co. v. Everett*, 2022 WL 950936, *2, n.3 (11th Cir. March 30, 2022) ("By granting Everett's cross-motion for summary judgment and declaring that AIX owes a duty to defend Hollywood in the state court litigation, the order effectively requires AIX to pay Hollywood's defense costs and thus sufficiently resembles an injunction.")

En banc review is warranted to address the conflict with circuit precedent.

## 2.  Conflict with Supreme Court Precedent

The panel's opinion, and the vitality of *Ultratec*, must be considered in conjunction with Supreme Court's precedent on when orders are appealable as having the "practical effect" of an injunction. At issue in *Abbott v. Perez* was the appealability of an interlocutory order finding Texas had violated federal law that would likely require voting districts to be redrawn. Although the district court had not issued an injunction *per se*, the Supreme Court found jurisdiction existed under an analog of 28 U.S.C. § 1292(a)(1) because the ruling had "the 'practical effect' of granting or denying an injunction." 585 U.S. at 594.

> To be sure, the District Court did not *call* its orders "injunctions"—in fact, it disclaimed the term, App. 134a–136a—but the label attached to an order is not dispositive. We have previously made clear that where an order has the "practical effect" of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction.

*Id*. at 595 (emphasis added). This is so because "[l]awful and important conduct may be barred, and unlawful and harmful conduct may be allowed to continue." *Id*.

*Abbott*, as well as *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981) upon which it relied, require courts to consider the *practical* effect of an order and not simply whether the technical terms of an injunction have been met such as being punishable by contempt. To hold otherwise would allow "district courts to shield their orders from appellate review by avoiding the label 'injunction.'" 585 U.S. at 595 (citation omitted).

The practical inquiry in the case at bar is whether finding that the insurer owes a defense can be effectively reviewed following entry of final judgment on the duty to indemnify. *See, e.g., Positano Place at Naples I Condominium Association, Inc. v. Empire Indem. Ins. Co*, 84 F. 4th 1241 (11th Cir. 2023) (finding an order did not have the practical effect of an injunction because it "is not effectively challengeable only by immediate appeal.") Measured by this standard, the declaration that Northfield owes a defense falls inexorably within the practical effect rule, as the duty to defend would be moot by the time the underlying liability case is resolved. In that instance, the "harm" to the insurer (being compelled to defend an action that its policy does not cover) could never be remedied. The irreparability of the harm is further apparent by this Court's determination that Georgia law "would not allow an insurer to recoup its expenses based on a reservation of rights letter without any

contractual provision allowing for reimbursement." *Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934, 949–50 (11th Cir. 2023).

The panel suggested that a duty-to-defend ruling could be appealable if the district court certifies it as final under Rule 54(b) or allows the complaint to be amended to drop the indemnity claim. But committing the appealability of a ruling to the district court's discretion conflicts with the Supreme Court's concern in *Abbott* that district courts should not be able "to shield their orders from appellate review." 585 U.S. at 595. Under the panel's approach, appealability would turn on the district court's choice rather than on the ruling's practical effect, as § 1292(a)(1) requires.

The panel also offered that an insurer could seek a declaration on the duty to defend alone. Requiring insurers to omit the indemnity claim from the coverage action would not afford complete relief, however, as the absence of a duty to defend necessarily forecloses a duty to indemnify. *See Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 841 (11th Cir. 2014) ("if there is no duty to defend, there is no duty to indemnify.") Requiring a coverage action to carve out the duty to indemnify from the duty to defend would thereby build an unneeded inefficiency into the process by requiring piecemeal litigation of the issues. [3]

---

[3] The suggestion in the concurring opinion that an insurer should not be able to seek a declaration while providing a defense to its insured is inconsistent with the common practice as noted *in Ultratec* and that is encouraged as "[a] proper and safe course" for an insurer "to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor." *Hoover v. Maxum Indem. Co.*,

In sum, the prevalence of these issues in coverage litigation in the federal courts warrants en banc review to examine the appropriate standard for determining whether an order has the "practical effect of an injunction" in the insurance context.

## B. The District Court's Finding of a Duty to Defend was Final and Appealable under 28 U.S.C. § 1291

### 1. The presence of a nonjusticiable claim outside Article III cannot defeat appellate jurisdiction for a justiciable claim.

Both the district court and the panel found that the duty to indemnify is not ripe for adjudication.[4] That determination is dispositive of finality as ripeness is a

---

291 Ga. 402, 405, 730 S.E.2d 413, 417 (2012) (citation omitted). The alternative of refusing to defend would put the insured in a more perilous position than being able to litigate coverage *before* liability is determined. Conversely, a coverage ruling while liability is being litigated enables all parties—the insured and claimant alike—to make informed decisions. The "chaos" that concerns the concurring judge has not come to pass, plus safeguards can be implemented to prevent interference with the orderly resolution of the liability claim in discrete circumstances. *See, e.g., Markel Intern. Ins. Co. v. O'Quinn,* 566 F. Supp. 2d 1374, 1378-79 (S.D. Ga. 2008) (staying tort action pending resolution of the coverage action); *Gibson v. Preferred Risk Mut. Ins. Co.*, 216 Ga. App. 871, 873, 456 S.E.2d 248, 250 (1995) (citation omitted) (finding that even without a coverage issue presented, "an insurer may not under the circumstances presented abandon the defense of the claim in mid-course to the prejudice of the insured.")

[4] That is so because in contrast to the duty to defend that is based on the allegations of liability, the narrower duty to indemnify depends on the evidence establishing the insured's liability. *Landmark Am. Ins. Co. v. Khan*, 307 Ga. App. 609, 612, 705 S.E.2d 707, 710 (2011); *Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317, 653 S.E.2d 870, 873 (2007). As such, "if there is no duty to defend, there is no duty to indemnify." *Pickens*, 582 F. App'x, at 841. Conversely, if a court finds that there *is* a duty to defend, then there are "any number of eventualities could change the analysis whether [the insurer] owes a duty to indemnify under the policies." *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009).

constitutional prerequisite for subject matter jurisdiction — without it, no "case or controversy" exists under Article III. *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). *See also Tari v. Collier Cnty.*, 56 F.3d 1533, 1535 (11th Cir. 1995) ("The question of ripeness goes to whether the district court has subject matter jurisdiction.") Once the district court found Northfield owed a duty to defend, it necessarily lost jurisdiction over the indemnity claim. With no jurisdictionally cognizable claim remaining, the duty-to-defend ruling left the court nothing to do but execute its judgment — the definition of a final order under 28 U.S.C. § 1291. *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (*quoting Catlin v. United States*, 324 U.S. 229, 233 (1945)).

The panel did not address this concern, stating in a passing footnote that the order was not final because the district court "expressly left the duty to indemnify issue for future consideration." (Opinion, p. 8, n. 7.) This statement does not acknowledge that consideration ***had*** to be deferred upon finding the indemnity question was not ripe. Without jurisdiction over that question, nothing remained to adjudicate rendering the ruling on the duty-to-defend final under § 1291. A district court cannot manufacture non-finality—and thereby shield its ruling from an appeal—by retaining a claim it has no jurisdiction to resolve. Logically, a non-justiciable indemnity claim cannot be both outside Article III *and* defeat appellate jurisdiction by finding the ruling on the duty to defend was not final under 28 U.S.C.

§ 1291. Appellate jurisdiction thus existed to reach the merits of the decision.

**2. District courts need guidance on justiciability of the duty to indemnify**

Although *Ultratec* found the district court's ruling had the "practical effect" of an injunction, it noted that "[d]istrict courts in our circuit have withheld ruling on the duty to indemnify in different ways." 22 F.4th at 1262, n. 6. *See also Mid-Continent,* 766 F. App'x at 770 (acknowledging that the Eleventh Circuit has "not directly addressed whether it is appropriate for a district court to assess an insurer's duty to indemnify before the underlying lawsuit is resolved.") The lack of direction from this Court on the justiciability of the duty to indemnify has sown inconsistencies in district court orders.

In *Medmarc Cas. Ins. Co. v. Fellows LaBriola, LLP*, for example, the district court dismissed the duty to indemnify after finding the insurer owed a defense. 769 F. Supp. 3d 1311, 1318 (N.D. Ga. 2025), *aff'd,* No. 25-10837, 2025 WL 2886733 (11th Cir. Oct. 10, 2025). In contrast, the same district judge in the case at bar went even further and stayed a case on the duty to indemnify *despite finding that the insurer did <u>not</u> owe a defense to the insured*.[5] Yet another district judge declined to follow "unreported cases from panels of the Eleventh Circuit that suggest disputes

---

[5] *See Penn-America Ins. Co. v. Glenwood 786, LLC*, Case No. 1:25-cv-01754-SEG (N.D. Ga. Feb. 11, 2026), p. 28. ("The motion is granted to the extent it seeks a declaration that Penn-America has no duty to defend Glenwood in the Underlying Action. The motion is stayed with respect to its request for a declaration that Penn-America has no duty to indemnify Glenwood in the Underlying Action.")

about indemnification under an insurance policy are not ripe until the insured has been held liable to a third party." *Allstate Vehicle & Prop. Ins. Co. v. Jawanda* 728 F. Supp. 3d 1246, 1251 (N.D. Ga. 2024). The prevalence of liability insurance coverage in federal courts, and the frequency of rulings on the distinct duties to defend and to indemnify, warrants en banc review to address the inconsistencies in the law that flow from the absence of direction by this Court.

## CONCLUSION

By not upholding *Ultratec*'s application to an identical declaration on the duty to defend, the panel all but erased *Ultratec*'s clarity, adding to the discord that already existed among the district courts as to jurisdiction over the duty to indemnify where (as here) the insurer has been found to owe a defense in an ongoing liability lawsuit. For these reasons, Northfield's petition should be granted.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com

*Attorneys for Appellant Northfield Insurance Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)

## CERTIFICATE OF COMPLIANCE

1.　　This document complies with the word limit for reply briefs of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, this document contains 3,839 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.　　This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

/s/ *Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

This 12th day of June, 2026.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)