**No. 24-13333**

---

# United States Court of Appeals
# for the Eleventh Circuit

---

NORTHFIELD INSURANCE COMPANY.,

*Appellant,*

v.

NORTH BROOK INDUSTRIES, INC. and J.G.,

*Defendants - Appellees.*

On Appeal from the United States District Court
for the Northern District of Georgia,
Case No. 1:23-cv-03596-SEG

---

**[PROPOSED] *AMICUS CURIAE* BRIEF OF
THE AMERICAN PROPERTY CASUALTY INSURANCE
ASSOCIATION IN SUPPORT OF APPELLANT NORTHFIELD
INSURANCE COMPANY'S PETITION FOR REHEARING
EN BANC**

Laura A. Foggan
LAVIN RINDNER DUFFIELD LLC
1717 K St., NW, Ste 900
Washington, D.C. 20006
Telephone: (202) 759-6767
Email: lfoggan@lrd.law

*Counsel for the American Property
Casualty Insurance Association*

---

No. 24-13333
*Northfield Insurance Company v. North Brook Indus., Inc.*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Rule 26.1, counsel for *Amicus Curiae* states:

The American Property Casualty Insurance Association is not a publicly owned corporation.  It has not issued shares of stock, nor does it have any parent corporation.

Pursuant to Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for APCIA certifies that in addition to those persons and entities listed in the Certificate of Interested Persons and Corporate Disclosure Statements filed by the parties in this matter, the following listed persons and entities have or may have an interest in the outcome of this case:

1. American Property Casualty Insurance Association *(Amicus Curiae)*

2. Foggan, Laura A. (Counsel for proposed *Amicus Curiae*)

3. Lavin, Rindner, Duffield LLC (Counsel for *Amicus Curiae*)

No. 24-13333
*Northfield Insurance Company v. North Brook Indus., Inc.*

Dated: June 22, 2026

Respectfully submitted,

*/s/ Laura A. Foggan*

Laura A. Foggan
LAVIN RINDNER DUFFIELD LLC
1717 K St., NW, Ste 900
Washington, D.C. 20006
Telephone: (202) 759-6767
Email: lfoggan@lrd.law

*Counsel for the American Property Casualty Insurance Association*

C-2 of 2

## ELEVENTH CIRCUIT RULE 40-3 STATEMENT

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of the Supreme Court of the United States or the precedents of this circuit and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court:

*Abbott v. Perez*, 585 U.S. 579 (2018)

*Carson v. American Brands, Inc.*, 450 U.S. 79 (1981)

*James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246 (11th Cir. 2022)

*The panel's analysis of whether the district court order ruling has the "practical effect" of an injunction so as to be immediately appealable under 28 U.S.C. § 1292(a)(1) was formulistic and contrary to the above precedent.*

/s/ Laura A. Foggan
Laura A. Foggan

LAVIN RINDNER DUFFIELD LLC
1717 K St., NW, Ste 900
Washington, D.C. 20006
Telephone: (202) 759-6767
Email: lfoggan@lrd.law

*Counsel for the American Property Casualty Insurance Association*

i

# TABLE OF CONTENTS

ELEVENTH CIRCUIT RULE 40-3 STATEMENT........................i

TABLE OF CONTENTS ...................................................ii

TABLE OF AUTHORITIES.............................................iii

INTEREST OF *AMICUS CURIAE* ................................................1

STATEMENT OF THE ISSUES ..................................................3

SUMMARY OF THE CASE AND FACTS ...................................3

ARGUMENT ........................................................................5

I.    EN BANC REHEARING IS NEEDED BECAUSE THE PANEL'S DECISION CONFLICTS WITH SUPREME COURT AND ELEVENTH CIRCUIT PRECEDENT AND OVERLOOKS THE "PRACTICAL EFFECT" OF THE TRIAL COURT'S RULING. ..............................................5

    A.    The Panel's Analysis and Application of 1292(a)(1) Conflicts with Precedent of the U.S. Supreme Court and the Eleventh Circuit....................................5

    B.    Viewed in Context of the Liability Insurance System, An Order Finding A Duty to Defend Meets The "Practical Effect" Test Under 1292(a)(1). ..............7

CONCLUSION.........................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott v. Perez,*
585 U.S. 579 (2018) ....................................................................5, 6, 8

*AIX Spec. Ins. Co. v. Everett,*
No. 21-12386, 2022 WL 950936 (11th Cir. March 30, 2022) ................7

*Carson v. American Brands, Inc.,*
450 U.S. 79 (1981) ..............................................................................5

*Cont'l Cas. Co. v. Winder Lab'ys, LLC,*
73 F.4th 934 (11th Cir. 2023)..............................................................9

*Cotton States Mut. Ins. Co. v. Brightman,*
580 S.E.2d 519 (Ga. 2003) .................................................................11

*Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.,*
No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021) .................2

*Gulfstream Aerospace Corp. v. Mayacamas Corp.,*
485 U.S. 271 (1988) .............................................................................6

*James River Insurance Company v. Ultratech Special Effects, Inc.,*
22 F.4th 1246 (11th Cir. 2022).....................................5, 6, 7, 9, 12, 13

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sahlen,*
999 F.2d 1532 (11th Cir. 1993) ............................................................9

*Truck Ins. Exch. v. Kaiser Gypsum Co.,*
602 U.S. 268 (2024) .............................................................................2

*USA Gymnastics v. Liberty Insurance Underwriters, Inc.,*
27 F.4th 499 (7th Cir. 2022)............................................................8, 9

**Statutes**

18 U.S.C. §1595............................................................................................3

28 U.S.C. § 1292(a)(1)..................................................2, 4, 5, 7, 10, 13

**Rules**

Fed. R. App. P. 29(a)(4)(E) ......................................................................2

Fed. R. App. P. 29(b)(4) ...........................................................................2

Fed.R.Civ.P. 12(b)(6) ...............................................................................4

iv

## INTEREST OF *AMICUS CURIAE*[1]

This case presents critical issues of federal jurisdiction and appellate review that will impact the insurance marketplace. The American Property Casualty Insurance Association ("APCIA") is the primary national trade association for home, automobile, and business insurers. With a legacy dating back 150 years, APCIA promotes and protects the viability of private competition to benefit consumers and insurers. APCIA's member companies represent 66 percent of the U.S. property-casualty insurance market, including over 75 percent of Georgia's commercial insurance market.

Through *amicus* participation, APCIA provides important insights on the impact of procedural and substantive disputes to the insurance system.[2] APCIA submits that the circumstances of this case warrant en

---

[1] Pursuant to Federal Rules of Appellate Procedure 29(b)(4) and 29(a)(4)(E), APCIA declares that: (i) no party's counsel authored the brief in whole or in part; (ii) no party or party's counsel contributed money intended to fund preparing or submitting the brief; and (iii) no one, other than *Amicus Curiae* and its counsel, contributed money to prepare or submit this brief.

[2] *E.g., Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268 (2024) (quoting and twice citing APCIA's brief); *see also Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021).

banc consideration of the panel's May 22, 2026, ruling, which raises key questions concerning federal jurisdiction, conflicts with Supreme Court and Eleventh Circuit precedent, and has significant implications for a liability insurance. Whether a district court order constitutes an "injunction" under 28 U.S.C. § 1292(a)(1) for purposes of immediate appealability is a functional analysis. The consequences of a ruling on the duty to defend are immediate, prospective, irreparable and coercive. A duty-to-defend ruling determines who will control the underlying litigation, hire defense counsel, conduct defense strategy, and authorize settlement. It is precisely the circumstances where a path for immediate appellate review avoids irreversible harm.

Here, the insurer sought declaratory relief on a novel issue of insurance coverage arising out of the beneficiary liability provisions of the federal anti-trafficking statute. The district court's ruling resolved that issue on the merits, holding that Petitioner Northfield Insurance Company ("Northfield") owes a duty to defend. The panel's ruling precludes meaningful appellate review, depriving Northfield of effective declaratory relief on the duty to defend and coercing it to defend a lawsuit for which it may not owe coverage.

APCIA's members will be directly affected by the panel's ruling. APCIA is thus vitally interested in this case. APCIA submits that its explanation of the impact of the panel's decision on the insurance marketplace will be helpful to the Court.

## STATEMENT OF THE ISSUES

The Petition for Rehearing En Banc presents two issues for consideration:

1. Whether precedent holds that a district court's finding that an insurer owes a duty to defend has the "practical effect" of an injunction so as to be immediately appealable?

2. Whether a finding that an insurer owes a duty to defend is final and appealable because no subject matter jurisdiction remains to adjudicate the duty to indemnify?

APCIA addresses the first issue in this *amicus* brief.

## SUMMARY OF THE CASE AND FACTS

Northfield filed this action seeking declaratory rulings that it owed no duty to defend or indemnify North Brook Industries, Inc. ("North Brook") in connection with alleged violations of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §1595. The TVPRA suit seeks civil damages against North Brook under the statute's "beneficiary liability" provisions. Whether such TVPRA claims are

3

covered under commercial general liability policies like the one Northfield issued presents novel legal questions and is currently in litigation in multiple courts, including this one.[3]

Northfield agreed to defend North Brook under a reservation of rights and filed this declaratory judgment action for guidance on the coverage question. North Brook moved to dismiss, arguing that (1) Northfield failed to state a claim for declaratory relief as to its duty to defend, and (2) the duty to indemnify is not ripe for adjudication. (Doc. 28, p. 10); *see* Fed.R.Civ.P. 12(b)(6). The district court concluded that Northfield "has a duty to defend" and dismissed the declaratory relief claim. (*Id.*, p. 29.) It held that the indemnity claim is not ripe and stayed the claim in the "interest of judicial economy." *Id.* at 31-32.

In this appeal, Northfield argues that the district court's order is immediately appealable because it is effectively an injunction under 28 U.S.C. § 1292(a)(1). The panel disagreed on the basis that the order does not meet three rigid criteria: (1) it is not an *in personam* order, (2) it is

---

[3] *Liberty Mut. Fire Ins. Co. v. Red Roof Inn*, No. 25-13187 (11th Cir.); *see also Red Roof Inn v. Liberty Mut. Fire Ins. Co.*, No. 26-3281 (6th Cir.); *Peerless Indem. Ins. Co. v. Tilma, Inc.*, No. 25-1980 (4th Cir.).

not enforceable by contempt, and (3) it did not order substantive relief to the insured. (Op., p. 8.)

This petition for en banc review followed.

## ARGUMENT

### I. EN BANC REHEARING IS NEEDED BECAUSE THE PANEL'S DECISION CONFLICTS WITH SUPREME COURT AND ELEVENTH CIRCUIT PRECEDENT AND OVERLOOKS THE "PRACTICAL EFFECT" OF THE TRIAL COURT'S RULING.

#### A. The Panel's Analysis and Application of 1292(a)(1) Conflicts with Precedent of the U.S. Supreme Court and the Eleventh Circuit.

The Panel's analysis conflicts with the U.S. Supreme Court's holdings in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981) and *Abbott v. Perez*, 585 U.S. 579 (2018), as well as this Court's decision in *James River Insurance Company v. Ultratech Special Effects, Inc.*, 22 F.4th 1246 (11th Cir. 2022).

In *Carson*, the Supreme Court held that where an order has the "practical effect" of granting or denying an injunction, it should be treated as such for purposes of interlocutory appeal under 28 U.S.C. § 1292(a)(1). 450 U.S. at 83, 84 (immediate appeal furthers the statutory purpose where it will "permit[s] litigants to effectually challenge interlocutory

5

orders of serious, perhaps irreparable, consequence."). *See also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287-288 (1988). The Court reaffirmed the "practical effects rule" in *Abbott*, holding that courts are to consider the practical effect of an order and not simply whether the technical terms of an injunction have been met, such as the "label attached to the order" or being punishable by contempt. 535 U.S. at 594-595 (applying the analysis to 28 U.S.C. § 1253). To hold otherwise would allow "district courts to shield their orders from appellate review by avoiding the label 'injunction.'" 535 U.S. at 595 (citation omitted).

In *James River*, this Court held that an order declaring that the insurer owed a duty to defend was immediately appealable regardless of whether it contained specific, directive language or was enforceable by contempt. 22 F.4th at 1253 & n. 7.[4] As here, the district court's order resolved the insurer's duty to defend claim on the merits, but stayed the indemnity claim pending resolution of the underlying case. *Id*. at 1252.

---

[4] The Court stated: "James River points out that the order is not expressly enforceable by contempt; however … we doubt that, should James River fail to comply with the order by not paying defense costs, there would be no consequences." *Id.*

This Court held that an order need not explicitly require the insurer "*to pay* the Insured's defense costs" for the ruling to have injunctive effect. *Id*. at 1253. It reasoned that "[b]y entering an order declaring that the Insureds have a right to be defended by James River, the district court made a declaratory judgment akin to an injunction." 22 F.4th at 1253.[5]

Despite the clear instruction from this Court not to rely on the form of the order, the panel did not find appellate jurisdiction because it overlooked the practical effect of the order in the context of liability insurance. The U.S. Supreme Court and this Court have rejected the formulistic approach the panel followed here.

**B.    Viewed in Context of the Liability Insurance System, An Order Finding A Duty to Defend Meets The "Practical Effect" Test Under 1292(a)(1).**

The practical effect of ruling that an insurer owes a "duty to defend" a policyholder is "equivalent to an injunction" under § 1292(a)(1). The

---

[5] *AIX Spec. Ins. Co. v. Everett*, No. 21-12386, 2022 WL 950936, *2, n.3 (11th Cir. March 30, 2022) is in accord. The Court held that the district court's order "plainly met" the "practical effect" standard under §1291(a)(1), stating: "[b]y granting the policyholder's motion for summary judgment and declaring that AIX owes a duty to defend Hollywood in the state court litigation, the order effectively requires AIX to pay Hollywood's defense costs and thus sufficiently resembles an injunction." *Id*.

ruling directs the insurer's current conduct; it provides for an immediate and ongoing obligation to defend the claim against the policyholder. The insurer must typically select and fund defense counsel, control strategic defense decisions, approve or reject settlement offers, and manage defense costs and reserves. In short, a determination that the insurer owes a duty to defend requires the insurer to immediately respond.

The Seventh Circuit's recent decision in *USA Gymnastics v. Liberty Insurance Underwriters, Inc.*, 27 F.4th 499, 507-511 (7th Cir. 2022) is illustrative. The case involved whether an insurer owed a duty to defend lawsuits against USA Gymnastics, Inc. (USAG) arising out of the alleged sexual abuse of hundreds of female athletes. The Seventh Circuit held that the district court's order had the "practical effect" of an injunction because its primary effect was to declare the insurer's duty to defend. The court emphasized the immediate, prospective nature of the ruling and the serious and irreparable harm stemming from the defense obligation and expense. It stated that the "practical effect" test under *Abbott* was met because the order:

> Grant[s] equitable relief, direct[s] the prospective duty to defend with undetermined fees and costs, and result[s] in

8

serious and perhaps irreparable harm warranting immediate review.

*Id.* at 511.

*James River* is in accord. Duty-to-defend rulings against an insurer are immediately appealable under §1292(a)(1) because they are "practical injunctions." 22 F.4th at 1253. *See also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sahlen*, 999 F.2d 1532, 1535 (11th Cir. 1993). In the context of liability insurance, an order that an insurer owes its policyholder the defense of underlying litigation is coercive in nature. If an insurer believes it owes no coverage but defends under a reservation of rights and receives an adverse ruling on the duty to defend, prompt judicial review of the district court's order is critical. Otherwise, the insurer may be incurring substantial expense and providing free defense coverage to the policyholder for an uncovered claim, potentially with no right to recoupment of the defense costs it incurs. *See Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934 (11th Cir. 2023) (predicting the Georgia Supreme Court would not apply principles of unjust enrichment to allow recoupment where insurer provided a defense later determined

not to have been required).[6] This increases the cost of coverage by forcing insurers to anticipate that they will be forced to defend when they were not obligated to do so without an effective avenue for appeal. Post-judgment review is inadequate; defense costs incurred may not be recoverable later even if an appeal determines no defense was owed. Further, control of the defense – selection of counsel, strategy, settlement discussions – cannot be undone.

Unless a right to immediate appeal is recognized under §1292(a)(1), policyholders who are receiving a defense during the pendency of a declaratory judgment action have no incentive to seek a swift determination of coverage. Instead, they would be motivated to seek to stay the coverage action, or to draw out the coverage litigation as long as possible while the underlying litigation proceeds. In a case such as this one, if there were no immediate appeal right from the duty to defend order, a policyholder could, in effect, unfairly create de facto defense

---

[6] APCIA submits that the better-reasoned approach, taken by the majority of courts, is that a right to recoupment exists under the longstanding and widely-accepted equitable doctrines of implied-in-fact contract, quantum meruit, and unjust enrichment, but this Court predicted the Georgia Supreme Court would hold otherwise.

coverage. This too would adversely effect the affordability of coverage, if insurers must factor in the cost of de facto defense coverage without a right of immediate review.

The coercive effect of a district court order imposing a duty to defend is magnified if a settlement demand is made in the underlying litigation. The insurer must respond to that demand in real time, even as it disputes coverage and intends to appeal the duty-to-defend ruling. Under Georgia law, an insurer may face liability for an excess judgment based on a bad-faith or negligent failure to settle within policy limits. *Cotton States Mut. Ins. Co. v. Brightman,* 580 S.E.2d 519 (Ga. 2003).

The lack of an immediate appeal creates a practical dilemma for insurers that claimants can exploit. Faced with the risk of extra-contractual exposure, including through consent judgments, insurers may be pressured into unreasonable settlements to protect the insured. They may also be compelled to fund indemnity payments without any assurance that those amounts will be recoverable if coverage is ultimately rejected on appeal.

In finding there was no appellate jurisdiction here, the panel focused on form over substance. The panel emphasized that the district court refused the declaration Northfield sought, and that "[i]t did not grant North Brook affirmative relief." (Op., p. 8.) In doing so, it overlooked the "practical effect" of the district court's order. The panel acknowledged that the district court "did conclude that 'Northfield has a duty to defend Northbrook [sic] in the [u]nderlying [a]ction.'" (*Id*.) But it then ignored the effect of that *on-the-merits* determination, characterizing it as "simply its reason for finding that Northfield's complaint for a declaration to the contrary failed to state a claim." (*Id*.)

This is not a situation where declaratory relief was refused for procedural, jurisdictional or other non-merits considerations. The court ruled on the merits that Northfield "has a duty to defend." That is the crux of the ruling. That is very much a determination that the insurer owes its policyholder a defense, just as the *James River* ruling was. It thus has the same "practical effect" as the *James River* ruling. Because the district court actually adjudicated the duty to defend question on a motion to dismiss, Northfield was not free to disregard the ruling without

12

facing significant consequences. Just as in *James River,* North Brook might seek a contempt order or other relief in the district court for Northfield's failure to comply.[7]

As in *James River*, the order here is a determination on the merits, it is directed to Northfield, finding it is required to defend, and there would be consequences if Northfield failed to comply. *James River,* 22 F.4th at 1253. Viewed in context, the injunctive nature of the district court's order is clear and the requirements for jurisdiction under §1292(a)(1) are met.

## CONCLUSION

For these reasons, this Court should grant the petition for en banc review and hold that the order on the duty to defend is appealable under §1292(a)(1).

---

[7] At a minimum, in seeking relief, North Brook could seek to rely on the district court's ruling affirmatively through issue preclusion (and potentially claim preclusion).

Dated: June 22, 2026                    Respectfully submitted,


                                        */s/ Laura A. Foggan*

                                        Laura A. Foggan
                                        LAVIN RINDNER DUFFIELD LLC
                                        1717 K St., NW, Ste 900
                                        Washington, D.C. 20006
                                        Telephone: (202) 759-6767
                                        Email:  lfoggan@lrd.law

                                        *Counsel for the American*
                                        *Property Casualty Insurance*
                                        *Association*

14

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that:

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(4) because this brief contains 2,543 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in Microsoft Word in fourteen (14) point Century Schoolbook font.

/s/ *Laura A. Foggan*
Laura A. Foggan

LAVIN RINDNER DUFFIELD LLC
1717 K St., NW, Ste 900
Washington, D.C. 20006
Telephone: (202) 759-6767
Email:  lfoggan@lrd.law

*Counsel for the American*
*Property Casualty Insurance*
*Association*

## CERTIFICATE OF SERVICE

I certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Laura A. Foggan*
Laura A. Foggan